United States District Court
Southern District of Texas
FILED

FEB 2 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ACEROS Y LAMINADOS SIGOSA ,          :
S.A. DE C.V.,                        :
                                     :       B-04-031
                                     :
                         Plaintiff,  :    Civil Action No. _____
                                     :
DUFERCO S.A. and DUFERCO STEEL, INC., :
                                     :
                         Defendants. :
_____:

## NOTICE OF REMOVAL

To:   The United States District Court for the
      Southern District of Texas – Brownsville Division:

Pursuant to 9 U.S.C. §§ 202, 203 and 205 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), defendants Duferco S.A. and Duferco Steel, Inc. hereby file this Notice of Removal of the above-captioned case from the 357th Judicial District Court, Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas – Brownsville Division, and in support of such removal, state as follows:

1.      On or about September 8, 2003, Plaintiff Aceros Y Laminados Sigosa S.A. de C.V. ("Aceros") filed an Original Petition in the 357th Judicial District Court, Cameron County, Texas (the "State Court Action"). This action was docketed as Cause No. 2003-09-4528-E. Service of the Original Petition was not made upon either of the Defendants. (Exhibit A-1)[1]

2.      On or about January 20, 2004, Aceros filed a First Amended Original Petition in the State Court Action. (Exhibit A-2)

---

[1] All documents required by Local Rule 3K are attached with an index as Exhibit A.

3.      On or about February 2, 2004, service of the First Amended Original Petition was made upon CT Corporation, as statutory agent for Defendant Duferco Steel, Inc.

4.      On or about January 30, 2004, a copy of the First Amended Original Petition was served upon the Secretary of State of the State of Texas and, on February 4, 2004, was forwarded by Registered Mail to Duferco S.A. in Lugano, Switzerland.

5.      In Paragraph 4 of its First Amended Original Petition, Aceros alleges that its claims arise out of a contract between Aceros and Duferco S.A. (the "Contract"), a copy of which is annexed thereto as Exhibit A.

6.      Pursuant to Section 15 of the Contract, entitled "ARBITRATION," Aceros and Duferco S.A. agreed as follows:

> THE PARTIES WILL ENDEAVOUR TO THE FULLEST EXTENT TO SETTLE ANY CONTROVERSY ARISING OUT OF THE PRESENT CONTRACT IN AN AMICABLE WAY. IN CASE IT IS NOT POSSIBLE TO FIND AN AMICABLE SETTLEMENT, THEN THE CONTROVERSY WILL BE RESOLVED THROUGH ARBITRATION TO BE CONDUCTED IN ACCORDANCE WITH CONCILIATION AND ARBITRATION RULES OF THE INTERNATIONAL CHAMBER OF COMMERCE. PLACE OF ARBITRATION: GENEVE. THE AWARD OF THE ARBITRATORS SHALL BE FINAL AND BINDING ON THE PARTIES   (the "Agreement to Arbitrate").

7.      At the time of the commencement of this action, Aceros was a corporation organized and existing under the laws of Mexico.

8.      At the time of the commencement of this action, Defendant Duferco S.A. was and is a corporation organized under the laws of Switzerland, with its principal place of business in Lugano, Switzerland.

9.      The Agreement to Arbitrate is an agreement which falls under the Convention in that it arises out of a commercial legal relationship that is not one entirely between citizens of the United States.

10.      Pursuant to § 203 of the Convention, the district courts have original jurisdiction over this action.

11.     Pursuant to §§ 204 and 205 of the Convention, venue is properly within this District in that the State Court Action is pending within this District.

12.     The State Court Action is one which defendants may remove in its entirety to this Court pursuant to 9 U.S.C. § 205.

13.     Written notice of the filing of this Notice of Removal will be given to Plaintiff as required under 28 U.S.C. §1446(d).

14.     A copy of this Notice of Removal will be filed with the Clerk of the 357th Judicial District Court, Cameron County, Texas as required by 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached to this Notice of Removal as Exhibit B.

        Dated: February 20, 2004

                              Respectfully submitted,

                              RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

                              By: _____Norton A Colin_____
                                  Norton A. Colvin, Jr. w/ permission
                                                          McBatou
                              Attorney-in-Charge         SBOT 04631400
                              State Bar No. 04632100
                              Southern Admissions No. 1941
                              1201 East Van Buren
                              Post Office Box 2155
                              Brownsville, Texas 78522
                              (956) 542-7441
                              Fax (956) 541-2170

                              and

                              Robert P. Stein
                              GREENBERG TRAURIG, LLP
                              885 Third Avenue
                              New York, New York 10022-4834
                              (212) 801-2100
                              Fax (212) 688-2449

                              Attorneys for Defendants

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Notice of Removal has been served on February 20, 2004 by certified mail upon counsel of record as follows:

>David C. Garza
>Garza & Garza LLP
>680 East St. Charles Ste. 300
>Brownsville, Texas 78522

Norton A. Colvin, Jr.

RUN DATE 02/20/04
RUN TIME 1:41 PM

* * *   C L E R K ' S   E N T R I E S   * * *

PAGE: 01

2003-09-004528-E

ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V.

VS

DUFERCO, S.A. AND DUFERCO STEEL, INC.

00010601
HON. DAVID C. GARZA
P.O. BOX 2025
BROWNSVILLE, TX.                    78520 0000

00001401
HON. NORTON A. COLVIN, JR.
P.O. BOX 2155
BROWNSVILLE, TX.                    78522 2155

(06)      BREACH OF CONTRACT                    09    08    03

09/08/03    ORIGINAL PETITION FILED
09/11/03    CITATION (CM): DUFERCO STEEL, INC.
            SERVED: UNSERVED          FILED: 10/20/03
09/11/03    CITATION (CM): DUFERCO, S.A.
            SERVED: UNSERVED          FILED:
09/11/03    CITATION (CM): DUFERCO, S.A.
            SERVED: UNSERVED          FILED: 10/23/03
01/20/04    PLTF'S FIRST AMENDED ORIGINAL
            PETITION.
01/21/04    CITATION: DUFERCO STEEL, INC.
            SERVED: 02/02/04          FILED: 02/06/04
01/21/04    CITATION SEC. OF STATE: DUFERCO, S.A.
            SERVED: 01/30/04          FILED: 02/10/04
02/20/04    DEF. DUFERCO S.A.'S SPECIAL APPEARANCE
            TO PRESENT MTN OBJECTING
            TO JURISDICTION UNDER RULE 120A IN
            REGARD TO PLAINTIFF'S
            SECOND AMENDED ORIGINAL PETITION
02/20/04    DEF. DUFERCO S.A.'S MTN TO QUASH
            CITATION IN REGARD TO
            PLAINTIFF'S FIRST AMENDED ORIGINAL
            PETITION SUBJECT TO
            SPECIAL APPEARANCE TO PRESENT MTN
02/20/04    OBJECTING TO JURISDICTION
02/20/04    DEF. DUFERCO S.A.'S ORIGINAL ANSWER IN
            RESPONSE TO PLAINTIFF'S
            FIRST AMENDED ORIGINAL PETITION
02/20/04    SUBJECT TO SPECIAL
            APPEARANCE TO PRESENT MTN
02/20/04    OBJECTING TO JURISDICTION &"

EXHIBIT

A

RUN DATE 02/20/04
RUN TIME 1:41 PM

PAGE: 02

2003-09-004528-E

ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V.

VS

DUFERCO, S.A. AND DUFERCO STEEL, INC.

* * *   C L E R K ' S   E N T R I E S   * * *

00010601
HON. DAVID C. GARZA
P.O. BOX 2025
BROWNSVILLE, TX.          78520 0000

                                                   (06)          BREACH OF CONTRACT

00001401
HON. NORTON A. COLVIN, JR.
P.O. BOX 2155
BROWNSVILLE, TX.          78522 2155

02/20/04                                                                          09    08    03
02/20/04  MTN TO QUASH CITATION
          ORIGINAL ANSWER: DUFERCO STEEL, INC.

IN THE 357th JUDICIAL DISTRICT COURT

CAMERON COUNTY, TEXAS

CAUSE NO. 2003-09-4528-E

| | |
|---|---|
| ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V. § § § | |
| Plaintiff § § | FILED 4 45 O'CLOCK P M<br>AURORA DE LA GARZA DIST. CLERK<br>SEP - 8 2003<br>DISTRICT COURT OF CAMERON COUNTY, TEXAS<br>P Sotelo DEPUTY |
| vs. § § | |
| DUFERCO, S. A. AND DUFERCO STEEL, INC. § § § | |
| Defendants § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Aceros y Laminados Sigosa S.A. de C.V., Plaintiff, and would respectfully show the Court as follows:

1. <u>Discovery Control Plan</u>.   Plaintiff intends to conduct discovery under Level 3 as provided for in Rule 190.4 <u>Texas Rules of Civil Procedure</u>.

2. <u>Parties</u>.   Plaintiff is Aceros Y Laminados Sigosa, S.A. de C.V., a corporation duly incorporated under the laws of Mexico.

Defendant Duferco, S.A. is a foreign corporation, which upon information and belief is not authorized to do business in this state.   Duferco Steel, Inc. is a foreign corporation authorized to do business in this state.   Duferco Steel, Inc. can be served by delivering process to its registered agent in this state, CT Corporation System, 1601 Elm Street, Dallas, Texas 75201.   Duferco, S.A. is engaged in a common enterprise with Duferco Steel, Inc.   Duferco, S.A. can be served by delivering process to the registered agent for Duferco Steel, Inc., C.T. Corporation System, 1601 Elm Street, Dallas, Texas.

3. <u>Jurisdiction and Venue</u>.   This Court has jurisdiction over Duferco Steel, Inc. because it is authorized to do business in this State.   The Court has jurisdiction over Duferco, S.A. because it is engaged in a common enterprise with Duferco Steel, Inc., which involves transactions happening in this state involving commerce.



**EXHIBIT**

A-1



SCANNED

OCT 2 9 2003

The court has jurisdiction over the subject matter of this suit because the contract at issue in this suit was performable, in part, in this state. The amount in controversy exceeds the minimum jurisdictional limit of the court. Venue is appropriate because the contract in question was performed, in part in this county. This is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Therefore, venue is proper in Cameron County.

4. **Contract; Delivery.** Attached as Exhibit "A" is an order confirmation (the "contract") in which Plaintiff was the buyer and the Defendants were the sellers. The contract was for the sale of prime hot rolled steel billets to be delivered to the Port of Brownsville, located within Cameron County, Texas. The prime hot rolled steel billets were, in fact, delivered at the Port of Brownsville, within this state and county, and Plaintiff took possession of the steel in Brownsville, Cameron County, Texas.

5. **Defect in Material.** After receipt of the material and when Plaintiff started rolling the steel billets at mill located in Matamoros, Mexico, Plaintiff discovered that the steel billets were defective and unusable for the purposes for which it was intended. Plaintiff had the material inspected, tested and surveyed. The survey was an international survey certificate as provided for in Exhibit "A." The claims by the Plaintiff were supported by this international survey certificate. The international survey certificate was delivered to Defendants. Plaintiff has provided notice to the Defendants. In addition, the Plaintiff sent a sample of the steel billet to the Defendant Duferco S.A.'s headquarters in Switzerland.

6. **Breach of Warranty.** Plaintiff would show the Court that Defendants warranted that the steel in question would be fit for the ordinary purposes for which steel billets are used, and would be free from defects. Defendants have breached the warranty and Plaintiff has suffered damages as a result.

7. **Damages.** As a result of the breach of warranty, Plaintiff has suffered damages equal to the difference in value between the steel billets delivered and the steel billets had it conformed to the warranty. In addition, Plaintiff has suffered damages for delays, downtime, and the cost of replacing the defective steel billets and the consequential damages. Plaintiff's damages exceed the minimum jurisdictional level of this court.

8. **Arbitration Clause.** As is shown by Exhibit "A", the contract contains a clause (Clause 15), which purports to require Arbitration between the parties. Plaintiff would show the Court that the arbitration clause is not effective against Plaintiff. The clause is ambiguous because it says "the controversy will be resolved through arbitration to be conducted in accordance with the conciliation and arbitration rules of the International Chamber of Commerce." This clause is ambiguous because it says the arbitration will use the rules of the International Chamber of Commerce, but does not say the International Chamber of Commerce will conduct the arbitration. Because the contract was prepared by Defendants and is on Defendants' form, any ambiguity should be resolved in Plaintiff's favor.

9. **Conditions Precedent.** Plaintiff would show that all conditions precedent to its recovery under the contract have been performed or have occurred.

SCANNED

OCT 2 9 2003

10. Attorney's Fees.   Plaintiff sues for reasonable attorney's fees pursuant to Section 38.001, Texas Civil Practice and Remedies Code.

11. Joint Enterprise or Common Enterprise or Venture.   Plaintiff would show the Court that the Defendants are controlled by a common board of directors and common ownership, and that they engaged in the transaction made the subject of this suit as a common enterprise or venture, in which each participated.   Accordingly, Defendants are jointly and severally liable to Plaintiff.

12. Prayer.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that:

    a. Defendants be cited to appear and answer;

    b. Upon trial of this case, Plaintiff be awarded judgment against the Defendants for its damages suffered herein;

    c. Plaintiff recover its reasonable attorney's fees;

    d. Plaintiff recover interest in the amounts permitted by law;

    e. Plaintiff recover its costs of court;

    f. Plaintiff recover general relief.


Respectfully submitted,
ACEROS Y LAMINADOS SIGOSA S.A. de C.V.

By:

DAVID C. GARZA
State Bar ID #07731400
GARZA & GARZA, LLP
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Telephone: (956) 541-4914
Fax: (956) 542-7403
**ATTORNEY FOR PLAINTIFF**

**Duferco**

RV TORGO SA
VIA MEXICO 2
CH-6900 LUGANO SWITZERLAND
BEN CH-93 DY (+41 41 11 36 00)
FDX 841304 DFE CH
TELEX 0041-41 911 37 00
ANT: T marcell, svea

                                    Messrs.
ACEROS Y LAMINADOS —    SIGOSA, S.A. DE C.V.
                                    PROLONGACION AV. UNIONES NC. 100
                                    FRACC. INDUSTRIAL DEL NORTE
                                    H. MATAMOROS, TAM. 87340
                                    MEXICO

                SO 1101001001        MARCH 20, 2002

## ORDER CONFIRMATION

1. **MATERIAL:**      PRIME HOT ROLLED STEEL BILLETS ACCORDING TO GOST STANDARD

2. **QUALITY:**       SGPS ACCORDING TO GOST 380-94 = CHEMICAL COMPOSITION:
                  $C = 0.22 - 0.30$, $Mn = 0.80 - 1.20$, $Si = 0.15$ MAX.

3. **SIZE/LENGTH:**   1,000 MT    150 X 150 MM (+/-3MM) X 10,000 MM (+/- 100MM) (−0 MM)
                  1,000 MT    150 X 150 MM (+/-3MM) X 10,400 MM (+/- 100MM) (−0 MM)
                  2,500 MT    150 X 150 MM (+/-3MM) X 11,200 MM (+/- 100MM) (−0 MM)
                  2,500 MT    150 X 150 MM (+/-3MM) X 11,500 MM (+/- 100MM) (−0 MM)
                  3,000 MT    150 X 150 MM (+/-3MM) X 11,800 MM (+/- 100MM) (−0 MM)
                  10,000 MT
                  5,000 MT    100 X 100 MM (+/-3MM) X 6'000 MM (+/- 100MM) (−0 MM)

4. **TOTAL QUANTITY:**  15,000 MT (+/- 10PCT)

5. **ORIGIN:**        RUSSIA

6. **SHIPMENT:**      MAY / BEGINNING OF JUNE 2002
                  FROM ANY BLACK SEA OR BALTIC SEA PORT

7. **DESTINATION:**   BROWNSVILLE / TAMPICO / ALTAMIRA
                  TEXAS, U.S.A.

8. **MARKING:**       HEAT NO. / SIZE PAINTED ON THE END OF EACH BILLET

9. **PACKING:**       IN BUNDLES OF MAX. 8.5MT – FOR MATERIAL IN SIZE 150X150
                  IN BUNDLES OF MAX. 7MT – FOR MATERIAL IN SIZE 100X100

10. **PRICE:**        188USD/MT  CFR  BROWNSVILLE  FULL  LINER  TERMS  FIRST  PLACE  REST,
                  WHARFAGE PAID

11. **INVOICING:**    ACTUAL WEIGHT SHIPPED

12. **PAYMENT:**      BY IRREVOCABLE AND CONFIRMED LETTER OF CREDIT PAYABLE 45 days
                  FROM B/L DATE  TO BE OPENED WITHIN APRIL 5, 2002 FROM ANY FIRST CLASS MEXICAN
                  BANK AND TO BE ADVISED ON BNP PARIBAS, GENEVA, SWITZERLAND IN
                  FAVOUR OF:



EXHIBIT

A

SCANNED
OCT 2 9 2003

**Duferco**

DUFERCO S.A.
VIA BAGUTTI
6901 LUGANO
SWITZERLAND

DOCUMENTS TO BE PRESENTED:
- COMMERCIAL INVOICE INCLUDING NUMBER OF BUNDLES
- FULL SET OF BILL OF LADING TO THE ORDER OF THE L/C OPENING BANK NOTIFY TO SIGOSA
  PACKING LIST
- CERTIFICATE OF ORIGIN

- LATEST SHIPMENT DATE JUNE 12, 2002
  VALIDITY JULY 3, 2002
- DISCHARGING PORTS ALLOWED:
  BROWNSVILLE TX USA, FOR FINAL DESTINATION MEXICO
- STALE DOCUMENTS ACCEPTABLE
- CHARTER PARTY B/L ACCEPTABLE
- PARTIAL SHIPMENT ALLOWED
- THIRD PARTY DOCUMENTS ACCEPTABLE
- BILL OF LADING CLAUSED "ATMOSPHERIC RUST, STOCKED AT OPEN AREA, UNPROTECTED" OR SIMILAR WORDS ACCEPTABLE
- L/C TO INDICATE "SPELLING OR TYPING ERRORS NOT AFFECTING FIGURES ARE NOT CONSIDERED DISCREPANCIES"
- MILL'S TEST QUALITY CERTIFICATES SHOWING CHEMICAL COMPOSITION OF EACH HEAT TO BE PROVIDED OUTSIDE L/C TO BE SENT TO CUSTOMER VIA AIR COURIER WITHIN 14 DAYS AFTER BILL OF LADING DATE.
- CONFIRMATION COST TO BE FOR SELLER'S ACCOUNT
- T/T REIMBURSEMENT ALLOWED

13. CLAIMS: CLAIMS, DULY SUPPORTED BY INTERNATIONAL SURVEY CERTIFICATES MUST BE PRESENTED FROM BUYER TO SELLER WITHIN 45 DAYS FROM VESSEL'S ARRIVAL AT PORT OF DESTINATION.

A) QUANTITY CLAIM: A FRANCHISE OF +/-0.3% IS ALLOWED: IN CASE OF OVERAGE/SHORTAGE, SELLER/BUYER TO BE COMPENSATED ONLY FOR THE WEIGHT EXCEEDING THE +/-0.3% FRANCHISE. SURVEY REPORT TO BE PRESENTED TO THE SELLER NOTWITHSTANDING SHORTAGE/OVERSHIPMENT WITHIN 0.3% FRANCHISE.

B) QUALITY CLAIM: CLAIMED MATERIAL MUST BE HELD AT SUPPLIER'S DISPOSAL AND ACCESSIBLE FOR INSPECTION.

*Exhibit A*

SCANNED
OCT 29 2003

# Duferco

**14.PROPER LAW:**    THE FORMATION, VALIDITY, CONSTRUCTION AND PERFORMANCE OF THIS CONTRACT ARE GOVERNED BY THE LAWS OF SWITZERLAND.

**15.ARBITRATION:**

THE PARTIES WILL ENDEAVOUR TO THE FULLEST EXTENT TO SETTLE ANY CONTROVERSY ARISING OUT OF THE PRESENT CONTRACT IN AN AMICABLE WAY. IN CASE IT IS NOT POSSIBLE TO FIND AN AMICABLE SETTLEMENT, THEN THE CONTROVERSY WILL BE RESOLVED THROUGH ARBITRATION TO BE CONDUCTED
IN ACCORDANCE WITH CONCILIATION AND ARBITRATION RULES OF THE INTERNATIONAL CHAMBER OF COMMERCE.
PLACE OF ARBITRATION: GENEVE
THE AWARD OF THE ARBITRATORS SHALL BE FINAL AND BINDING ON THE PARTIES.

**16.FORCE MAJEURE:**

THE SELLER AND THE BUYER CANNOT BE HELD RESPONSIBLE FOR ANY DELAY OR FAILURE TO COMPLY WITH THIS CONTRACT AS A RESULT OF STRIKES, FIRES, FLOODS, ACCIDENTS TO TRANSPORTATION OR INSTALLATIONS, EXPLOSIONS, REVOLUTIONS, CIVIL OR MILITARY COMMOTION'S OR ANY OTHER ACCIDENTS OF SIMILAR NATURE. IN CASE OF SUCH CONTINGENCIES, THE PARTY INCAPABLE OF COMPLYING, EITHER PARTIALLY OR TOTALLY, WITH THE DISPOSITIONS OF THIS CONTRACT, SHALL NOTIFY, IN WRITING TO THE OTHER PARTY WITHIN 48 HOURS (NOT COUNTING SATURDAYS, SUNDAYS OR HOLIDAYS) OF ITS OCCURRENCE AND CONFIRM IT WITHIN NEXT 7 DAYS THROUGH A CERTIFICATE ISSUED BY A GOVERNMENT AGENCY OR BY THE LOCAL CHAMBER OF COMMERCE. IN THIS CASE THE TIME OF FULFILMENT OF THE CONTRACT OBLIGATIONS IS EXTENDED FOR THE PERIOD EQUAL TO THAT DURING WHICH SUCH CIRCUMSTANCES LAST.
IN CASE ABOVE CONTINGENCIES LAST OVER 2 MONTHS, THEN THE SELLER AND/OR THE BUYER HAVE THE RIGHT TO TERMINATE THE CONTRACT.
THIS CLAUSE SHALL NOT APPLY TO ANY PAYMENT OBLIGATION OF EITHER OF THE PARTIES.

**17.MISCELLANEOUS**    ANY CHANGES TO THE PRESENT CONTRACT WILL BE BINDING FOR BOTH PARTIES ON CONDITION THEY WERE ACCEPTED IN WRITTEN FORM BY BOTH SIDES. NEITHER PARTY HAS THE RIGHT WITHOUT THE CONSENT OF THE OTHER PARTY TO PASS THE PRESENT CONTRACT TO A THIRD PARTY.
THIS CONTRACT HAS BEEN DRAWN IN ENGLISH LANGUAGE IN TWO ORIGINALS.
IN ALL CORRESPONDENCE BOTH PARTIES SHOULD REFER TO THIS CONTRACT NUMBER.

SIGOSA S.A. DE C.V.
(THE BUYER)

FOR ACCEPTANCE

DUFERCO SA
THE SELLER)

SCANNED

OCT 2 9 2003

IN THE 357th JUDICIAL DISTRICT COURT

CAMERON COUNTY, TEXAS

CAUSE NUMBER: 2003-09-4528-E

| | |
|---|---|
| ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V. | § § § |
| Plaintiff | § |
| vs. | § § § |
| DUFERCO S. A. AND DUFERCO STEEL, INC. | § § |
| Defendants | § § |

FILED _3:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK
JAN 2 0 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Aceros y Laminados Sigosa S.A. de C.V., Plaintiff, and would respectfully show the Court as follows:

1. <u>Discovery Control Plan</u>. Plaintiff intends to conduct discovery under Level 3 as provided for in Rule 190.4 <u>Texas Rules of Civil Procedure</u>.

2. <u>Parties</u>.    (a)    Plaintiff is Aceros Y Laminados Sigosa, S.A. de C.V., a corporation duly incorporated under the laws of Mexico.

(b)    Defendant Duferco S.A. is a foreign corporation, which upon information and belief is not authorized to do business in this state and is organized under the laws of the country of Switzerland. Duferco S.A. can be served by serving the Secretary of State of Texas under the Texas Long Arm statute, Section 17.041, et. seq. of the Texas Civil Practice & Remedies Code, at 1019 Brazos Street, Austin, Texas 78701. Defendant Duferco S.A. may be cited by serving the Secretary of State of Texas, provided that the citation and petition are forwarded by registered mail, return receipt requested, to Defendant Duferco S.A. at its principal home office and addressed as follows:

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION                                                    PAGE 1

c:\legal\Sigosa-Duferco\Plaintiff-First-Amended-Original-Petition



EXHIBIT

tabbies

A-2

Duferco S.A.
Via Bagutti 9
CH. 6900 Lugano
Switzerland

(c)     Duferco Steel, Inc. is a foreign corporation authorized to do business in this state. Duferco Steel, Inc. can be served by delivering process to its registered agent in this state, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3.  Jurisdiction and Venue.   This Court has jurisdiction over Duferco Steel, Inc. because it is authorized to do business in this State.   The Court has jurisdiction over Duferco S.A. because it is engaged in a common enterprise with Duferco Steel, Inc., which involves transactions happening in this state involving commerce.  The Defendant Duferco S.A. is also engaged in business in Texas more particularly described below.  Defendant Duferco S.A. does not maintain a regular place of business in Texas and has no designated agent on whom service of citation may be made in this action.  The cause(s) of action asserted arose from or are connected with purposeful acts committed by the Defendant Duferco S.A. in Texas.  Among other actions, the Defendant Duferco S.A. shipped the steel billets, further identified herein, to Brownsville, Texas, and the discovery of the defective product as further set out herein and the claim duly supported by International Survey Certificate was presented to the buyer after the shipment's arrival at its port of designation in Brownsville, Texas.

The Court also has jurisdiction over the subject matter of this suit because the contract at issue in this suit was performable, in part, in this state.   The amount in controversy exceeds the minimum jurisdictional limits of the Court.

Venue is appropriate because the contract in question was performed, in part in this county. This is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Therefore, venue is proper in Cameron County.

4.  Contract; Delivery.   Attached as Exhibit "A" is an order confirmation (the "contract") in which Plaintiff was the buyer and the Defendant Duferco S.A. was the seller.   The contract was for the sale of prime hot rolled steel billets to be delivered to the Port of Brownsville, located within Cameron County, Texas.   The prime hot rolled steel billets were, in fact, delivered at the Port of Brownsville, within this state and county, and Plaintiff took possession of the steel in Brownsville, Cameron County, Texas.

5.  Defect in Material.   The steel billets were defective and unusable for the purposes for which it was intended.     Plaintiff had the material inspected, tested and surveyed.   The survey was an international survey certificate as provided for in Exhibit "A."  The claims by the Plaintiff are supported by this international survey certificate.  The international survey certificate was delivered to Defendant Duferco S.A.  Plaintiff has provided notice to the Defendants.   In addition, the Plaintiff sent a sample of the steel billet to the Defendant Duferco S.A.'s headquarters in Switzerland.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                                                                 **PAGE 2**

c:\digital\Sigma-Duferco\Plaintiff-First-Amended-Original-Petition

6. <u>Breach of Warranty</u>. Plaintiff would show the Court that Defendants warranted that the steel in question would be fit for the ordinary purposes for which steel billets are used, and would be free from defects. Defendants have breached the warranty and Plaintiff has suffered damages as a result.

7. <u>Damages</u>. As a result of the breach of warranty, Plaintiff has suffered considerable damages of defective finished products transformed in its mills. These finished products were rejected and returned by Plaintiff's customers, causing considerable economic damages and loss of market share to Plaintiff's products. Plaintiff's damages exceed the minimum jurisdictional level of this court.

8. <u>Arbitration Clause</u>. As is shown by Exhibit "A", the contract contains a clause (Clause 15), which purports to require Arbitration between the parties. Plaintiff would show the Court that the arbitration clause is not effective against Plaintiff. The clause is ambiguous because it says "the controversy will be resolved through arbitration to be conducted in accordance with the conciliation and arbitration rules of the International Chamber of Commerce." Without limitation, this clause is ambiguous because it says the arbitration will use the rules of the International Chamber of Commerce, but does not say the International Chamber of Commerce will conduct the arbitration. Because the contract was prepared by Defendants and is on Defendants' form, any ambiguity should be resolved in Plaintiff's favor.

9. <u>Conditions Precedent</u>. Plaintiff would show that all conditions precedent to its recovery under the contract have been performed or have occurred.

10. <u>Attorney's Fees</u>. Plaintiff sues for reasonable attorney's fees pursuant to Section 38.001, <u>Texas Civil Practice and Remedies Code</u>.

11. <u>Joint Enterprise or Common Enterprise or Venture</u>. Plaintiff would show the Court that the Defendants are controlled by a common board of directors and common ownership, and that they engaged in the transaction made the subject of this suit as a common enterprise or venture, in which each participated and/or engaged in a single business enterprise. Accordingly, Defendants are jointly and severally liable to Plaintiff.

12. <u>Prayer</u>. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that:

    a. Defendants be cited to appear and answer;

    b. Upon trial of this case, Plaintiff be awarded judgment against the Defendants for its damages suffered herein;

    c. Plaintiff recover its reasonable attorney's fees;

    d. Plaintiff recover interest in the amounts permitted by law;

e.  Plaintiff recover its costs of court;

f.  Plaintiff recover general relief.

Respectfully submitted,
ACEROS Y LAMINADOS SIGOSA S.A. de C.V.

By: _____

DAVID C. GARZA
State Bar ID #07731400
GARZA & GARZA, LLP
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas 78522-2025
Telephone:  (956) 541-4914
Fax:  (956) 542-7403
**ATTORNEY FOR PLAINTIFF**

**Duferco**



Messrs.
SIGOSA, S.A. DE C.V.
PROLONGACION AV. UNIONES NC. 100
FRACC. INDUSTRIAL DEL NORTE
H. MATAMOROS, TAM. 87340
MEXICO

SO-1301001001     MARCH 20, 2002

## ORDER CONFIRMATION

| | |
|---|---|
| 1.MATERIAL: | PRIME HOT ROLLED STEEL BILLETS ACCORDING TO GOST STANDARD |
| 2.QUALITY: | 3GPS ACCORDING TO GOST 380-94 = Chemical composition: $C = 0.22 - 0.30$, $Mn = 0.80 - 1.20$, $Si = 0.15$ max. |
| 3.SIZE/LENGTH: | 1,000 MT     150 X 150 MM (+/-3MM) X 10,000 MM (+/- 100MM) (-0 MM) |
| | 1,000 MT     150 X 150 MM (+/-3MM) X 10,400 MM (+/- 100MM) (-0 MM) |
| | 2,500 MT     150 X 150 MM (+/-3MM) X 11,200 MM (+/- 100MM) (-0 MM) |
| | 2,500 MT     150 X 150 MM (+/-3MM) X 11,500 MM (+/- 100MM) (-0 MM) |
| | 3,000 MT     150 X 150 MM (+/-3MM) X 11,800 MM (+/- 100MM) (-0 MM) |
| | 10,000MT |
| | 5,000 MT     100 X 100 MM (+/-3MM) X 6000 MM (+/- 100MM) (-0 MM) |
| 4.TOTAL QUANTITY: | 15,000 MT (+/- 10PCT) |
| 5.ORIGIN: | RUSSIA |
| 6.SHIPMENT: | MAY / BEGINNING OF JUNE 2002 FROM ANY BLACK SEA OR BALTIC SEA PORT |
| 7.DESTINATION: | BROWNSVILLE / TAMPICO / ALTAMIRA Texas, U.S.A. |
| 8.MARKING: | HEAT NO. / SIZE PAINTED ON THE END OF EACH BILLET |
| 9.PACKING: | IN BUNDLES OF MAX. 8.5MT – FOR MATERIAL IN SIZE 150X150 IN BUNDLES OF MAX. 7MT - FOR MATERIAL IN SIZE 100X100 |
| 10.PRICE: | 180USD/MT CFR BROWNSVILLE FULL LINER TERMS FIRST PLACE REST. WHARFAGE PAID |
| 11.INVOICING: | ACTUAL WEIGHT SHIPPED |
| 12.PAYMENT | BY IRREVOCABLE AND CONFIRMED LETTER OF CREDIT PAYABLE 45 days TO BE OPENED WITHIN APRIL 8, 2002 FROM ANY FIRST CLASS MEXICAN BANK AND TO BE ADVISED ON BNP PARIBAS / GENEVA, SWITZERLAND IN FAVOUR OF: |

EXHIBIT

**Duferco**


DUFERCO S.A.
VIA BAGUTTI
6901 LUGANO
SWITZERLAND

DOCUMENTS TO BE PRESENTED:
- COMMERCIAL INVOICE INCLUDING NUMBER OF BUNDLES
- FULL SET OF BILL OF LADING TO THE ORDER OF THE L/C OPENING BANK NOTIFY TO SIGOSA
  PACKING LIST
- CERTIFICATE OF ORIGIN

- LATEST SHIPMENT DATE JUNE 12, 2002
  VALIDITY JULY 3, 2002
- DISCHARGING PORTS ALLOWED:
  BROWNSVILLE, TX USA, FOR FINAL DESTINATION MEXICO
- STALE DOCUMENTS ACCEPTABLE
- CHARTER PARTY B/L ACCEPTABLE
- PARTIAL SHIPMENT ALLOWED
- THIRD PARTY DOCUMENTS ACCEPTABLE
- BILL OF LADING CLAUSED "ATMOSPHERIC RUST, STOCKED AT OPEN AREA UNPROTECTED" OR SIMILAR WORDS ACCEPTABLE
- L/C TO INDICATE "SPELLING OR TYPING ERRORS NOT AFFECTING FIGURES ARE NOT CONSIDERED DISCREPANCIES"
- MILL'S TEST QUALITY CERTIFICATES SHOWING CHEMICAL COMPOSITION OF EACH HEAT TO BE PROVIDED OUTSIDE L/C TO BE SENT TO CUSTOMER VIA AIR COURIER WITHIN 14 DAYS AFTER BILL OF LADING DATE.
- CONFIRMATION COST TO BE FOR SELLER'S ACCOUNT
- T/T REIMBURSEMENT ALLOWED

13.CLAIMS:    CLAIMS, DULY SUPPORTED BY INTERNATIONAL SURVEY CERTIFICATES MUST BE PRESENTED FROM BUYER TO SELLER WITHIN 35 DAYS FROM VESSEL'S ARRIVAL AT PORT OF DESTINATION.

A)    QUANTITY CLAIM: A FRANCHISE OF +/-0.3% IS ALLOWED. IN CASE OF OVERAGE/SHORTAGE, SELLER/BUYER TO BE COMPENSATED ONLY FOR THE WEIGHT EXCEEDING THE +/-0.3% FRANCHISE. SURVEY REPORT TO BE PRESENTED TO THE SELLER NOTWITHSTANDING SHORTAGE/OVERSHIPMENT WITHIN 0.3% FRANCHISE.

B)    QUALITY CLAIM: CLAIMED MATERIAL MUST BE HELD AT SUPPLIER'S DISPOSAL AND ACCESSIBLE FOR INSPECTION.

Exhibit A Pg 2

**Duferco**

**14. PROPER LAW:**  THE FORMATION, VALIDITY, CONSTRUCTION AND PERFORMANCE OF THIS CONTRACT ARE GOVERNED BY THE LAWS OF SWITZERLAND.

**15. ARBITRATION:**

THE PARTIES WILL ENDEAVOUR TO THE FULLEST EXTENT TO SETTLE ANY CONTROVERSY ARISING OUT OF THE PRESENT CONTRACT IN AN AMICABLE WAY. IN CASE IT IS NOT POSSIBLE TO FIND AN AMICABLE SETTLEMENT, THEN THE CONTROVERSY WILL BE RESOLVED THROUGH ARBITRATION TO BE CONDUCTED
IN ACCORDANCE WITH CONCILIATION AND ARBITRATION RULES OF THE INTERNATIONAL CHAMBER OF COMMERCE.
PLACE OF ARBITRATION:GENEVE.
THE AWARD OF THE ARBITRATORS SHALL BE FINAL AND BINDING ON THE PARTIES.

**16. FORCE MAJEURE:**

THE SELLER AND THE BUYER CANNOT BE HELD RESPONSIBLE FOR ANY DELAY OR FAILURE TO COMPLY WITH THIS CONTRACT AS A RESULT OF STRIKES, FIRES, FLOODS, ACCIDENTS TO TRANSPORTATION OR INSTALLATIONS, EXPLOSIONS, REVOLUTIONS, CIVIL OR MILITARY COMMOTION'S OR ANY OTHER ACCIDENTS OF SIMILAR NATURE. IN CASE OF SUCH CONTINGENCIES, THE PARTY INCAPABLE OF COMPLYING, EITHER PARTIALLY OR TOTALLY WITH THE DISPOSITIONS OF THIS CONTRACT, SHALL NOTIFY, IN WRITING TO THE OTHER PARTY WITHIN 48 HOURS (NOT COUNTING SATURDAYS, SUNDAYS, OR HOLIDAYS) OF ITS OCCURRENCE AND CONFIRM IT WITHIN NEXT 7 DAYS THROUGH A CERTIFICATE ISSUED BY A GOVERNMENT AGENCY OR BY THE LOCAL CHAMBER OF COMMERCE. IN THIS CASE THE TIME OF FULFILMENT OF THE CONTRACT OBLIGATIONS IS EXTENDED FOR THE PERIOD EQUAL TO THAT DURING WHICH SUCH CIRCUMSTANCES LAST.
IN CASE ABOVE CONTINGENCIES LAST OVER 2 MONTHS, THEN THE SELLER AND/OR THE BUYER HAVE THE RIGHT TO TERMINATE THE CONTRACT. THIS CLAUSE SHALL NOT APPLY TO ANY PAYMENT OBLIGATION, OF EITHER OF THE PARTIES.

**17. MISCELLANEOUS**  ANY CHANGES TO THE PRESENT CONTRACT WILL BE BINDING FOR BOTH PARTIES ON CONDITION THEY WERE ACCEPTED IN WRITTEN FORM BY BOTH SIDES. NEITHER PARTY HAS THE RIGHT WITHOUT THE CONSENT OF THE OTHER PARTY TO PASS THE PRESENT CONTRACT TO A THIRD PARTY. THIS CONTRACT HAS BEEN DRAWN IN ENGLISH LANGUAGE IN TWO ORIGINALS.
IN ALL CORRESPONDENCE BOTH PARTIES SHOULD REFER TO THIS CONTRACT NUMBER.

SIGOSA S.A. DE C.V.
(THE BUYER)

FOR ACCEPTANCE

DUFERCO S.A.
(THE SELLER)


CT System

**Service of Process Transmittal Form**

Dallas, Texas

02/02/2004

Via Federal Express (2nd Day)

TO: Milette Gracin
Baker & McKenzie
805 Third Avenue
New York, NY 10022-0000

RE: **PROCESS SERVED IN TEXAS**

FOR: Duferco Steel Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Aceros Y. Laminados Sigosa, S.A. De C.V. vs Duferco S.A. and Duferco Steel Inc. |
| 2. DOCUMENT(S) SERVED: | Citation, Pltfs First Amended Original Petition, Exhibits |
| 3. COURT: | 357 JDC Cameron Co., TX<br>Case Number 2003094528E |
| 4. NATURE OF ACTION: | Alleging defect in material, breach of warranty in that the steel in question would be fit for the ordinary purposes for which steel billets are used. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 02/02/2004 at 13:20 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after expiration of 20 days |
| 8. ATTORNEY(S): | David C. Garza<br>Garza & Garza LLP<br>680 East St. Charles Ste. 300<br>956/541-4914<br>Brownsville, TX 78522 |

9. REMARKS:

SIGNED    CT Corporation System

PER       Beatrice Casarez /SD
ADDRESS   350 North St. Paul Street
          Dallas, TX 76201
          SOP WS 0006034103

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

**EXHIBIT**

A-3

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

RICEVUTO

0 9 FEB. 2004

x Redaelli

February 4, 2004

Secretary of State

Phone: 512-463-5560
Fax: 512-463-6616
TTY (800) 735-2989
www.sos.state.tx.us

Duferco, S.A.
Via Bagutti 9
Ch 6900 Lugano
Switzerland

| 2004-089444-1 |
| Include reference number in all correspondence |

RE:  Aceros Y Laminados Sigosa, S.A. De C.V. VS Duferco, S.A. And Duferco Steel, Inc.
357th Judicial District Court Of Cameron County, Texas
Cause No: 200309004528E

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by REGISTERED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on January 30, 2004.

REGISTERED MAIL #817866388

Refer correspondence to:

David C. Garza
Garza & Garza, LLP
P O Box 2025
Brownsville, TX 78520

Sincerely,

Helen Lupercio

Helen Lupercio
Supervisor, Citations Unit
Statutory Documents Section

hl/gl
Enclosure



EXHIBIT

A-4

Citation for Personal Service _____   Lit. Seq. # <u>5.003.01</u>

No. <u>2003-09-004528-E</u>

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DUFERCO, S.A.
    VIA BAGUTTI 9
    CH. 6900 LUGANO
    SWITZERLAND

**COPY**

the   DEFENDANT  , BY SERVING IN <u>DUPLICATE</u> COPIES TO THE
SECRETARY OF STATE (STATUTORY DOCUMENTS)
P. O. BOX 12079 AUSTIN, TX  78711-2079 _____, GREETING:

    You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

days after the date of service of this citation before the Honorable District

Court <u>357th</u> Judicial District of Cameron County, Texas at the Courthouse of said

county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on

<u>JANUARY 20, 2004</u> .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2003-09-004528-E</u>.

The style of the case is:

    <u>ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V.</u>
                       <u>VS.</u>
    <u>DUFERCO, S.A. AND DUFERCO STEEL, INC.</u>

Said petition was filed in said court by _____<u>HON. DAVID C. GARZA</u>_____

(Attorney for _____<u>PLAINTIFF</u>_____), whose address is

<u>P.O. BOX 2025 BROWNSVILLE, TX.  78520</u>                          .

    The nature of the demand is fully shown by a true and correct copy of the

Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly mail the same according to

requirements of law, and the mandates thereof, and make due return as the law

directs.

    Issued and given under my hand and seal of said Court at Brownsville,

Texas, this the <u>21st</u> day of <u>JANUARY</u> , A.D. <u>2004</u>.

                           <u>AURORA DE LA GARZA</u> , DISTRICT CLERK
                            Cameron County, Texas
                            974 E. Harrison St.
                            Brownsville, Texas 78521
                  By: <u>Brenda M. Garcia</u> , Deputy

### R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

_____

Sheriff/constable _____ County, TEXAS

By _____ Deputy



FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

FEB 2 0 2004

DISTRICT COURT OF CAMERON COUNTY
_____ DEPUTY

## CAUSE NO. 2003-09-4528-E

| | | |
|---|---|---|
| ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V. | * * * | IN THE DISTRICT COURT |
| VS. | * * | CAMERON COUNTY, TEXAS |
| DUFERCO S.A. and DUFERCO STEEL, INC. | * * | 357th JUDICIAL DISTRICT |

### DEFENDANT DUFERCO S.A.'S SPECIAL APPEARANCE TO PRESENT MOTION OBJECTING TO JURISDICTION UNDER RULE 120A IN REGARD TO PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DUFERCO S.A., improperly joined as one of the Defendants in the above entitled and numbered cause, and makes this Special Appearance pursuant to Rule 120a of the Texas Rules of Civil Procedure for the sole purpose of presenting this Motion objecting to the jurisdiction of this Honorable Court over the person of this Defendant, and in support thereof would show the Court as follows:

### I.

This Special Appearance objecting to the jurisdiction of this Court over this Defendant is made to the entire proceeding filed herein by the Plaintiff.

### II.

This Special Appearance is filed prior to the filing of any other plea, pleading, or motion of this Defendant.

### III.

This Defendant is a corporation duly organized and existing pursuant to the laws of Switzerland. This Defendant is a resident of Switzerland with its principal place of business in Lugano, Switzerland.

### IV.

This Defendant has not had contacts with the State of Texas sufficient to bring it within the jurisdiction of this Court:



**EXHIBIT**

A-5

1.  This Defendant is not incorporated under the laws of the State of Texas, and has never been incorporated under the laws of this state.

2.  This Defendant is not located in the State of Texas, and has never been located in this state.

3.  This Defendant is not a resident of the State of Texas, and has never been a resident of this state.

4.  This Defendant does not have nor has it ever sought authority from the Texas Secretary of State to do business in the State of Texas.

5.  This Defendant does not have and has never had an agent for service of process in the State of Texas.

6.  This Defendant does not maintain any offices or places of business in the State of Texas and has never maintained any offices or places of business in this state.

7.  This Defendant has no employees, servants or agents stationed in the State of Texas, and has never had any employees, servants or agents stationed in this state.

8.  This Defendant is not engaged in doing business in the State of Texas and has never done business in this state.

9.  This Defendant has not committed any tort in whole or in part in the State of Texas.

10. This Defendant has not recruited Texas residents, either directly or through an intermediary located in the State of Texas, for employment inside or outside the State of Texas.

11. This Defendant was not personally served in the State of Texas.

12. This Defendant does not have bank accounts in the State of Texas.

13. This Defendant does not own real estate in the State of Texas.

V.

The assumption of jurisdiction by this Court over this Defendant would offend traditional notions of fair play and substantial justice, depriving this Defendant of due process as guaranteed by the Constitution of the United States. Thus, this Defendant is not amenable to process issued by the Courts of this state.

## VI.

In addition to the matters set forth above, there is an additional reason that this Court does not possess personal jurisdiction over this Defendant, and that is because Plaintiffs did not comply with the provisions of the Convention of the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (hereinafter the "Hague Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638, reprinted in 28 U.S.C.A. Fed. R. Civ. P. 4, at 210 (West Supp. 1992).

The Convention is an international treaty which has been entered into both by the United States and by Switzerland. (A true and correct copy of the Hague Convention is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes.) The purpose of the Hague Convention is to provide certain standard procedures by which a plaintiff in one signatory country can obtain service of process in another signatory country. In pertinent part, the Hague Convention provides as follows:

> Article 1.   The present convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad . . .
>
> Article 2.   Each contracting State shall designate a Central Authority which will undertake to receive the requests for service coming from other contracting States . . .
>
> Article 3.   The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalization or other equivalent formality. The document to be served or a copy thereof shall be annexed to the request . . .
>
> Article 5.   The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either – (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or (b) by a particular method requested by the applicant, unless

such a method is incompatible with the law of the state addressed . . .

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

In the case of Switzerland, the Central Authority for service on Duferco S.A. is Il Tribunale de Appello of Lugano; it is to this official that service of process from the United States must be addressed. Pursuant to Article 5 of the Hague Convention, Switzerland has indicated that service will be permissible only if the document to be served is translated into either the German, French, or Italian language, depending on the Canton where service is to be effected. Duferco S.A. is located in the Canton of Ticino, and the document to be served was required to be translated into Italian.

An examination of the above provisions makes clear that service of process upon the Defendant in this case was defective in at least two particulars:

1.    The documents to be served were not sent to Il Tribunale de Appello of Lugano for transmittal to Duferco S.A.

2.    The documents to be served were not translated into the Italian language.

Article VI, Clause 2 of the United States Constitution provides as follows:

This Constitution, and the Law of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding.

Therefore, despite the provisions of the Texas Rules of Civil Procedure as to the service of process on a non-resident defendant, this Defendant is entitled to be served according to the provisions of the Hague Convention, a treaty duly signed by the United States Government.

Since Plaintiff did not follow the Hague Convention in attempting to have process served on this Defendant, the service was wholly ineffective, and therefore, this Court has not acquired personal jurisdiction over this Defendant.

VII.

In summary, this Court lacks personal jurisdiction over this Defendant for two distinct reasons:

1.   This Defendant has not had contacts with the State of Texas sufficient to bring it within the jurisdiction of this Court.

2.   Irrespective of its contacts with this state, this Defendant has not been served with process pursuant to the requirements of the treaty obligations of the United States.

WHEREFORE, this Defendant prays that it be allowed to make a Special Appearance before this Court, that a hearing be held on this Motion, that this Motion be granted, that Plaintiff's action against this Defendant be dismissed for want of jurisdiction, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By:  _Norton A Colvin_
      Norton A. Colvin, Jr. *by permission*
State Bar No. 04632100    *M Cardwell*
1201 East Van Buren     SBOT 04631400
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

and

Robert P. Stein
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022-4834
(212) 801-2100
Fax (212) 688-2449

ATTORNEYS FOR DEFENDANT,
DUFERCO S.A.

## CAUSE NO. 2003-09-4528-E

| | | |
|---|---|---|
| ACEROS Y LAMINADOS SIGOSA, | * | IN THE DISTRICT COURT |
| S.A. DE C.V. | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| DUFERCO S.A. and DUFERCO | * | |
| STEEL, INC. | * | 357th JUDICIAL DISTRICT |

### AFFIDAVIT

STATE OF TEXAS      *

               *

COUNTY OF CAMERON    *

FILED_____ O'CLOCK ____M
AURORA DE LA GARZA DIST. CLERK

FEB ? 6 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

I, Norton A. Colvin, Jr., being duly sworn, depose and say:

"1. I am over 18 years of age, have never been convicted of a crime, and am competent to make this affidavit. The factual statements in this affidavit are based on my personal knowledge and are true and correct.

2. I am an attorney licensed to practice in the State of Texas and work with the law firm of Rodriguez, Colvin, Chaney & Saenz, L.L.P. in Brownsville, Texas, which firm is counsel of record for Duferco S.A., a Defendant in the above referenced matter. The said Defendant does not have an office or representative in the State of Texas, where this action is pending. I am authorized by said Defendant to execute this affidavit on its behalf. I have read the foregoing Special Appearance to Present Motion Objecting to Jurisdiction Under Rule 120a and know the contents thereof. The factual statements contained therein are based upon information supplied by said Defendant and are true and correct to the best of my knowledge, information and belief."

_____
Norton A. Colvin, Jr.

BEFORE ME, the undersigned authority, on this day personally appeared Norton A. Colvin, Jr., who identified himself to me and who, after being duly sworn, stated to me that the statements herein are true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME this the 20th day of February, 2004.

Notary Public in and for
The State of Texas

FILED
AURORA DE LA GARZA DIST. CLERK

FEB 2 0 2004

## DEFENDANT DUFERCO S.A.'S MOTION TO QUASH CITATION IN REGARD TO PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION SUBJECT TO SPECIAL APPEARANCE TO PRESENT MOTION OBJECTING TO JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to the foregoing Special Appearance to Present Motion Objecting to Jurisdiction Under Rule 120a in Regard to Plaintiff's Second Amended Original Petition, and without waiving same, comes now DUFERCO S.A. improperly joined as one of the Defendants in the above entitled and numbered cause, and files this its Motion to Quash Citation in Regard to Plaintiff's First Amended Original Petition, and in support thereof would show the Court as follows:

I.

Defendant is a corporation duly organized and existing pursuant to the laws of Switzerland, with its principal place of business in Lugano, Switzerland. Assuming that it would be amenable to process issued by a court in the State of Texas, which Defendant denies, such process would be required to be issued pursuant to the Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (hereinafter referred to as the "Hague Convention"). (A full and complete copy of the Hague Convention is attached hereto as Exhibit "A".) Both the United States and Switzerland are signatories to the Hague Convention, which prescribes in detail the way in which process may be issued from a court in one country to a defendant in another.

II.

In pertinent part, the Hague Convention provides as follows:

> Article 1.    The present convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad . . .

Article 2.    Each contracting State shall designate a Central Authority which will undertake to receive the requests for service coming from other contracting States . . .

Article 3.    The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalization or other equivalent formality. The document to be served or a copy thereof shall be annexed to the request . . .

Article 5.    The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either − (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the state addressed . . .

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

## III.

In the case of Switzerland, the Central Authority for service on Duferco S.A. is Il Tribunale de Appello of Lugano; it is to this official that service of process from the United States must be addressed.  Pursuant to Article 5 of the Hague Convention, Switzerland has indicated that service will be permissible only if the document to be served is translated into either the German, French, or Italian language, depending on the Canton where service is to be effected.  Duferco S.A. is located in the Canton of Ticino, and the document to be served was required to be translated into Italian.

In other words, service of process upon the Defendant in this case was defective in at least two particulars:

1.    The documents to be served were not sent to Il Tribunale de Appello of Lugano for transmittal to Duferco S.A.

2.     The documents to be served were not translated into the Italian language.

IV.

Article VI, Clause 2 of the United States Constitution provides as follows:

> This Constitution, and the Law of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding.

Therefore, despite the provisions of the Texas Rules of Civil Procedure as to the service of process on a non-resident defendant, this Defendant is entitled to be served according to the provisions of the Hague Convention, a treaty duly signed by the United States Government.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that a hearing be held on this Motion, that this Motion be granted, that citation on this Defendant be quashed, and that this Defendant receive such other and further relief to which it may be justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
      Norton A. Colvin, Jr. *w permission*
State Bar No. 04632100
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

and

Robert P. Stein
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022-4834
(212) 801-2100
Fax (212) 688-2449

ATTORNEYS FOR DEFENDANT,
DUFERCO S.A.

FILED
AURORA DE LA GARZA

FEB 2 6 2004

**DEFENDANT DUFERCO S.A.'S ORIGINAL ANSWER IN RESPONSE TO
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION SUBJECT TO SPECIAL
APPEARANCE TO PRESENT MOTION OBJECTING TO JURISDICTION AND
MOTION TO QUASH CITATION**

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to the foregoing Special Appearance to Present Motion Objecting to
Jurisdiction Under Rule 120a in Regard to Plaintiff's First Amended Original Petition,
and without waiving same, and subject to the foregoing Motion to Quash Citation in
Regard to Plaintiff's First Amended Original Petition, and without waiving same, comes
now DUFERCO S.A., improperly joined as one of the Defendants in the above entitled
and numbered cause, and files this its Original Answer to Plaintiff's First Amended
Original Petition, and in support thereof would show the Court as follows:

I.

GENERAL DENIAL

Defendant Duferco S.A. herein avails itself of the opportunity provided by Rule
92 of the Texas Rules of Civil Procedure to file a general denial herein; and in
compliance with said Rule, Defendant denies each and every, all and singular, the
material allegations contained in Plaintiff's live pleading, and states that these are matters
that should be proven by Plaintiff as required by law; and Defendant would require
strict proof thereof.

II.

AFFIRMATIVE DEFENSE

2.01   For further answer, if such be necessary, and pleading in the alternative,
Defendant further affirmatively alleges that Plaintiff's claims arise out of a written
contract of sale dated March 20, 2002, which contract contains an arbitration clause;
and therefore, this cause should be dismissed in favor of arbitration.

WHEREFORE, Defendant prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
Norton A. Colvin, Jr. w/ permission
State Bar No. 04632100
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

and

Robert P. Stein
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022-4834
(212) 801-2100
Fax (212) 688-2449

ATTORNEYS FOR DEFENDANT,
DUFERCO S.A.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record, to-wit:

> David C. Garza
> Garza & Garza, LLP
> 680 East St. Charles, Suite 300
> Post Office Box 2025
> Brownsville, Texas 78522-2025
> Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 20th day of February, 2004.

Norton A. Colvin, Jr.

*forwards the*
*role in the*

Conference
ts Limitation
rules); state-
Hearings on
al Procedure
e Committee
minal rules);
mbard, id. at
urt Rulemak-
Rulemaking

osed amend-
re Rules and
istrict Courts
s Code, took

. See Presi-
kly Comp. of

party who is
re the district
tatute or rule
This would
provided for

als Service in
as' thwarting
Appendix II,

al Robert A.

69(b) because
federal court
. 7154 super-
ucing the role

all not be the
ult unless the
the defendant
by the defen-
ie Committee

of delivery in
doubtedly the
nes the fairest
ince a default
spond. to the
to answer the
gment can be
sed subsection
e within 120
: "on the date
as unclaimed "

, in particular,
of mail service
sult in default
use Report No.

s is frequently

ied service for
tion could be
service for the

purpose of entry of a default judgment against the defendant. See note 8 supra.

13 The law governing the tolling of a statute of limitation depends upon the type of civil action involved. In a diversity action, state law governs tolling. *Walker v. Armco Steel Corp.,* 446 U.S. 740 (1980). In *Walker,* plaintiff had filed his complaint and thereby commenced the action under Rule 3 of the Federal Rules of Civil Procedure within the statutory period. . He did not, however, serve the summons and complaint until after the statutory period had run. The Court held that state law (which required both filing and service within the statutory period) governed, barring plaintiff's action.

In the federal question action, the courts of appeals have generally held that Rule 3 governs, so that the filing of the complaint tolls a statute of limitation. *United States v. Wahl,* 538 F.2d 285 (6th Cir. 1978); *Windbrooke Dev. Co. v. Environmental Enterprises Inc. of Fla.,* 524 F.2d 461 (5th Cir. 1975); *Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300 (10th Cir. 1971); *Moore Co. v. Sid Richardson Carbon & Gasoline Co.,* 347 F.2d 921 (8th Cir.), cert. denied, 383 U.S. 925, reh. denied, 384 U.S. 914 (1965); *Hoffman v. Halden,* 268 F.2d 280 (9th Cir. 1959). The continued validity of this line of cases, however, must be questioned in light of the *Walker* case, even though the Court in that case expressly reserved judgment about federal question actions, *see Walker v. Armco Steel Corp.,* 446 U.S. 741, 751 n.11 (1980).

14 The same result obtains even if service occurs within the 120 day period, if the service occurs after the statute of limitation has run.

15 See p. 19 infra.

16 See p. 17 infra.

17 Rule 45(c) provides that "A subpoena may be served by the marshal, his deputy, or by any other person who is not a party and is not less than 18 years of age."

18 Some litigators have voiced concern that there may be situations in which personal service by someone other than a member of the Marshals Service may present a risk of injury to the person attempting to make the service. For example, a hostile defendant may have a history of injuring persons attempting to serve process. Federal judges undoubtedly will consider the risk of harm to private persons who would be making personal service when deciding whether to order the Marshals Service to make service under Rule 4(c)(2)(B)(iii).

19 The methods of service authorized by Rule 4(c)(2)(C) may be invoked by any person seeking to effect service. Thus, a nonparty adult who receives the summons and complaint for service under Rule 4(c)(1) may serve them personally or by mail in the manner authorized by Rule 4(c)(2)(C)(ii). Similarly, the Marshals Service may utilize the mail service authorized by Rule 4(c)(2)(C)(ii) when serving a summons and complaint under Rule 4(c)(2)(B)(i)(iii). When serving a summons and complaint under Rule 4(c)(2)(B)(ii), however, the Marshals Service must serve in the manner set forth in the court's order. If no particular manner of service is specified, then the Marshals Service may utilize Rule 4(c)(2)(C)(ii). It would not seem to be appropriate, however, for the Marshals Service to utilize Rule 4(c)(2)(C)(ii) in a situation where a previous attempt to serve by mail failed. Thus, it would not seem to be appropriate for the Marshals Service to attempt service by regular mail when serving a summons and complaint on behalf of a plaintiff who is proceeding in forma pauperis if that plaintiff previously attempted unsuccessfully to serve the defendant by mail.

20 To obtain service by personnel of the Marshals Service or some-one specially appointed by the court, a plaintiff who has unsuccessfully attempted mail service under Rule 4(c)(2)(C)(ii) must meet the conditions of Rule 4(c)(2)(B)—for example, the plaintiff must be proceeding *in forma pauperis.*

21 For example, the sender must state the date of mailing on the form. If the form is not returned to the sender within 20 days of that date, then the plaintiff must serve the defendant in another manner and the defendant may be liable for the costs of such service. Thus, a defendant would suffer the consequences of a misstatement about the date of mailing.

22 See p. 12 supra.

23 The 120 day period begins to run upon the filing of each complaint. Thus, where a defendant files a cross-claim against the plaintiff, the 120 day period begins to run upon the filing of the cross-complaint, not upon the filing of the plaintiff's complaint initiating the action.

24 The person who may move to dismiss can be the putative defendant (i.e., the person named as defendant in the complaint filed with the court) or, in multi-party actions, another party to the action. (If the putative defendant moves to dismiss and the failure to effect service is due to that person's evasion of service, a court should not dismiss because the plaintiff has "good cause" for not completing service.)

25 See Cal.Civ.Pro. § 415.30 (West 1973).

26 See p. 16 supra.

## CONVENTIONS

### CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

### Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

## CHAPTER I—JUDICIAL DOCUMENTS
### Article 2

Each contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States and to proceed in conformity with the provisions of articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

### Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

### Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

**Complete Annotation Materials, see Title 28 U.S.C.A.**

55

**EXHIBIT**

tabbies

A

Rule 4            RULES OF CIVIL PROCEDURE

## Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either—

(a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

(b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph (b) of the first paragraph of this article, the document may always be served by delivery to an addressee who accepts it voluntarily.

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

## Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

## Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.

The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

## Article 8

Each contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.

Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

## Article 9

Each contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another contracting State which are designated by the latter for this purpose.

Each contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

## Article 10

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by—

(a) the employment of a judicial officer or of a person competent under the law of the State of destination,

(b) the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that—

(a) the
the intern
documents
its territor

(b) the d
or to his r
Convention

and that in
was effecte
defend.

Each co
judge, notw
of this arti
service or
conditions a

(a) the c
provided fo

(b) a per
adequate b
since the da

(c) no c
though eve
through the

Notwiths
graphs the
sional or pr

When a w
be transmit
provisions
been entere
judge shall
effects of t
judgment if

(a) the c
have knowl
or knowled
and

(b) the d
the action o

An applic
able time a
ment.

Each cor
will not be
time to be
case be les
ment.

This artic
or capacity

## CHAPTE

Extrajudi
judicial offi
the purpose
methods an

(a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

(b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled—

(a) the document was transmitted by one of the methods provided for in this Convention,

(b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

(c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

### Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled—

(a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

(b) the defendant has disclosed a *prima facie* defense to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This article shall not apply to judgments concerning status or capacity of persons.

## CHAPTER II—EXTRAJUDICIAL DOCUMENTS

### Article 17

Extrajudicial documents emanating from authorities and judicial officers of a contracting State may be transmitted for the purpose of service, in another contracting State by the methods and under the provisions of the present Convention.

## CHAPTER III—GENERAL CLAUSES

### Article 18

Each contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.

The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.

Federal States shall be free to designate more than one Central Authority.

### Article 19

To the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

### Article 20

The present Convention shall not prevent an agreement between any two or more contracting States to dispense with—

(a) the necessity for duplicate copies of transmitted documents as required by the second paragraph of article 3,

(b) the language requirements of the third paragraph of article 5 and article 7,

(c) the provisions of the fourth paragraph of article 5,

(d) the provisions of the second paragraph of article 12.

### Article 21

Each contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following—

(a) the designation of authorities, pursuant to articles 2 and 18,

(b) the designation of the authority competent to complete the certificate pursuant to article 6,

(c) the designation of the authority competent to receive documents transmitted by consular channels, pursuant to article 9.

Each contracting State shall similarly inform the Ministry, where appropriate, of—

(a) opposition to the use of methods of transmission pursuant to articles 8 and 10,

(b) declarations pursuant to the second paragraph of article 15 and the third paragraph of article 16,

(c) all modifications of the above designations, oppositions and declarations.

### Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905 [99 BFSP 990], and on 1st March 1954 [286 UNTS 265], this Convention shall replace as between them articles 1 to 7 of the earlier Conventions.

Rule 4        RULES OF CIVIL PROCEDURE

## Article 23

The present Convention shall not affect the application of article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.

These articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

## Article 24

Supplementary agreements between parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

## Article 25

Without prejudice to the provisions of articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the contracting States are, or shall become, Parties.

## Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.

It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

## Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of article 26.

The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

## Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

## Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration

shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

## Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other contracting States.

## Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in article 26, and to the States which have acceded in accordance with article 28, of the following—

(a) the signatures and ratifications referred to in article 26;

(b) the date on which the present Convention enters into force in accordance with the first paragraph of article 27;

(c) the accessions referred to in article 28 and the dates on which they take effect;

(d) the extensions referred to in article 29 and the dates on which they take effect;

(e) the designations, oppositions and declarations referred to in article 21;

(f) the denunciations referred to in the third paragraph of article 30.

IN WITNESS WHEREOF the undersigned, being duly authorised thereto, have signed the present Convention.

DONE at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of The States represented at the Tenth Session of the Hague Conference on Private International Law.

[Signatures omitted.]

### Service of Documents Convention
### ANNEX TO THE CONVENTION

Forms *

* These forms may be obtained from the Offices of United States Marshals.

### REQUEST
### FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

**Convention on the service abroad of judicial and extra-judicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

Identity and address of the applicant

Address of receiving authority

The undersigned applicant has the honour to transmit—in duplicate—the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.

(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.

The authority is requested to return or to have returned to the applicant a copy of the documents—and of the annexes*—with a certificate as provided on the reverse side.

*List of documents*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Done at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,
the . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Signature and/or stamp.
* Delete if inappropriate.

### *Reverse of the request*
### CERTIFICATE

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
1) that the document has been served *
— the (date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
— at (place, street, number) . . . . . . . . . . . . . . . . . . . . . . . . . . . .

— in one of the following methods authorised by article 5—

(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.

(b) in accordance with the following particular method *: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(c) by delivery to the addressee, who accepted it voluntarily*.

The documents referred to in the request have been delivered to:
—(identity and description of person) . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
—relationship to the addressee (family, business or other) .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2) that the document has not been served, by reason of the following facts*:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement *.
*Annexes*
Documents returned: . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

In appropriate cases, documents establishing the service:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Done at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,
the . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Signature and/or stamp.
*Delete if inappropriate.

### SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, the 15th of November 1965.

(article 5, fourth paragraph)

Name and address of the requesting authority: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Particulars of the parties*:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### JUDICIAL DOCUMENT **

Nature and purpose of the document:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Nature and purpose of the proceedings and, where appropriate, the amount in dispute: . . . . . . . . . . . . . . . . . . . . . . . . . . .
Date and place for entering appearance**:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Rule 4                    RULES OF CIVIL PROCEDURE

Court which has given judgment **:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Date of judgment **: . . . . . . . . . . . . . . . . . . . . . . .
Time limits stated in the document **:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### EXTRAJUDICIAL DOCUMENT **

Nature and purpose of the document:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Time limits stated in the document **:
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   * If appropriate, identity and address of the person interested in
the transmission of the document.
   ** Delete if inappropriate.

   Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters.  Done at The Hague November 15, 1965;  entered into force for the United States February 10, 1969.  20 UST 361;  TIAS 6638;  658 UNTS 163.  States which are parties:

Antigua and Barbuda [1]
Barbados [1a]
Belgium [2]
Botswana [2a2]
Canada [3]
China [3a]
Cyprus [3b]
Czech Republic [3c]
Denmark [4]
Egypt [5]
Estonia [5a]
Finland [6]
France [7]
Federal Republic of Germany [7a]
Greece [7b]
Ireland [7c]
Israel [8]
Italy [8a]
Japan [9]
Latvia
Luxembourg [9a]
Malawi [10]
Netherlands [10a]
Norway [11]
Pakistan [11a]
Poland [11b]
Portugal [11c]
Seychelles [11d]
Slovak Republic [11e]
Spain [11f]
Sweden [12]
Switzerland [12a]
Turkey [13]
United Kingdom [14]
United States [15]

Venezuela [16]

   [1] *Notification in conformity with Article 31 of the Convention*

   By note of 1 May 1985, received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 17 May 1985, the Government of Antigua and Barbuda informed the Ministry of Foreign Affairs it does consider itself bound by the abovementioned Convention, declared applicable to Antigua by the Government of the United Kingdom of Great Britain and Northern Ireland on 20 May 1970.

   *Notification in conformity with Article 31, letter e, of the Convention*

   The Government of Antigua and Barbuda informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands by Note of 2 May 1986 that as the authority referred to in Article 21 has been designated:

   The Registrar-Eastern Caribbean Supreme Court.

   *Notification in conformity with Article 31, letter e, of the Convention*

   Rectification of the Notifications *Judicial and Extrajudicial Documents Nos. 2 and 3/ 1987* of 14 July 1987 and 28 August 1987.

   The competent authorities under Article 21 of the above-mentioned Convention, designated by the Government of Antigua and Barbuda, are:

   a) The Governor-General, Antigua and Barbuda;

   b) The Registrar of the High Court of Antigua and Barbuda, St. John's, Antigua.

                              The Hague, 18 November 1987

   *Notification in conformity with Article 31, paragraph e, of the Convention*

   Referring to the extension of the Convention in 1970 to Hong Kong and the designation of the Central Authority for Hong Kong the Government of the United Kingdom of Great Britain and Northern Ireland informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands by letter of 3 May 1984 that "the Colonial Secretary of Hong Kong" has been re-designated as "the Chief Secretary of Hong Kong".  Requests for documents to be served in Hong Kong should be addressed accordingly.

   [1a] With the following declaration:

   "The Government of Barbados has designated the Registrar of the Supreme Court of Barbados as the Central Authority for the purposes of Articles 2 and 18, in accordance with the provisions of Article 21 of the Convention."

   [2] With the following declaration:

   "1.  In conformity with the first paragraph of Article 2 of the Convention, the Ministry of Justice, Administration de la Législation, Place Poelaert, 4, 1.000 Brussels is designated as the Central Authority;

   "2.  The Ministry of Justice is also designated as the competent authority to receive documents forwarded by the channels provided for in the first paragraph of Article 9 of the Convention;

   "3.  The Belgian Government is opposed to use being made within its territory of the freedom to effect service provided for in the first paragraph of Article 8;

   "4.  The Belgian Government declares that it will avail itself of the provision contained in the second paragraph of Article 15;

   "5.  In conformity with the third paragraph of Article 16, the Belgian Government declares that the applications mentioned in the second paragraph of Article 16 will not be entertained if they are filed after the expiration of a period of one year following the date of the judgment;

   "6.  The Belgian Government believes it should draw attention to the fact that any request for the service of documents made under sections a) or b) of the first paragraph of Article 5 requires the agency of a process-server (huissier de justice) and that the resulting costs should be reimbursed in conformity with Article 12 of the Convention."

   [2a] With the following declaration:

   "1.  Pursuant to the first paragraph of Article 2 of the Convention the Minister of State in the Office of the President of the Republic of

Botswana has been designated the Central Authority to receive requests for service from other contracting states. . .

"2. The Registrar of the High Court of Botswana is designated as the authority competent to complete the certificate in the form of the Model annexed to the Convention pursuant to the first paragraph of Article 6.

"3. In accordance with the provisions of Article 9 of the Convention the Minister of State in the Office of the President is designated as the receiver of process sent through Consular channels.

"4. It is declared that the Government of Botswana objects to the method of service referred to in sub-paragraphs (b) and (c) of Article 10.

"5. It is declared that a judge of the High Court of Botswana may give judgment if all the conditions specified in paragraph 2 of Article 15 are fulfilled."

All documents forwarded for service must be in duplicate and written in or translated into the English language.

*3 Notification in conformity with Article 31, paragraph c, of the Convention*

Canada deposited its instrument of accession to the above-mentioned Convention with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 26 September 1988 in accordance with Article 28, paragraph 1.

The States which have ratified the Convention were notified by the Dutch Government of the accession on 29 September 1988. Since none of these States raised an objection to the accession within the period of six months specified in Article 28, paragraph 2, the said accession became perfect on 10 April 1989.

In accordance with Article 28, paragraph 3, the provisions of the Convention will enter into force for Canada on 1 May 1989.

A copy of the document transmitted by Canada and containing the designations and declarations referred to in Article 21 of the Convention is attached to this Notification.

## CANADA

A. *Transmission and execution of requests for service*
1. Central Authority
   (Article 2 and Article 18, paragraph 3)
   —comment: To save time, requests should be forwarded directly to the Central Authority of the province or territory concerned. They may, however, also be forwarded to the Federal Central Authority which will transmit them to the relevant Central Authority.

*Alberta*
name:       Attorney-General for Alberta
            Att: Executive Director—Court Services
address:    9833–109th Street
            Edmonton, Alberta
            Canada T5K 2E8
telephone:  (403) 427–4992
*British Columbia*
name:       Ministry of the Attorney-General
            for British Columbia
            Office of the Deputy Minister
address:    Fifth Floor, 910 Government Street
            Victoria, British Columbia
            Canada V8V 1X4
telephone:  (604) 387–5211
*Manitoba*
name:       Attorney-General for Manitoba
            c/o Director—Civil Legal Services
address:    Woodsworth Building
            6th Floor
            405 Broadway

            Winnipeg, Manitoba
            Canada, R3C 0V8
telephone:  (204) 945–2847
*New Brunswick*
name:       Attorney-General for New Brunswick
address:    P.O. Box 6000
            Fredericton, New Brunswick
            Canada, E3B 5H1
telephone:  (506) 453–2208
*Newfoundland*
name:       Department of Justice
address:    Confederation Building
            St. John's, Newfoundland
            Canada A1C 5T7
telephone:  (709) 576–2869
*Nova Scotia*
name:       Attorney General of Nova Scotia
            Legal Services Division
address:    P.O. Box 7
            Halifax, Nova Scotia
            B3J 2L6
telephone:  (902) 424–4024
*Ontario*
name:       Ministry of the Attorney General for Ontario
            Reciprocity Office: Civil Law Division
address:    18 King Street East
            Toronto, Ontario
            Canada M5C 1C5
telephone:  (416) 965–2570
*Prince Edward Island*
name:       Attorney General of Prince Edward Island
            Office of the Deputy Minister
address:    P.O. Box 2000
            Charlottetown, Prince Edward Island
            Canada C1A 7N8
telephone:  (902) 368–4570
*Québec*
name:       Ministre de la Justice du Québec
            a/s Le service juridique
address:    1200 route de l'Église
            5ème étage
            Ste-Foy, Québec
            Canada G1V 4M1
telephone:  (418) 643–1436
*Saskatchewan*
name:       Minister of Justice for Saskatchewan
            Att. of Director of Sheriff Services
address:    1874 Scarth St., 10th Floor
            Regina, Saskatchewan
            Canada S4P 3V7
telephone:  (306) 787–5488
*Yukon*
name:       Director of Court Services
address:    Department of Justice,
            Box 2703
            Whitehorse, Yukon Y1A 2C6
telephone:  (403) 667–5942
*Northwest Territories*
name:       Deputy Minister of Justice
            Government of the Northwest Territories
address:    Box 1320
            Yellowknife, Northwest Territories
            Canada X1A 2L9
telephone:  (613) 995–0119

**Rule 4**                    RULES OF CIVIL PROCEDURE

*Canada*
name:        Director, Legal Advisory Division
             Department of External Affairs
address:     125 Sussex Drive
             Ottawa, Ontario
             Canada K1A 0G2
telephone:  (613) 995–0119
Payment of Service Costs:
   The payment of Service costs should be made to:
Alberta:              Provincial Treasurer of Alberta
British Columbia:     Minister of Finance of British Co-
                      lumbia
Prince Edward Island: Minister of Finance of Prince Ed-
                      ward Island
Manitoba:             Minister of Finance of Manitoba
New Brunswick:        Minister of Finance of New Bruns-
                      wick
Nova Scotia:          Minister of Finance of Nova Scotia
Ontario:              Treasurer of Ontario
Quebec:               "Ministre des Finances du Québec"
Saskatchewan:         Department of Justice of Saskatch-
                      ewan—Sheriff Services
Newfoundland:         Newfoundland Exchequer Account
Yukon:                Territorial Treasurer of the Gov-
                      ernment of Yukon
Northwest Territories: Government of the Northwest Ter-
                      ritories
2.   Methods of service employed by the Central Authority
     (Article 5)
2.1  Formal service
     (Article 5, paragraph 1, sub-paragraph a)
     In Canada, service will be effected according to the
     methods of service prescribed by the laws in force in
     each province and territory.
     The normal procedure that will be used by central
     authorities in Canada is personal service made by a
     sheriff or deputy sheriff or a *huissier* in Quebec, on an
     individual or on a corporation by handing a copy of the
     document to the defendant in person, wherever he may
     be, or to the President, Chairman or other Chief Officer
     of a corporation at the place of business.
     Service may also be effected by leaving a copy of the
     document with a person of a reasonable age at the
     defendant's domicile or residence.
     Where service is made on a corporation, provincial laws
     usually provide for service on a director or senior officer
     of the corporation or, in some cases, on a registered
     agent or on a responsible person at the registered office
     of the corporation.
2.2  Informal delivery (Article 5, paragraph 2)
     The practice of informal delivery ("par simple remise")
     of judicial or extra-judicial documents is not known in
     Canada.
2.3  Service by a particular method (Article 5, paragraph 1,
     sub-paragraph b)
     In Alberta, New Brunswick and Ontario, service will be
     made by certified mail at the option of the requesting
     party.  In Ontario, the Central Authority will serve by
     any form of mail, at the option of the requesting party.
2.4  Translation requirements (Article 5, paragraph 3)
     For both Formal service and Service by a particular
     method, translation requirements will depend on the
     province or territory concerned.

For Alberta, British Columbia, Newfoundland, Nova
Scotia, Prince Edward Island, Saskatchewan, all docu-
ments must be written in or translated into English.
For Ontario, Manitoba, and the Northwest Territories,
all documents must be written in or translated into
English or French.
For New Brunswick and the Yukon, all documents must
be written in or translated into English or French. The
Central Authority of New Brunswick or the Yukon may
reserve the right to require documents to be translated
into English or French depending on the language
understood by the addressee.
For Quebec, translation will be required in all cases
where the recipient does not understand the language in
which the document is written.  All documents which
commence actions must be translated.  Summary trans-
lation of all other documents is acceptable if the recipi-
ent agrees.  Translation is to be done into the French
language; however, the Quebec central authority may,
upon request, allow a translation in English at the
condition that the recipient understands this language.
Costs (Article 12, paragraph 2, sub-paragraph a)
Costs for execution of service will be of $50.-Can.
3.   Authority competent to complete the certificate of ser-
     vice (Article 6)
     In addition to the Central Authorities, the sheriffs,
     deputy-sheriffs, sub-sheriffs, clerk of the court or his/
     her deputy for the judicial district (except in Manitoba
     where there are no judicial districts) in which the
     person is to be served or the *huissiers* (only in Quebec)
     are competent to complete the certificate of service.
B.   *Forwarding of requests for service to the Central Au-
     thority of another Contracting State*
     Forwarding Authorities (Article 3)
     Requests for service to Central Authorities of other
     States may be transmitted by:
     —  The Attorney General for Canada
     —  The Attorneys General or the Ministry of Attorney
        General or Minister of Justice of a province or a
        territory—as the case may be.
     —  Clerks of the courts and their deputies for a judicial
        or a court district
     —  The members of the law societies of all provinces
        and territories
     —  The member of the Board of Notaries of the Prov-
        ince of Quebec (for non-litigious matters only).
     —  Local registrars
     —  The huissiers and sheriffs
     —  The prothonotaries and deputy prothonotaries
     —  The "Percepteur des pensions alimentaires" in Qué-
        bec

## CANADA

I    *Transmission through consular or diplomatic channels
     (Articles 8 and 9)*
A    Acceptance
On accession, Canada has not declared that it objects to
service by consular or diplomatic channels on its territory.
Receiving authority (Article 9, paragraph 1)
The Central Authorities in Canada designated in accordance
with Articles 2 and 18 of the *Convention* are competent to
receive requests for service transmitted by a foreign consul
within Canada.
B    Forwarding to the Contracting States

Canada does not object to service by consular channels of Canadian documents abroad providing that the recipient accepts this method of service.

II  *Transmission through postal channels (Article 10, sub-paragraph a)*

A  Acceptance

Canada does not object to service by postal channels.

B  Forwarding to other contracting States

Canadian law allows the use of postal channels to serve Canadian documents to persons abroad.

III  *Service through judicial officers, notably "huissiers", etc. of the requested State (Article 10, sub-paragraphs b) and c))*

On accession, Canada has not declared to object to methods of service of Article 10, sub-paragraphs b) and c).

IV  *Other direct channels (Article 11); special agreements (Articles 24 and 25)*

Canada is party to bilateral conventions on civil procedure with the following States:

| | |
|---|---|
| Austria | Canada Treaty Series, 1935, no 16 |
| Belgium | Canada Treaty Series, 1928, no 16 |
| Czechoslovakia | Canada Treaty Series, 1928, no 17 |
| Denmark | Canada Treaty Series, 1936, no 4 |
| Finland | Canada Treaty Series, 1936, no 5 |
| France | Canada Treaty Series, 1928, no 15 |
| Germany | Canada Treaty Series, 1935, no 11 |
| Greece | Canada Treaty Series, 1938, no 11 |
| Hungary | Canada Treaty Series, 1939, no 6 |
| Iraq | Canada Treaty Series, 1938, no 12 |
| Italy | Canada Treaty Series, 1938, no 14 |
| Netherlands | Canada Treaty Series, 1936, no 9 |
| Norway | Canada Treaty Series, 1935, no 15 |
| Poland | Canada Treaty Series, 1935, no 18 |
| Portugal | Canada Treaty Series, 1935, no 17 |
| Spain | Canada Treaty Series, 1935, no 12 |
| Sweden | Canada Treaty Series, 1935, no 13 |
| Turkey | Canada Treaty Series, 1935, no 19 |
| Yugoslavia | Canada Treaty Series, 1939, no 4 |

CANADA
GUARANTEES UNDER THE CONVENTION

Declarations made pursuant to Articles 15, paragraph 1 or 16, paragraph 3.

1.  *Stays of entry (Article 15, paragraph 2)*

Canada declares that the judges may give judgment under the conditions stated in Article 15. of the Convention.

2.  *Relief from expiration of the period of time for appeal (Article 16, paragraph 3)*

Canada declares that an application filed under Article 16 of the Convention will not be entertained if it is filed after the expiration of one year following the date of the judgment, except in exceptional circumstances determined by the rules of the Court seized of the matter.

3a The People's Republic of China deposited its instrument of accession with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on May 6, 1991, in accordance with Article 28, paragraph 1, of the Convention.

The instrument of accession contains the following declarations:

"1. to designate according to Article 2 and Article 9 of the Convention the Ministry of Justice of the People's Republic of China as the Central Authority and the authority competent to receive documents transmitted by foreign States through consular channels.

"The communication address is:

Bureau of International Judicial Assistance
Ministry of Justice of the People's Republic of China
10, Chaoyangmen Nandajie, Chaoyang District, Beijing, P.C. 100020
People's Republic of China

"2. to declare according to the second paragraph of Article 8 that the means of service stipulated in the first paragraph of that Article may be used within the territory of the People's Republic of China only when the document is to be served upon a national of the State in which the documents originate.

"3. to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention.

"4. to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulfilled, the judge, notwithstanding the provisions of the first paragraph of that Article, may give judgment even if no certificate of service or delivery has been received.

"5. to declare in accordance with the third paragraph of Article 16 of the Convention that the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment."

(courtesy translation)

In accordance with the terms of Article 28, paragraph 1, of the Convention any State not represented at the Tenth Session of the Hague Conference on private international law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27 (viz.: 10 February 1969).

In accordance with Article 28, paragraph 2, the Convention shall enter into force for the People's Republic of China in the absence of any objection from a State which has ratified the Convention (at present: Belgium, Denmark, Egypt, Finland, France, the Federal Republic of Germany, Greece, Israel, Italy, Japan, Luxembourg, the Kingdom of the Netherlands, Norway, Portugal, Spain, Sweden, Turkey, the United Kingdom of Great Britain and Northern Ireland and the United States of America) before such deposit, notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession. For practical reasons this six months' period in this case is running from 1 June 1991 till 1 December 1991.

*Notification in conformity with Article 31 of the Convention*

The States which ratified the Convention were notified of the accession by the Dutch Government on 17 May 1991. Since none of these States raised an objection to the accession within the period of six months specified in Article 28, paragraph 2, the said accession became perfect on 1 December 1991.

The provisions of the Convention will enter into force for the People's Republic of China on 1 January 1992 in accordance with Article 28, paragraph 3.

"The Embassy of the People's Republic of China in the Kingdom of the Netherlands

No. He Wai Fa (97)–52 (Translation)

The Hague, June 10, 1997

Your Excellency

In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the

**Complete Annotation Materials, see Title 28 U.S.C.A.**

63

# Rule 4
## RULES OF CIVIL PROCEDURE

Government of the Kingdom of the Netherlands is designated as the depository, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with effect from 1 July 1997. The Government of the People's Republic of China also makes the following declarations:

1. In accordance with Paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in Paragraph 1 of this Article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the state in which the document originates.

2. In accordance with Article 18 of the Convention, it designates the Administrative Secretary of the Government of the Hong Kong Special Administrative Region as the Other Authority in the Hong Kong Special Administrative Region.

3. It designates the Registrar of the High Court of the Hong Kong Special Administrative Region as the authority for the purpose of Article 6 and 9 of the Convention.

4. With reference to the provisions of Sub-paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or Other Authority designated, and only from judicial, consular or diplomatic officers of other Contracting States.

The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region. ...."

**3b** *Notification in conformity with Article 31, paragraph c, of the Convention.*

The Republic of Cyprus deposited its instrument of accession with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 26 October 1982 in accordance with Article 28, paragraph 1, of the Convention.

In accordance with Article 28, paragraph 3, the provisions of the Convention will enter into force for the Republic of Cyprus on 1 June 1983.

The States which have ratified the Convention were notified by the Netherlands Government of the accession on 3 November 1982. Since none of these States raised an objection to the accession within the period of six months specified in Article 28, paragraph 2, the said accession became perfect on 15 May 1983.

Referring to the accession of Cyprus to the above-mentioned Convention the Embassy of Turkey at The Hague addressed a Note dated 6 April 1983 to the Ministry of Foreign Affairs of the Kingdom of the Netherlands. [See note 13.]

*Notification in conformity with Article 31, paragraph e, of the Convention*

In conformity with Article 21 of the Convention the Government of Cyprus informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands by Note dated 5 January 1984 of the designation of the following authorities and made the following declarations:

"(a) *Article 2:*

Designation of Central Authority which will undertake to receive requests for service:—Ministry of Justice.

(b) *Article 6:*

Designation of the authority competent to complete the certificate of Service:—Ministry of Justice.

(c) *Article 9:*

Designation of the authority competent to receive documents transmitted by Consular Channels:—Ministry of Justice.

(d) *Articles 8 and 10:*

No opposition to the methods of transmission of documents provided by these articles.

(e) *Article 15:*

Declaration that judgement may be given if all conditions laid down in paragraph 2 are fulfilled.

(f) *Article 16:*

Declaration pursuant to paragraph 3 that the application will not be entertained if it is filed after the expiration of one year from the date of the judgement.

(g) *Article 18:*

Designation of other authorities in addition to the Central Authorities.

The Courts of the Republic. Competence:

Service of documents through their Registries.".

**3c** *Notification in conformity with Article 31, paragraphs c and e, of the Convention*

By notification dated January 28, 1993 the Czech Republic communicated the following: "In accordance with the valid principles of international law and to the extent defined by it, the Czech Republic, as a successor state created as a result of the division of the Czech and Slovak Federal Republic, considers itself bound, as of January 1, 1993, i.e. the date of the division of the Czechoslovak federation, by multilateral international treaties to which the Czech and Slovak Federal Republic was a party on that date, including reservations and declarations to their provisions made earlier by Czechoslovakia", which are as follow:

*Translation*

—in accordance with Article 8 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served directly through the diplomatic or consular agents of another contracting State unless the document is to be served upon a national of the State in which the documents originate;

—in accordance with Article 10 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served by another contracting State through postal channels nor through the judicial officers, officials or other competent persons;

—in accordance with Article 15, paragraph 2 of the Convention, Czechoslovakian judges may give judgement even if the conditions pursuant to Article 15, paragraph 1, have not been fulfilled;

—the provisions of Article 29 of the Convention concerning the extension of the Convention to territories for the international relations of which the contracting States are responsible are at variance with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of 14 December 1960, and for this reason the Socialist Republic of Czechoslovakia does not consider itself to be bound by these provisions.

A copy of the original text of the declaration is attached.

By Note dated 31 March 1982 and received at the Ministry of Foreign Affairs on 1 April 1982, the Embassy of the Czechoslovak Socialist Republic communicated the following with regard to the above-cited declaration concerning Article 29 of the Convention:

"This declaration cannot be considered a reserve in view of the fact that it does not follow other purposes than a similar declaration made at the ratification of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, though a different formulation was used.

"By this declaration the Czechoslovak Socialist Republic expresses its disagreement of principle with the status of colonies and other dependent territories which is in contradiction with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of December 14, 1960.

"The Czechoslovak Socialist Republic, however, has no intention to exclude the application of the Convention on the relations with the territories on which the use of the Convention has been extended in accordance with its Art. 29.".

The States which have ratified the Convention were notified by the Netherlands Government of the accession on 26 October 1981. Since none of these States raised an objection to the accession within the

COMMENCEMENT OF ACTION, ETC.                                    **Rule 4**

period of six months specified in Article 28, paragraph 2, the said accession became perfect on 9 May 1982.

"The provisions of the Convention will enter into force for the Czechoslovak Socialist Republic on 1 June 1982.

The Czechoslovak Government has designated the following authorities as the authorities referred to in Articles 2, 6 and 9 of the Convention:

competent for the Czech Socialist Republic:

Ministerstvo spravedlnosti České socialistické republiky/Ministry of Justice of the Czech Socialist Republic 128 10 Praha 2, Vyšehradská 16;

competent for the Slovak Socialist Republic:

Ministerstvo spravodlivosti Slovenskej socialistickej republiky/Ministry of Justice of the Slovak Socialist Republic 883 11 Bratislava, Suvorovova 12.

4 With the following declarations:

re Art. 2 and 18

The Ministry of Justice is designated as the Central Authority.

re Art. 6

The Danish court of law that has asked for the service to be made is designated as competent to complete the certificate in accordance with Article 6.

re Art. 9

The local judge of first instance—though, as regards the court of first instance at Copenhagen and the court of first instance of the city and of the canton of Århus, the president of the court—is designated as competent to receive documents forwarded through consular channels in accordance with Art. 9.

re Art. 10

Denmark is unable to recognize the method of effecting service set out in Art. 10, para. c.

re Art. 15

Denmark avails itself of the power, provided for in Art. 15, second paragraph, to declare that the judge may give judgment in a matter even if the provisions of Art. 15, first paragraph, are not fulfilled.

re Art. 16

Denmark avails itself of the power, provided for in Art. 16, third paragraph, to declare that an application will not be entertained if it is made after the expiration of a period of one year following the date of judgment. The question of the re-hearing of a matter in which a person has been judged by default shall be decided in accordance with the rules of the code of procedure, Art. 373 and Art. 374, cf. Art. 434. According to these rules, any person against whom judgment is given by default in an action, in first instance may apply for a re-hearing of the matter if he can prove that the default cannot be imputed to him. The application for a re-hearing should be filed as soon as possible and may not be submitted after the expiration of a period of one year following the date of judgment.

5 With a declaration that the signing of the Agreement "does not mean in any way a recognition of Israel" by the Arab Republic of Egypt and that "no treaty relation will arise between" the two countries.

The Arab Republic of Egypt also declared that it "opposes the use of the methods of transmitting abroad the judicial and extrajudicial documents according to Articles 8 and 10 of the Convention."

In conformity with article 21 of the Convention the Arab Republic of Egypt has designated the Ministry of Justice as the central authority as provided for in Articles 2 and 18.

First paragraph of declaration withdrawn effective Jan. 25, 1980.

5a Notification in conformity with Article 31, paragraph c, of the Convention

The Republic of Estonia deposited its instrument of accession to the above-mentioned Convention with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 2 February 1996, in accordance with Article 28, paragraph 1, of the Convention.

The instrument of accession of the Republic of Estonia contains the following declarations:

"1) the Republic of Estonia is against the way of forwarding referred to in point c of Article 10;

"2) on the basis of Article 15 the judge may give judgment under the said conditions;

"3) on the basis of paragraph 3 of Article 16 for a period of 3 years;"

In accordance with the terms of Article 28, paragraph 1, of the Convention any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27 (viz: 10 February 1969).

In accordance with Article 28, paragraph 2, the Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention (at present: Belgium, Denmark, Egypt, Germany, Finland, France, Greece, Ireland, Israel, Japan, the Kingdom of the Netherlands, Luxemburg, Norway, Portugal, Spain, Sweden, Switzerland, Turkey, the United Kingdom of Great Britain and Northern Ireland and the United States of America) before such deposit, notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession. For practical reasons this six months' period will in this case run from 15 March 1996 to 15 September 1996.

6 With the following declarations:

"1. The Ministry of Justice has been designated Central Authority, pursuant to the first paragraph of article 2 of the Convention.

"2. The Central Authority (The Ministry of Justice) is acting as the authority presupposed in art. 9 of the Convention.

"3. Finnish authorities are not obliged to assist in serving documents transmitted by using any of the methods referred to in subparagraphs (b) and (c) of art. 10 of the Convention."

(Ministry of Justice was substituted for Ministry of Foreign Affairs as Central Authority by Note dated 31 March 1982, effective 1 June 1982.)

7 With the following declarations:

"1. In conformity with Articles 2 and 18 of the Convention, the Ministry of Justice, Civil Division of International Judicial Assistance (Ministeàere de la Justice, Service Civil de l'Entraide judiciaire internationale), 13 Place Vendôme, Paris (1er), is designated as the Central Authority to the exclusion of all other authorities.

"2. The authority competent to complete the certificate referred to in Article 6 is the Public Prosecutor of the Republic (Procureur de la République) in whose district the addressee of the document to be served resides.

"3. The Public Prosecutor of the Republic (Procureur de la République) is likewise authorized to receive documents forwarded through consular channels in accordance with Article 9.

"4. The Government of the French Republic declares that it is opposed, as has been provided for in Article 8, to the direct service, through diplomatic and consular agents of the contracting States, of documents upon persons who are not nationals of those States.

"5. The Government of the French Republic declares that the provisions of the second paragraph of Article 15 have its approval. It furthermore declares, with reference to Article 16, paragraph 3, that an application for relief from the effects of the expiration of the time for appeal from a judgment will not be entertained if it is filed more than twelve months following the date of the judgment."

7a On October 3, 1990 the German Democratic Republic acceded to the Federal Republic of Germany.

With the following declarations:

"(1) Requests for service shall be addressed to the Central Authority of the Land where the request is to be complied with. The Central Authority pursuant to Article 2 and paragraph 3 of Article 18 of the Convention shall be for

Rule 4                    RULES OF CIVIL PROCEDURE

| | |
|---|---|
| Baden-Württemberg | das Justizministerium Baden-Württemberg (The Ministry of Justice of Baden-Württemberg), D 7000 Stuttgart |
| Bavaria | das Bayerische Staatsministerium der Justiz (The Bavarian State Ministry of Justice), D 8000 München |
| Berlin | der Senator für Justiz (The Senator of Justice), D 1000 Berlin |

By Note of 29 September 1992 the following central authorities were designated pursuant to Articles 2 and 18

| | |
|---|---|
| in Brandenburg: | Das Ministerium der Justiz des Landes Brandenburg D-O-1561 Potsdam; |
| Bremen | der Präsident des Landgerichts Bremen (The President of the Regional Court of Bremen), D 2800 Bremen |
| Hamburg | der Präsident des Amtsgerichts Hamburg (The President of the Local Court of Hamburg), D 2000 Hamburg |
| Hesse | der Hessische Minister der Justiz (The Hessian Minister of Justice), D 6200 Wiesbaden |
| Lower Saxony | der Niedersächsische Minister der Justiz (The Minister of Justice of Lower Saxony), D 3000 Hannover |

By Note of 29 September 1992 the following central authority was designated in

| | |
|---|---|
| Mecklenburg-Western Pomerania: | Der Minister für Justiz, Bundes-und Europaangelegenheiten D-O-2754 Schwerin |
| Northrhine-Westphalia | Pursuant to Article 21 of the Convention, the Government of the Federal Republic of Germany notified the Ministry of Foreign Affairs of the Kingdom of the Netherlands by note dated February 19, 1991, that with effect from April 1, 1991, the designated authority for the Land Northrhine-Westphalia will no longer be "der Justizminister des Landes Nordrhein-Westfalen" but "der Präsident des Oberlandesgerichts Düsseldorf". D 4000 Düsseldorf |
| Rhineland-Palatinate | das Ministerium der Justiz (The Ministry of Justice), D 6500 Mainz |
| Saarland | der Minister für Rechtspflege (The Minister of Justice), D 6600 Saarbrücken |

By Note of 29 September 1992 the following central authority was designated

| | |
|---|---|
| in Saxe: | Das Sächsische Staatsministerium der Justiz D-O 8060 Dresden |

By Note of 29 September 1992 the following central authority was designated

| | |
|---|---|
| in Saxe-Anhalt: | Das Ministerium der Justiz des Landes Sachsen-Anhalt D-O 3037 Magdeburg |
| Schleswig-Holstein | der Justizminister des Landes Schleswig-Holstein (The Minister of Justice of the Land Schleswig-Holstein), D 2300 Kiel |

By Note of 29 September 1992 the following central authority was designated

| | |
|---|---|
| in Thuringe: | Das Justizministerium Thüringen D-O-5082 Erfurt |

"The Central Authorities are empowered to have requests for service complied with directly be postal channels if the conditions for service in accordance with paragraph 1(a) of Article 5 of the Convention have been fulfilled. In that case the competent Central Authority will hand over the document to the postal authorities for service. In all other cases the local court (Amtsgericht) in whose district the documents are to be served shall be competent to comply with requests for service. Service shall be effected by the registry of the local court.

"Formal service (paragraph 1 of Article 5 of the Convention) shall be permissible only if the document to be served is written in, or translated into, the German language.

"(2) The Central Authority shall complete the certificate (paragraphs 1 and 2 of Article 6 of the Convention) if it has itself arranged for the request for service to be complied with directly by postal channels; in all other cases this shall be done by the registry of the local court.

"(3) The Central Authority of the Land where the documents are to be served and the authorities competent under Section 1 of the Act of 18th December 1958 implementing the Convention on Civil Procedure, signed at The Hague on 1st March 1954, to receive requests from consuls of foreign States, shall be competent to receive requests for service transmitted by a foreign consul within the Federal Republic of Germany (paragraph 1 of Article 9 of the Convention). Under that Act the president of the regional court (Landgericht) in whose district the documents are to be served shall be competent; in his place the president of the local court shall be competent if the request for service is to be complied with in the district of the local court which is subject to his administrative supervision.

"(4) In accordance with paragraph 2(a) of Article 21 of the Convention, the Government of the Federal Republic of Germany objects to the use of methods of transmission pursuant to Articles 8 and 10. Service through diplomatic or consular agents (Article 8 of the Convention) is therefore only permissible if the document is to be served upon a national of the State sending the document. Service pursuant to Article 10 of the Convention shall not be effected." At the time of the deposit of its instrument of ratification the Federal Republic of Germany declared that the said Convention shall also apply to Land Berlin with effect from the date on which it enters into force for the Federal Republic of Germany.

By a Note dated November 19, 1992 addressed to the Ministry of Foreign Affairs of the Kingdom of the Netherlands, the Government of the Federal Republic of Germany made in conformity with Article 21, second paragraph, letter b, of the above mentioned Convention the following declaration:

*1. Notwithstanding the provisions of the first paragraph of Article 15, a German judge may give judgement even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:*

—*the document was transmitted by one of the methods provided for in this Convention,*

—*a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,*

—*no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.*

*2. An application for relief in accordance with Article 16 will not be entertained if it is filed after the expiration of one year following the termination of the time-limit which has not been observed.*

*7b Notification in conformity with Article 31 of the Convention*

In accordance with Article 26 of the Convention the Ambassador of Greece at The Hague signed on 20 July 1983 for the Hellenic Republic the above-mentioned Convention as follows:

P.ECONOMOU        20 juillet 1983

and deposited on the same date the instrument of ratification by the Hellenic Republic of the Convention.

In conformity with its Article 27, paragraph 2, the Convention will enter into force for the Hellenic Republic on 18 September 1983.

The Greek Government designated the Department of Administrative and Judicial Affairs of the Ministry of Foreign Affairs of the Hellenic Republic as the Central Authority pursuant to Article 2 of the Convention.

The Permanent Bureau of the Hague Conference on private international law presents its compliments to the Diplomatic Missions of the Member States and to the National Organs and has the honour to inform them that, by a Note dated 23 November 1989 addressed to the Ministry of Foreign Affairs of the Kingdom of the Netherlands, the Government of

*the Hellenic Republic*

made in conformity with Article 15, second paragraph, and Article 21, second paragraph, of the above-mentioned Convention the following declaration:

*The judges of the Hellenic Republic may give judgment if all the conditions in Article 15, paragraph 2, letters (a), (b), and (c) of the Convention are fulfilled even if no certificate of service or delivery has been received.*

[Translation]

*7e Notification in conformity with Article 31*

Ireland deposited, in accordance with Article 26, paragraph 2, of the above-mentioned Convention, its instrument of ratification with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 5 April 1994.

The instrument of ratification contains the following declarations:

"Article 3

The authority or judicial officer competent under the laws of Ireland for the purpose of Article 3 of the Convention are the Central Authority, a practising Solicitor, a Country Registrar or a District Court Clerk.

Article 15

Pursuant to the Second paragraph of Article 15 a Judge in Ireland may give judgment even if no certificate of service or delivery has been received, if the conditions set out in the second part of Article 15 of the Convention are fulfilled.

and the following objections:

Article 10

In accordance with the provision in Article 10 of the Convention the Government of Ireland objects to

(i) the freedom under Article 10(b) of judicial officers, officials or other competent persons of the State of origin to effect service in Ireland of judicial documents directly to judicial officers, officials or other competent persons and

(ii) the freedom under Article 10(c) of any person interested in a judicial proceeding to effect service in Ireland of judicial documents directly through judicial officers, officials or other competent persons but this is not intended to preclude any person in another contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in Ireland directly through a solicitor in Ireland."

The Master of the High Court is designated as the Central Authority for Ireland in accordance with Article 2 and shall be the appropriate authority for completion of certificates on the form of the model annexed to the Convention.

The Convention will enter into force for Ireland on 4 June 1994.

By Note, received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 31 March 1994, the Government of the United States of America declared that in accordance with Article 29, paragraph 2, of the above-mentioned Convention, in addition to the territorial extensions made upon deposit of the U.S. instrument of ratification (November 19, 1970), the Government of the United States of America hereby declares that the Convention shall also be extended to the Commonwealth of the Northern Mariana Islands (which became a U.S. Commonwealth on November 3, 1986).

The authorities currently designated by the Government of the United States of America to perform certain functions under the Treaty shall also be the authorities designated to perform those functions for the Commonwealth of the Northern Mariana Islands.

The Convention will enter into force for the Commonwealth of the Northern Mariana Islands on 30 May 1994.

8 With the following declarations and reservations:

"a) The Central Authority in Israel within the meaning of Articles 2, 6 and 18 of the Convention is: The Director of Courts, Directorate of Courts, Russian Compound, Jerusalem;

· "b) The State of Israel, in its quality as State of destination, will, in what concerns Article 10, paragraphs b) and c), of the Convention, effect the service of judicial documents only through the Directorate of Courts, and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State;

"c) An application to relieve a defendant from the effects of the expiration of the time of appeal from a judgment within the meaning of Article 16 of the Convention will be entertained only if filed within one year from the date of the judgment in question."

8a *Notification in conformity with Article 31, paragraph a and e of the Convention*

In accordance with Article 26, paragraph 2, the Italian Republic deposited its instrument of ratification of the Convention with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 25 November 1981.

On the occasion of the deposit of the instrument of ratification the Italian Government notified of the following:

*Translation*

"a) pursuant to Articles 2 and 18, 'l'Ufficio unico degli ufficiali giudiziari presso la corte d'appello di Roma' (the registry of the court of appeal in Rome) is designated as the Central Authority for the purpose of Article 5;

"b) 'gli uffici unici degli ufficiali giudiziari costituiti presso le corti di appello e i tribunali e gli ufficiali giudiziari addetti alle preture' (the registries of the courts of appeal and other courts, and the bailiffs appointed to the courts of first instance) are competent to issue the certificate pursuant to Article 6;

"c) 'gli uffici unici degli ufficiali giudiziari presso le corti di appello e i tribunali e gli ufficiali giudiziari addetti alle preture' (the registries of the courts of appeal and other courts, and the bailiffs appointed to the courts of first instance) are competent to receive for the purpose of service, documents forwarded by consular or diplomatic authorities pursuant to Article 9;

"d) the costs proceeding from each request for service in accordance with Article 5, first paragraph, under a and b, which requires the employment of a bailiff, have to be paid in advance in the size of 6,000 lire, except adjustment at the time of restitution of the notified document.

"However, the costs in relation to the notified document pursuant to Article 12, paragraph 2, of the Convention, can be paid after the restitution in a way specifically fixed by the bailiff.

"The Italian State shall not require any advance or repayment of costs for service of documents requested by the Contracting States in so far as those States for their parts shall not require the payment or repayment of costs for documents originated from Italy."

In accordance with Article 27, paragraph 2, the Convention shall enter into force for the Italian Republic on 24 January 1982.

9 With the following declarations and reservations:

"(1) The Minister for Foreign Affairs is designated as the Central Authority which receives requests for service from other contracting States, pursuant to the first paragraph of Article 2.

"(2) The District Court which has rendered judicial aid with respect to the service is designated as the authority competent to complete the certificate in the form of the model annexed to the Convention, pursuant to the first paragraph of Article 6.

"(3) The Minister for Foreign Affairs is designated as the authority competent to receive documents transmitted through consular channels, pursuant to the first paragraph of Article 9.

"(4) It is declared that the Government of Japan objects to the use of the methods of service referred to in subparagraphs (b) and (c) of Article 10.

"(5) It is declared that Japanese courts may give judgment if all the conditions specified in the second paragraph of Article 15 are fulfilled."

9a With the following declarations:

"1. The Public Prosecutor at the Superior Court of Justice has been designated as the Central Authority within the meaning of Article 2 of the Convention. He is also competent to receive the documents forwarded through the channels referred to in Article 9, para. 1, of the Convention.

---

*Complete Annotation Materials, see Title 28 U.S.C.A.*

**Rule 4** RULES OF CIVIL PROCEDURE

"2. In accordance with Article 8, the Luxembourg Government is opposed to diplomatic and consular agents directly serving within its territory judicial documents on persons other than nationals of their own country.

"3. [Withdrawn by Note dated June 2, 1978.]

"4. When foreign judicial documents are served, in connection with Articles 5(a) and 10(b) and (c), through the intermediary of a Luxembourg official, they must be drawn up in French or German or accompanied by a translation into one of those languages.

"5. The Luxembourg Government declares that notwithstanding the provisions of Article 15, para. 1, of the Convention, its judges can enter judgment if the conditions set out in para. 2 of the said Article are fulfilled.

"6. In accordance with Article 16, para. 3, of the Convention, the Luxembourg Government declares that the applications referred to in para. 2 of the said Article will not be entertained if they are filed after the expiration of a period of one year following the date of the judgment."

10 With a declaration designating the Registrar of the High Court of Malawi, P.O. Box 30244, Chichiri, Blantyre 3, Malawi, as the Central Authority referred to in Article 2.

10a With the following declarations:

"1. The Public Prosecutor at the District Court of The Hague is designated for the Netherlands as the Central Authority referred to in Article 2 of the Convention.

"The office of the Public Prosecutor is situated at Juliana van Stolberglaan 2–4, The Hague.

"2. Pursuant to Article 18, paragraph 1, of the Convention, the Public Prosecutor at a District Court other than that of The Hague is likewise competent to receive requests and serve documents in accordance with Articles 3 to 6 of the Convention within the area of jurisdiction of such other Court.

"3. The Public Prosecutor at the District Court in the area of jurisdiction where service of the document has been requested is competent to complete a certificate as referred to under Article 6 of the Convention.

"4. The Public Prosecutor at the District Court in the area of jurisdiction where service of the document is requested has been designated for the Netherlands as the authority referred to in Article 9, paragraph 1, of the Convention which is competent to serve documents forwarded through consular channels.

"5. Notwithstanding the provisions of Article 15, paragraph 1, of the Convention, the Netherlands Court may give judgment, even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

"a) the document was transmitted by one of the methods provided for in this Convention;

"b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document;

"c) no certificate, either of service or of delivery, has been received even though every reasonable effort has been made to obtain it through the competent authorities.

"6. An application for relief from the effects of the expiration of the time for appeal as provided for in Article 16 is only admissible, if it is submitted within a year, to be calculated from the date on which the judgment is given."

In accordance with Article 27, paragraph 2, the Convention shall enter into force for the Kingdom of the Netherlands (for the Kingdom in Europe) on January 2, 1976.

In accordance with Article 29, paragraph 2, the Kingdom of the Netherlands declared on 28 May 1986 that the above-mentioned Convention shall extend to Aruba.

In conformity with Article 29, paragraph 3, the Convention will enter into force for Aruba on 27 July 1986.

*Notification in conformity with Article 31, letter e, of the Convention*

The Ministry of Foreign Affairs of the Kingdom of the Netherlands notifies hereby the designation of the

Head, Central Office for General
Legal Affairs
L.G. Smith Boulevard 76
Oranjestad
Aruba

as the authority for Aruba referred to in Article 21 of the Convention.

11 With the following declarations:

"1. In accordance with Article 2, the Ministry of Justice, Oslo/Dep, is designated as the Central Authority.

"2. In accordance with Article 6, the County or Town Court in whose district the document has been served is designated for the purpose of completing the certificate in the form annexed to the Convention.

"3. In accordance with Article 9 first paragraph, the County or Town Court in whose district the person to be served is a resident or is staying, is designated as receiver of documents forwarded through consular channels.

"4. The Government of Norway is opposed to the use of such methods of service or transmission of documents on its territory as mentioned in Articles 8 and 10 of the Convention.

"5. Norwegian courts may give judgment when all the conditions specified in the second paragraph of Article 15 are fulfilled.

"6. In accordance with the third paragraph of Article 16, applications for relief according to Article 16 will not be entertained if they are delivered to the competent Norwegian authorities after the expiration of three years following the date of the judgment."

11a *Notification in conformity with Article 31, paragraph c, of the Convention*

Pakistan deposited its instrument of accession to the above-mentioned Convention with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 7 December 1988 in accordance with Article 28, paragraph 1.

The States which have ratified the Convention were notified by the Dutch Government of the accession on 19 December 1988. Since none of these States raised an objection to the accession within the period of six months specified in Article 28, paragraph 2, the said accession became perfect on 6 July 1989.

The provisions of the Convention will enter into force for Pakistan on 1 August 1989 in accordance with Article 28, paragraph 3.

The Permanent Bureau of the Hague Conference on private international law presents its compliments to the Diplomatic Missions of the Member States and to the National Organs and has the honour to inform them that, by a Note dated 1 February 1990, the Government of

*Pakistan*

informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands of the designation of authorities, in conformity with Article 21 of the above-mentioned convention, and made declarations. The text of the communication is as follows:

"the Government of Pakistan has designated the Solicitor, Ministry of Law and Justice to the Government of Pakistan in Islamabad, as the central authority, for receiving requests for service coming from other Contracting States and Registrars of Lahore High Court Lahore, Peshawar High Court Peshwar, Baluchistan High Court Quetta, and the High Court of Sind, Karachi, 'other authorities' in addition to the Central Authority, within their respective territorial jurisdictions.

"The certificate prescribed by Article 6 of the Convention if not completed by a judicial authority shall be completed or countersigned by the Registrars of the High Courts.

"For the purposes of Article 8 of the Convention it is hereby declared that the Government of Pakistan is opposed to service of Judicial Documents upon persons, other than nationals of the requesting States, residing in Pakistan, directly through the Diplomatic and Consular

agents of the requesting States. However, it has no objection to such service by postal channels directly to the persons concerned [Article 10(a)] or directly through the judicial officers of Pakistan in terms of Article 10(b) of the Convention if such service is recognised by the law of the requesting State.

"In terms of the second paragraph of Article 15 of the Convention, it is hereby declared that notwithstanding the provision of the first paragraph thereof the judge may give judgement even if no certificate of service or delivery has been received, if the following conditions are fulfilled —

"a) the document was transmitted by one of the methods provided for in the Convention;

"b) the period of time of not less than 6 months, considered adequate by the Judge in the particular case, has elapsed since the date of transmission of the document; and

"c) no certificate of any kind has been received even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

"As regards Article 16, paragraph 3, of the Convention it is hereby declared that in case of ex-parte decisions, an application for setting it aside will not be entertained if it is filed after the expiration of the period of limitation prescribed by law of Pakistan."

11b Notification in conformity with Article 31, paragraph c, of the Convention

The Republic of Poland deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands its instrument of accession to the above-mentioned Convention on 13 February 1996, in accordance with Article 28, paragraph 1, of the Convention.

The instrument of accession of the Republic of Poland contains a declaration the text of which is attached and the translation of which is as follows:

Translation

—The Republic of Poland has decided to join the Convention, declaring that it is opposed to the modes of service specified in Articles 8 and 10 within its territory;

The instrument of accession was accompanied by a declaration the text of which is also attached and the translation of which is as follows:

In compliance with Article 21, the following actions are undertaken:

Article 2, Paragraph 1—the Central Authority designated to receive requests for service coming from another contracting State shall be the Ministry of Justice.

Article 18—other authorities (in addition to the Central Authority) designated to receive requests for service are Presidents of the voivodship courts.

Article 6—the authority designated to complete a certificate of service in the Republic of Poland shall be the court that has performed such service.

Article 9, Paragraph 1—the authorities designated for that purpose shall be the voivodship courts.

Articles 8 and 10—the Republic of Poland declares that it is opposed to the modes of service specified in Articles 8 and 10 within its territory.

In accordance with the terms of Article 28, paragraph 1, of the Convention any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27 (viz: 10 February 1969).

In accordance with Article 28, paragraph 2, the Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention (at present: Belgium, Denmark, Egypt, Germany, Finland, France, Greece, Ireland, Israel, Japan, the Kingdom of the Netherlands, Luxemburg, Norway, Portugal, Spain, Sweden, Switzerland, Turkey, the United Kingdom of Great Britain and Northern Ireland and the United States of America) before such deposit, notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession. For practical

reasons this six months' period will in this case run from 29 February 1996 to 29 August 1996.

11c Declaration of Portugal.—Legal Affairs Department of Ministry of Justice has been designated as Central Authority, in accordance with Art. 2, paragraph 1, of Convention. Justice Department officials: court clerks (escrivães) and process-servers (officiais de diligências) have been designated as persons competent to prepare certificate referred to in Article 6 of Convention. In accordance with Art. 8, paragraph 2, of Convention, the Portuguese government grants diplomatic and consular agents power to serve documents on their own nationals only. Portuguese government declares that, notwithstanding provisions of first paragraph of Art. 15 of Convention its judges may give judgment if conditions listed in paragraph 2 of said Art. are fulfilled. In accordance with Art. 16, paragraph 3 of Convention, Portuguese government states that applications referred to in Art. 16, paragraph 2, will not be considered if they are made after expiration of a period of one year from date of judgment.

11d Notification in conformity with Article 31, paragraph e of the Convention

By Note dated 4 June 1981 and received at The Ministry of Foreign Affairs of the Kingdom of the Netherlands on 14 July 1981 the Republic of Seychelles informed the Ministry in accordance with Article 21 of the Convention of the following:

"Article 2

"The Central Authority designated is:

The Registrar

Supreme Court,

Victoria,

Mahé,

Republic of Seychelles.

"Article 8

"The Government of the Republic of Seychelles declares that it is opposed to service by a contracting state of judicial documents upon persons abroad, without application of any compulsion, directly through the diplomatic or consular agents of that contracting state unless the document is to be served upon a national of the state in which the documents originate.

"Article 10

"The Government of the Republic of Seychelles declares that it objects to paragraph (b) and (c) of this Article, in so far as they permit service of judicial documents through officials or persons other than judicial officers.

"Article 15

"The Government of the Republic of Seychelles declares that notwithstanding the provisions of the first paragraph of this Article, the judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled.

"a) the document was transmitted by one of the methods provided for in this Convention,

"b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

"c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

"Article 16

"The Government of the Republic of Seychelles declares that it will not entertain an application for relief if filed later than one year following the date of the judgment."

11e By notification dated March 15, 1993 the Slovak Republic communicated the following: "In accordance with relevant principles and norms of international law and to extent defined by it, the Slovak Republic, as a successor State, born from the division of the Czech and Slovak Federal Republic, considers itself bound, as of January 1, 1993, i.e. the date of the division of the Czechoslovak Federation, by multilateral international treaties to which the Czech and Slovak

**Rule 4**                    RULES OF CIVIL PROCEDURE

Federal Republic was a party at that date, including reservations and declarations in respect of provisions made earlier by Czechoslovakia, as well as objections by Czechoslovakia in respect of reservations made by other treaty parties", which are as follows: [Same declarations and reservations, *mutatis mutandis*, under Czech Republic, see footnote 3c].

11f The Permanent Bureau of the Hague Conference on private international law presents its compliments to the Diplomatic Missions of the Member States and to the National Organs and has the honour to inform them that, by instrument deposited on 4 June 1987 with the Ministry of Foreign Affairs of the Kingdom of the Netherlands,

*Spain*

ratified the above-mentioned Convention.

In accordance with Article 27, paragraph 2, the Convention will enter into force for *Spain* on 3 August 1987.

The instrument of ratification contains the following declarations:

*"1) The Spanish State declares that its judges, notwithstanding the provisions of Article 15, may give judgment even if no certificate of service or delivery of documents has been received, if all the conditions enumerated in the said Article 15, paragraph 2, are fulfilled.*

*"2) The Spanish State declares that the time of expiration, referred to in Article 16, is sixteen months from the date of the judgment.*

*"3) The Spanish State designates as the Central Authority to issue the certificates in the form of the model annexed to the Convention:*

*Secretaría General Técnica,*
*Subdirección de Cooperación Jurídica Internacional,*
*Ministerio de Justicia,*
*San Bernardo, 45,*
*28015 MADRID." (Translation)*

12 With the following declarations:

"a) The Ministry for Foreign Affairs (address: Utriksdepartemen-tet, Juridiska bry an, Box 16121, S-103 23 Stockholm 16, Sweden) has been designated Central Authority.

"b) The Central Authority (the Ministry for Foreign Affairs) has been designated to receive documents transmitted through consular channels, pursuant to art. 9.

"c) Swedish authorities are not obliged to assist in serving documents transmitted by using any of the methods referred to in sub-paragraphs (b) and (c) of art. 10.

"By virtue of the third paragraph of art. 5 of the Convention the Central Authority requires that any document to be served under the first paragraph of the same article must be written in or translated into Swedish."

12a The Permanent Bureau of the Hague Conference on private international law presents its compliments to the Diplomatic Missions of the Member States and to the National Organs and has the honour

to inform them that, by instrument deposited on 2 November 1994 with the Ministry of Foreign Affairs of the Kingdom of the Netherlands,

*Switzerland*

ratified the above-mentioned Convention.

In accordance with Article 27, paragraph 2, the Convention will enter into force for *Switzerland* on 1 January 1995.

The instrument of ratification contains the following reservations and declarations:

Translation:

"Re Article 1

1. With regard to Article 1, Switzerland takes the view that the Convention applies exclusively to the Contracting States. In particular, it believes that documents which are effectively addressed to a person resident abroad cannot be served on a legal entity who is not authorized to receive them in the country in which they were drawn up without derogating from Articles 1 and 15, first paragraph, of the Convention.

Re Articles 2 and 18

2. In accordance with Article 21, first paragraph (a), Switzerland designates the cantonal authorities listed in the annex as Central Authorities as referred to in Articles 2 and 18 of the Convention. Requests for the service of documents may also be addressed to the Federal Justice and Police Department in Bern, which will forward them to the appropriate Central Authority.

Re Article 5, third paragraph

3. Switzerland declares that in cases where the addressee does not voluntarily accept a document, it cannot officially be served on him or her in accordance with Article 5, first paragraph, unless it is in the language of the authority address, *i.e.* German, French or Italian, or accompanied by a translation into one of these languages, depending on the part of Switzerland in which the document is to be served (*cf.* annex).

Re Article 6

4. In accordance with Article 21, first paragraph (b), Switzerland designates the competent cantonal court or the cantonal Central Authority as the body responsible for completing the certificate referred to in Article 6.

Re Articles 8 and 10

5. In accordance with Article 21, second paragraph (a), Switzerland declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10.

Re Article 9

6. In accordance with Article 21, first paragraph (c), Switzerland designates the cantonal Central Authorities as the authorities competent to receive documents transmitted by consular channels pursuant to Article 9 of the Convention."

The list of Central Authorities for the Cantons is attached.

| *Cantonal Central Authorities* | | | *Annex* |
|---|---|---|---|
| Cantons | Official language(s) (G=German) (F=French) (I=Italian) | Addresses | Telephone numbers |
| Appenzell Ausserrho-den | G | Kantonsgericht Appenzell A.Rh., 9043 Trogen | 071/94 24 61 |
| Appenzell Innerrhoden | G | Kantonsgericht Appenzell I.Rh., 9050 Appenzell | 071/ 87 95 51 |
| Aargau | G | Obergericht des Kantons Aargau, 5000 Aarau | 064/ 21 19 40 |
| Basel-Landschaft | G | Obergericht des Kantons Basel-Landschaft, 4410 Liestal | 061/925 51 11 |
| Basel-Stadt | G | Appellationsgericht Basel-Stadt, 4054 Basel | 061/267 81 81 |
| Bern | G/F | Justizdirektion des Kantons Bern, 3011 Bern | 031/633 76 76 |

**Complete Annotation Materials, see Title 28 U.S.C.A.**

COMMENCEMENT OF ACTION, ETC.     Rule 4

| Cantons | Official language(s) (G=German) (F=French) (I=Italian) | Addresses | Telephone numbers |
|---|---|---|---|
| Fribourg | F/G | Tribunal cantonal, 1700 Fribourg | 037/ 25 39 10 |
| Genève | F | Parquet du Procureur général, 1211 Genève 3 | 022/319 21 11 |
| Glarus | G | Obergericht des Kantons Glarus, 8750 Glarus | 058/ 61 15 32 |
| Graubünden, | G | Justiz-, Polizei- und Sanitäts-departement Graubünden, 7001 Chur | 081/ 21 21 21 |
| Jura | F | Département de la Justice, 2800 Delémont | 066/ 21 51 11 |
| Luzern | G | Obergericht des Kantons Luzern, 6002 Luzern | 041/ 24 51 11 |
| Neuchâtel | F | Département de Justice, 2001 Neuchâtel | 038/ 22 31 11 |
| Nidwalden | G | Kantonsgericht Nidwalden, 6370 Stans | 041/ 63 79 50 |
| Obwalden | G | Kantonsgericht des Kantons Obwalden, 6060 Sarnen | 041/ 66 92 22 |
| St. Gallen | G | Kantonsgericht des Kantons St. Gallen, 9001 St. Gallen | 071/ 21 31 11 |
| Schaffhausen | G | Obergericht des Kantons Schaffhausen, 8201 Schaffhausen | 053/ 82 74 22 |
| Schwyz | G | Kantonsgericht Schwyz, 6430 Schwyz | 043/ 24 11 24 |
| Solothurn | G | Obergericht des Kantons Solothurn, 4500 Solothurn | 065/ 21 73 11 |
| Tessin | I | Tribunale di appello, 6901 Lugano | 091/ 21 51 11 |
| Thurgau | G | Obergericht des Kantons Thurgau, 8500 Frauenfeld | 054/ 22 31 21 |
| Uri | G | Gerichtskanzlei Uri, 6460 Altdorf | 044/ 4 22 44 |
| Valais | F/G | Tribunal cantonal, 1950 Sion | 027/ 22 93 93 |
| Vaud | F | Tribunal cantonal, 1014 Lausanne | 021/313 15 11 |
| Zug | G | Obergericht des Kantons Zug, Rechtshilfe, 6300 Zug | 042/ 25 33 11 |
| Zürich | G | Obergericht des Kantons Zürich, Rechtshilfe, 8023 Zürich | 01/257 91 91 |

*Autorités centrales cantonales*     Annexe

| Cantons | Langue(s) officielle(s) (a=allemand) (f=français) (i=italien) | Adresses | Numéros de téléphone |
|---|---|---|---|
| Appenzell Ausserrhoden | a | Kantonsgericht Appenzell A.Rh., 9043 Trogen | 071/ 94 24 61 |
| Appenzell Innerrhoden | a | Kantonsgericht Appenzell I.Rh., 9050 Appenzell | 071/ 87 95 51 |
| Aargau | a | Obergericht des Kantons Aargau, 5000 Aarau | 064/ 21 19 40 |
| Basel-Landschaft | a | Obergericht des Kantons Basel-Landschaft, 4410 Liestal | 061/925 51 11 |
| Basel-Stadt | a | Appellationsgericht Basel-Stadt, 4054 Basel | 061/267 81 81 |
| Bern | a/f | Justizdirektion des Kantons Bern, 3011 Bern | 031/633 76 76 |
| Fribourg | f/a | Tribunal cantonal, 1700 Fribourg | 037/25 39 10 |
| Genève | f | Parquet du Procureur général, 1211 Genève 3 | 022/319 21 11 |
| Glarus | a | Obergericht des Kantons Glarus, 8750 Glarus | 058/ 61 15 32 |
| Graubünden | a | Justiz-, Polizei- und Sanitäts-departement | 081/ 21 21 21 |

# Rule 4

## RULES OF CIVIL PROCEDURE

| Cantons | Langue(s) officielle(s) (a=allemand) (f=français) (i=italien) | Adresses | Numéros de téléphone |
|---|---|---|---|
| | | Graubünden, 7001 Chur | |
| Jura | f | Département de la Justice, 2800 Delémont | 066/ 21 51 11 |
| Luzern | a | Obergericht des Kantons Luzern, 6002 Luzern | 041/ 24 51 11 |
| Neuchâtel | f | Départ ment de Justice, 2001 Neuchâtel | 038/ 22 31 11 |
| Nidwalden | a | Kantonsgericht Nidwalden, 6370 Stans | 041/ 63 79 50 |
| Obwalden | a | Kantonsgericht des Kantons Obwalden, 6060 Sarnen | 041/ 66 92 22 |
| St. Gallen | a | Kantonsgericht St. Gallen, 9001 St. Gallen | 071/ 21 31 11 |
| Schaffhausen | a | Obergericht des Kantons Schaffhausen, 8201 Schaffhausen | 053/ 82 74 22 |
| Schwyz | a | Kantonsgericht Schwyz, 6340 Schwyz | 043/ 24 11 24 |
| Solothurn | a | Obergericht des Kantons Solothurn, 4500 Solothurn | 065/ 21 73 11 |
| Tessin | i | Tribunale di appello, 6901 Lugano | 091/ 21 51 11 |
| Thurgau | a | Obergericht des Kantons Thurgau, 8500 Frauenfeld | 054/ 22 31 21 |
| Uri | a | Gerichtskanzlei Uri, 6460 Altdorf | 044/ 4 22 44 |
| Valais | f/a | Tribunal cantonal, 1950 Sion | 027/ 22 93 93 |
| Vaud | f | Tribunal cantonal, 1014 Lausanne | 021/313 15 11 |
| Zug | a | Obergericht des Kantons Zug, Rechtshilfe, 6300 Zug | 042 25 33 11 |
| Zürich | a | Obergericht des Kantons Zürich, Rechtshilfe, 8023 Zürich | 01/257 91 91 |

13 With the following declaration:

"1. Pursuant to Article 2, paragraph 1 of the Convention, the Directorate General of Civil Affairs of the Ministry of Justice (Adalet Bakanliği Hukuk Isleri Genel Müdürlüğü, Ankara) is designated as the Central Authority.

"2. The Directorate General of Civil Affairs of the Ministry of Justice is also competent to complete certificates as referred to in Article 6 of the Convention.

"3. The Directorate General of Civil Affairs is also designated as the authority competent to receive documents forwarded through the channels specified in Article 9, paragraph 1 of the Convention.

"4. Pursuant to Article 8 of the Convention, the Government of the Republic of Turkey acknowledges the freedom of diplomatic and consular agents to serve judicial documents upon their own nationals only.

"5. The Government of the Republic of Turkey declares that it is opposed to the use of the methods of serving judicial documents listed in Article 10 of the Convention.

"6. The Government of the Republic of Turkey declares that its judges, notwithstanding the provisions of the first paragraph of Article 15, may give judgment if all the conditions set out in the second paragraph of the said Article are fulfilled.

"7. Pursuant to Article 16, paragraph 3, the Government of the Republic of Turkey declares that applications for relief as referred to in Article 16, paragraph 2, will not be entertained if they are filed after the expiration of a period of one year following the date of the judgment."

Embassy of the Republic of Turkey [at the Hague]

No. 18313/328–78

The Embassy of Turkey presents its compliments to the Ministry of Foreign Affairs, the depositary of the Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, and has the honor to inform it of the text of the declaration of

the Turkish Government regarding the accession to the aforementioned Convention by the Greek Cypriot Government:

Quote:

The Republic of Turkey, although not exercising its right of opposition as set forth in Article 28(2) of the Convention, declares that it does not consider itself bound to apply the provisions of the Convention with respect to the Greek Cypriot Government which, in constitutional terms, is not authorized to represent the "Republic of Cyprus" as a whole.

The Embassy of Turkey avails itself of this opportunity to renew to the Ministry of Foreign Affairs the assurances of its highest consideration.

The Hague, April 6, 1983

[Initialed]

[Official stamp]

14 With the following declarations:

(1)"(a) In accordance with the provisions of Articles 2 and 18 of the Convention, Her Majesty's Principal Secretary of State for Foreign Affairs is designated as the Central Authority; and the Senior Master of the Supreme Court, Royal Courts of Justice, Strand, London W.C. 2, the Crown Agent for Scotland, Lord Advocate's Department, Crown Office, 9 Parliament Square, Edinburgh 1, and the [as per letter dated 10 June 1980] the Master (Queen's Bench and Appeals), Royal Courts of Justice, Belfast 1, are designated as additional authorities for England and Wales, Scotland, and Northern Ireland respectively.

"(b) The authorities competent under Article 6 of the Convention to complete the Certificate of Service are the authorities designated under Articles 2 and 18.

"(c) In accordance with the provisions of Article 9 of the Convention, the United Kingdom designates as receivers of process through consular channels the same authorities as those designated under Articles 2 and 18.

**Complete Annotation Materials, see Title 28 U.S.C.A.**

72

COMMENCEMENT OF ACTION, &C.                                        **Rule 4**

"(d) With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States.

"(e) The United Kingdom declares its acceptance of the provisions of the second paragraph of Article 15 of the Convention.

"(f) In accordance with the provisions of the third paragraph of Article 16 of the Convention, the United Kingdom declares, in relation to Scotland only, that applications for setting aside judgments on the grounds that the defendant did not have knowledge of the proceedings in sufficient time to defend the action will not be entertained if filed more than one year after the date of judgment.

"The authorities designated by the United Kingdom will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language.

"A notification under the second and third paragraphs of Article 29 regarding the extension of the Convention to the territories for the international relations of which the United Kingdom is responsible will be addressed to the Royal Netherlands Government in due course."

"(2)"(a) In accordance with Article 18 of the Convention the authority shown against the name of each territory in the Annex (hereinafter severally called 'the designated authority') is designated as the authority in that territory competent to receive requests for service in accordance with Article 2 of the Convention.

"(b) The authority in each territory competent under Article 6 of the Convention to complete the Certificate of Service is the designated authority.

"(c) In accordance with the provisions of Article 9 of the Convention, the designated Authority shall receive process sent through consular channels.

"(d) With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents sent for service through official channels will be accepted in a territory listed in the Annex by the designated authority and only from judicial, consular or diplomatic officers of other Contracting States.

"(e) The acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall equally apply to the territories named in the Annex.

"The authorities designated in the Annex will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language."

**ANNEX**

| | |
|---|---|
| Antigua and Barbuda* | The Governor General, Antigua and Barbuda. |
| | The Registrar of the High Court of Antigua and Barbuda, St. John's, Antigua. |
| Bermuda | The Registrar of the Supreme Court, Bermuda. |
| British Honduras | The Supreme Court Registry, British Honduras. |
| British Solomon Islands Protectorate | The Registrar of the High Court, Honiara, British Solomon Islands Protectorate. |
| British Virgin Islands | The Registrar of the Supreme Court, British Virgin Islands. |
| Cayman Islands | The Clerk of the Courts, Grand Cayman, Cayman Islands |
| Central and Southern Line Islands | The Registrar of the High Court, Honiara, British Solomon Islands Protectorate. |
| Falkland Islands and Dependencies | The Registrar of the Supreme Court, Stanley, Falkland Islands. |
| Fiji | The Registrar of the Supreme Court, Fiji. |
| Gibraltar | The Registrar of the Supreme Court, Gibraltar. |
| Gilbert and Ellice Islands Colony | The Registrar of the High Court, Tarawa, Gilbert and Ellice Islands Colony. |
| Guernsey | The Bailiff, Bailiff's Office, Royal Court House, Guernsey, Channel Islands. |
| Isle of Man | The First Deemster and Clerk of the Rolls, Rolls Office, Douglas, Isle of Man. |
| Jersey | The Attorney General, Jersey, Channel Islands. |
| Montserrat | The Registrar of the High Court, Montserrat. |
| Pitcairn | The Governor and Commander-in-Chief, Pitcairn. |
| St. Helena and Dependencies | The Supreme Court, St. Helena. |
| St. Lucia | The Registrar of the High Court of Justice, St. Lucia. |
| St. Vincent | The Registrar of the Supreme Court, St. Vincent. |
| Seychelles* | The Supreme Court, Seychelles. |
| Turks and Caicos Islands | The Registrar of the Supreme Court, Turks and Caicos Islands. |

---

* Ed. note—Now independent parties to the Convention. See also country footnote.

*Extension to Anguilla.—*

*Notification in conformity with Article 31, paragraphs d and e, of the Convention*

In accordance with Article 29, paragraph 2, of the Convention the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague notified the Minister of Foreign Affairs of the Kingdom of the Netherlands, by a Letter dated 30 July 1982 and received on 3 August 1982, the extension of the Convention to Anguilla.

---

# Rule 4                    RULES OF CIVIL PROCEDURE

In accordance with Article 29, paragraph 3, the Convention will enter into force for Anguilla on 28 September 1982.

The extension was accompanied by the following declarations:

(a) in accordance with Article 18 of the Convention the Registrar of the Supreme Court of Anguilla (hereinafter called the designated authority) is designated as the authority competent to receive requests for service in accordance with Article 2 of the Convention.

(b) the authority competent under Article 6 of the Convention to complete the Certificate of Service is the designated authority.

(c) in accordance with the provisions of Article 9 of the Convention the designated authority shall receive process sent through consular channels.

(d) with reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents sent for service through official channels will be accepted by the designated authority and only from judicial, consular or diplomatic officers of other contracting states.

(e) the acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall apply to Anguilla.

The designated authority will require all documents forwarded to it for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language.

*Extension to the Associated State of Saint Christopher and Nevis.*

*Notification in conformity with Article 31, paragraphs d and e, of the Convention*

In accordance with Article 29, paragraph 2, of the Convention the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague notified the Minister of Foreign Affairs of the Kingdom of the Netherlands by Letter dated 1 March 1983 and received on 2 March 1983 of the extension of the Convention to the Associated State of Saint Christopher and Nevis.

In accordance with Article 29, paragraph 3, the Convention will enter into force for Saint Christopher and Nevis on 1 May 1983.

The Letter contains the following declarations:

"a) in accordance with Article 18 of the Convention the Registrar of the West Indies Associated State Supreme Court, Saint Christopher and Nevis circuit (hereinafter called the designated authority) is designated as the authority competent to receive requests for service in accordance with Article 2 of the Convention;

"b) the authority competent under Article 6 of the Convention to complete the Certificate of Service is the designated authority;

"c) in accordance with the provisions of Article 9 of the Convention the designated authority shall receive process sent through consular channels;

"d) with reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents sent for service through official channels will be accepted by the designated authority and only from judicial, consular or diplomatic officers of other contracting states;

"e) the acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall apply to Saint Christopher and Nevis.

"The designated authority will require all documents forwarded to it for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language."

15 With the following declarations:

"1. In accordance with Article 2, the United States Department of Justice is designated as the Central Authority to receive requests for service from other Contracting States and to proceed in conformity with Articles 3 to 6.

"2. In accordance with Article 6, in addition to the United States Department of Justice, the United States Marshal or Deputy Marshal

for the judicial district in which service is made are designated for the purpose of completing the certificate in the form annexed to the Convention.

"3. In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled.

"4. In accordance with the third paragraph of Article 16, it is declared that an application under Article 16 will not be entertained if it is filed (a) after the expiration of the period within which the same may be filed under the procedural regulations of the court in which the judgment has been entered, or (b) after the expiration of one year following the date of the judgment, whichever is later.

"5. In accordance with Article 29, it is declared that the Convention shall extend to all the States of the United States, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands.

"6. By Note, received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 31 March 1994, the Government of the United States of America declared that in accordance with Article 29, paragraph 2, of the above-mentioned Convention, in addition to the territorial extensions made upon deposit of the U.S. instrument of ratification (November 19, 1970), the Government of the United States of America hereby declares that the Convention shall also be extended to the Commonwealth of the Northern Mariana Islands (which became a U.S. Commonwealth on November 3, 1986).

"The authorities currently designated by the Government of the United States of America to perform certain functions under the Treaty shall also be the authorities designated to perform those functions for the Commonwealth of the Northern Mariana Islands.

"The Convention will enter into force for the Commonwealth of the Northern Mariana Islands on 30 May 1994."

Each request for service should be accompanied by an international money order (not "postal" money order) made payable to the "Treasurer of the United States" in the sum of $15.00. No fee will be charged for a request for service from any State party to the Convention which does not impose a charge for the service of documents sent from the United states for service under the Convention.

(The address of the U.S. Central Authority for purposes of service under the Convention is: Office of International Judicial Assistance, Department of Justice, Washington, D.C. 20530.)

16 The Permanent Bureau of the Hague Conference on private international law presents its compliments to the Diplomatic Missions of the Member States and to the National Organs and has the honour to inform them that, by instrument deposited on 29 October 1993 with the Ministry of Foreign Affairs of the Kingdom of the Netherlands, the *Republic of Venezuela*

acceded to the above-mentioned Convention.

The instrument of accession contains the following declarations:

Translations

1.— With regard to Article 5, paragraph 3:

"The Republic of Venezuela declares that notices and documents and other items annexed to the notices will be accepted only when they are properly translated into the Spanish language".

2.— With regard to Article 8:

"The Republic of Venezuela does not agree to the exercise of the faculty provided for in the first paragraph of this Article within its territory, in respect of other persons who are not nationals of the country of origin".

3.— With regard to Article 10(a):

"The Republic of Venezuela does not agree to the transmission of documents through postal channels".

4.— With regard to Article 15(a), (b) and (c):

"The Republic of Venezuela declares that 'Venezuelan judges shall be empowered to decide when the conditions contained in sections (a), (b) and (c) of this Article are fulfilled, even though

they have not received any communication evidencing either the notice or transfer, or delivery of the document".

**5.—** With regard to Article 16:

"The Republic of Venezuela declares that the request allowed by the third paragraph of this Article shall not be admissible if it is made after the expiration of the period specified in Venezuelan law".

The States which ratified the Convention were notified of the accession by the Netherlands Government on 30 November 1993. Since none of these States raised an objection to the accession within the period of six months specified in Article 28, paragraph 2, the said accession became perfect on 15 June 1994.

In accordance with Article 28, paragraph 3, the Convention entered into force for the *Republic of Venezuela on 1 July 1994.*

*Notification in conformity with Article 31*

The Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters of 15 November 1965, has the honour to inform the Members States of the Hague Conference on Private International and the States having acceded to the Convention that in accordance with Article 2 Venezuela has designated the "Ministry of Foreign Affairs" as the Central Authority.

### Notes and Annotations to the Convention

Litigants wishing to serve a person in one of the Convention countries should request copies in duplicate of the three forms prescribed by the Convention: the "Request", the "Certificate" and the "Summary." These forms may be obtained from the offices of the United States Marshals. Upon completion of these forms, the litigants must then transmit them, together with the documents to be served—all in duplicate—to the local process server.

The local process server thereupon mails all these documents to the "Central Authority" abroad. After service has been effected, one copy of the documents served and an executed "Certificate" all be returned to the local process server, who will transmit these documents to the litigant who initiated the request.

#### —— Annotations

"The Effect of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters", 2 Cornell Int'l L.J. 125 (1969).

Julen v. Larson, 25 Cal.App.3d 325, 101 Cal. 796 (1972).

Shoei Kako Co., Ltd. v. Superior Court, 33 Cal.App.3d 808, 109 Cal. 402 (1973).

### COMMENTARIES

See 28 U.S.C.A. Rule 4, Federal Rules of Civil Procedure, for Commentaries by David D. Siegel.

## Rule 4.1.   Service of Other Process

**(a) Generally.** Process other than a summons as provided in Rule 4 or subpoena as provided in Rule 45 shall be served by a United States marshal, a deputy United States marshal, or a person specially appointed for that purpose, who shall make proof of service as provided in Rule 4(1). The process may be served anywhere within the territorial limits of the state in which the district court is located, and, when authorized by a statute of the United States, beyond the territorial limits of that state.

**(b) Enforcement of Orders: Commitment for Civil Contempt.** An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States if not more than 100 miles from the place at which the order to be enforced was issued.

(Added Apr. 22, 1993, eff. Dec. 1, 1993.)

### ADVISORY COMMITTEE NOTES

#### 1993 Adoption

This is a new rule. Its purpose is to separate those few provisions of the former Rule 4 bearing on matters other than service of a summons to allow greater textual clarity in Rule 4. Subdivision (a) contains no new language.

Subdivision (b) replaces the final clause of the penultimate sentence of the former subdivision 4(f), a clause added to the rule in 1963. The new rule provides for nationwide service of orders of civil commitment enforcing decrees of injunctions issued to compel compliance with federal law. The rule makes no change in the practice with respect to the enforcement of injunctions or decrees not involving the enforcement of federally-created rights.

Service of process is not required to notify a party of a decree or injunction, or of an order that the party show cause why that party should not be held in contempt of such an order. With respect to a party who has once been served with a summons, the service of the decree or injunction itself or of an order to show cause can be made pursuant to Rule 5. Thus, for example, an injunction may be served on a party through that person's attorney. *Chagas v. United States,* 369 F.2d 643 (5th Cir.1966). The same is true for service of an order to show cause. *Waffenschmidt v. Mackay,* 763 F.2d 711 (5th Cir.1985).

The new rule does not affect the reach of the court to impose criminal contempt sanctions. Nationwide enforcement of federal decrees and injunctions is already available with respect to criminal contempt: a federal court may effect the arrest of a criminal contemnor anywhere in the United States, 28 U.S.C. § 3041, and a contemnor when arrested may be subject to removal to the district in which punishment may be imposed. Fed.R.Crim.P. 40. Thus, the present law permits criminal contempt enforcement against a contemnor wherever that person may be found.

The effect of the revision is to provide a choice of civil or criminal contempt sanctions in those situations to which it applies. Contempt proceedings, whether civil or criminal, must be brought in the court that was allegedly defied by a contumacious act. *Ex parte Bradley,* 74 U.S. 366 (1869). This is so even if the offensive conduct or inaction occurred outside the district of the court in which the enforcement proceeding must be conducted. *E.g., McCourtney v. United States,* 291 Fed. 497 (8th Cir.), *cert. denied,* 263 U.S. 714 (1923). For this purpose, the rule as before does not distinguish between parties and other persons subject to contempt sanctions by reason of their relation or connection to parties.

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

FEB 2 0 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

## CAUSE NO. 2003-09-4528-E

ACEROS Y LAMINADOS SIGOSA,    *    IN THE DISTRICT COURT
S.A. DE C.V.                  *
                              *
VS.                           *    CAMERON COUNTY, TEXAS
                              *
DUFERCO S.A. and DUFERCO      *
STEEL, INC.                   *    357th JUDICIAL DISTRICT

### DEFENDANT DUFERCO STEEL, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DUFERCO STEEL, INC., Defendant in the above entitled and numbered cause, and files this its Original Answer to Plaintiff's First Amended Original Petition, and in support thereof would show the Court as follows:

### I.

### GENERAL DENIAL

Defendant Duferco Steel, Inc. herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's live pleading, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

### II.

### AFFIRMATIVE DEFENSES

2.01    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims arise out of a written contract of sale dated March 20, 2002, which contract contains an arbitration clause; and therefore, this cause should be dismissed in favor of arbitration.

**EXHIBIT**

**A-6**

2.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Defendant is not a party to the contract of sale dated March 20, 2002 that is the subject of this action.

WHEREFORE, Defendant prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____ *Norton A Colvin* _____
     Norton A. Colvin, Jr. *M permission*
State Bar No. 04632100    *MCfontous*
1201 East Van Buren    *SBOT 04631400*
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

and

Robert P. Stein
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022-4834
(212) 801-2100
Fax (212) 688-2449

ATTORNEYS FOR DEFENDANT,
DUFERCO STEEL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record, to-wit:

> David C. Garza
> Garza & Garza, LLP
> 680 East St. Charles, Suite 300
> Post Office Box 2025
> Brownsville, Texas 78522-2025
> Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 20th day of February, 2004.

_____
Norton A. Colvin, Jr.

CAUSE NO. 2003-09-4528-E

| | | |
|---|---|---|
| ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V. | * * * | IN THE DISTRICT COURT |
| VS. | * * | CAMERON COUNTY, TEXAS |
| DUFERCO S.A. and DUFERCO STEEL, INC. | * * | 357th JUDICIAL DISTRICT |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

This action has been removed to federal court pursuant to the attached Notice of Removal filed on February 20, 2004, by defendants Duferco S.A. and Duferco Steel, Inc. This matter is docketed at the federal court as civil action number _____ in the United States District Court for the Southern District of Texas – Brownsville Division.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _Norton a Colvin_

Norton A. Colvin, Jr. w/ permission
McFortall
SBOT 04631400
Attorney-in-Charge
State Bar No. 04632100
Southern Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

and

Robert P. Stein
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022-4834
(212) 801-2100
Fax (212) 688-2449

Attorneys for Defendants

**EXHIBIT**

B

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served upon counsel of record.

> David C. Garza
> Garza & Garza LLP
> 680 East St. Charles
> Suite 300
> Brownsville, Texas 78522
> (956) 541-4914

by certified mail on February 20, 2004.

Norton A. Colvin, Jr.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

ACEROS Y LAMINADOS SIGOSA ,      :
S.A. DE C.V.,      :
      :
      **Plaintiff,**      :      Civil Action No.  **B-04-031**
      :
DUFERCO S.A. and DUFERCO STEEL, INC.,  :
      :
      **Defendants.**  :
_____:

## INDEX OF ATTORNEYS

1.    David C. Garza
    State Bar No. 07731400
    Southern District Admissions No. Unknown
    Garza & Garza, LLP
    680 East St. Charles, Suite 300
    Post Office Box 2025
    Brownsville, Texas 78522-2025
    (956) 541-4914
    Fax (956) 542-7403
    Attorneys for Plaintiff

2.    Norton A. Colvin, Jr.
    State Bar No. 04632100
    Southern District Admissions No. 1941
    Rodriguez, Colvin Chaney & Saenz, L.L.P.
    Post Office Box 2155
    Brownsville, Texas 78522
    (956) 542-7441
    Fax (956) 541-2170
    Attorneys for Defendants

3.    Robert P. Stein
    Greenberg Traurig, LLP
    885 Third Avenue
    New York, New York 10022-4834
    (212) 801-2100
    Fax (212) 688-2449
    Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ACEROS Y LAMINADOS SIGOSA , S.A. DE C.V., | : : : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| DUFERCO S.A. and DUFERCO STEEL, INC., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## INDEX OF DOCUMENTS FILED

1.   Civil Cover Sheet

2.   Notice of Removal with following attachments:

    A.     State Court's Docket Sheet
    A-1.  Plaintiff's Original Petition
    A-2.  Plaintiff's First Amended Original Petition
    A-3.  Citation served on Duferco Steel, Inc.
    A-4.  Citation served on Duferco S.A.
    A-5.  Defendant Duferco S.A.'s Special Appearance to Present Motion Objecting to Jurisdiction Under Rule 120a in Regard to Plaintiffs' First Amended Original Petition, and Subject Thereto, Defendant Duferco S.A.'s Motion to Quash Citation, and Original Answer Subject to Special Appearance and Motion to Quash
    A-6.  Defendant Duferco Steel, Inc.'s Original Answer

3.   Notice to District Clerk of Filing of Notice of Removal

4.   Index of Attorneys

5.   Index of Documents Filed