IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V., §§§§ Plaintiff §§§§ <br> V. §§§§ <br> DUFERCO S.A. AND DUFERCO STEEL, INC. §§§§ Defendants §§§§ | CIVIL ACTION NO. B-04-031 <br> (Assigned to Hon. Hilda G. Tagle) |

**PLAINTIFF'S MOTION TO REMAND
AND MEMORANDUM OF AUTHORITIES**

NOW COMES, ACEROS Y LAMINADOS SIGOSA, S. A. DE C.V., Plaintiff, and files this Motion to Remand and Memorandum of Authorities and would respectfully show the Court the following:

I.

Plaintiff is filing this motion for remand pursuant to Title 28 USCA, Section 1447(c). Plaintiff simultaneously herewith is filing its response and memorandum of authorities in opposition to the Defendants' motion to compel arbitration, to which reference is made herein. Plaintiff would show that Defendants removed pursuant to Title 9 USCA § 202, 203, and 205 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). There are four factors required to be shown to compel arbitration under the Convention. The Fifth Circuit

recognizes the four factors that are looked at by courts under Chapter 2, the Convention Act of Title 9, for deciding whether to compel arbitration. The Fifth Circuit has recognized these four factors in many cases. For example, see <u>Francisco vs. Stolt Achievement Mt.</u>, 293 F. 3d 270 (Fifth Cir. 2002). See also, for example, <u>Sedco, Inc. vs. Petroleos Mexicanos</u> (<u>PEMEX</u>) 767 F. 2d 1140 (Fifth Circuit, 1985).

The Defendants have failed to establish the first factor which requires a determination that there is an agreement to arbitrate the particular dispute in question. Plaintiff respectfully submits that it has shown that the claims and causes of action brought by it in its First Amended Original Petition filed in state court are not claims or actions considered to be arbitrated under the narrow arbitration clause in the sales order confirmation between Plaintiff Aceros and Defendant Duferco attached as Exhibit "A" to Plaintiff's First Amended Original Petition. Plaintiff herein refers to and incorporates herein by reference its response and memorandum of authorities in opposition to the Defendants' motion to compel arbitration for the proposition that the dispute between the parties herein is not "falling under the Convention" as is required by Title 9 USCA §205 for a proper removal. The Fifth Circuit has considered motions to remand involving removal under the Convention Act; for example, see the case of <u>Francisco</u>, <u>supra</u>, (Fifth Cir. 2002).

II.

In the case of *DII Industries LLC v. Underwriters at Lloyd's London*, 2003 WL 22080722 (U.S. District Court, N.D. Tex. 2003), the U.S. District Court remanded the case back to the state court. Defendant had relied on Title 9 USCA §205 to remove the case. In the case *Dahiya v. Talmidge International, Ltd.*, 2002 WL 31962151 (U.S.

District Court, E.D. La.), a District Court in Louisiana remanded a case after the defendants had removed relying on Title 9 USCA §205, the Convention Act. The district court granted the Plaintiff's motion to remand because the second element of the four factors for an agreement to arbitrate under §205 had not been shown by the removing party.

### III.

In this instant case of Aceros/Duferco we have the issue of whether there is an agreement to arbitrate the issues in dispute here. See the Plaintiff's response and memorandum of authorities in opposition to Defendants motion to compel arbitration. Plaintiff's Aceros asserts that claims here do not fall within the scope of the arbitration clause. Plaintiff Aceros position that the claims in its lawsuit do not fall within the scope of the arbitration clause is a proper inquiry for this Honorable Court. It is clear that whether the claims raised by Aceros in its lawsuit are subject to arbitration is a matter for this Court and not the arbitrator. The attached affidavit Exhibit "1" to Plaintiff's response and memorandum of authorities in opposition to the Defendants' motion to compel arbitration clearly shows that the disputes in question here are not covered by the arbitration clause, which does not even track the standard ICC clause and has some glaring differences from the standard ICC clause, which make the clause in question more narrow and restrictive than the broader standard ICC clause.

### IV.

Defendants have asserted on page 6 of their memorandum of law in support of the motion to compel arbitration that the arbitration clause in question is based upon "the standard ICC arbitration clause", which is set forth in the ICC rules, which is

attached as Exhibit "B" to Defendant's memorandum of law. For this Court's convenience the clause concerning arbitration in the contract is set out herein,

> The parties will endeavour to the fullest extent to settle any controversy arising out of the present contract in an amicable way. In case it is not possible to find an amicable settlement, then the controversy will be resolved through arbitration to be conducted
> in accordance with conciliation and arbitration rules of the International Chamber of Commerce.
> Place of Arbitration: Geneve.
> The award of the arbitrators shall be final and binding on the parties.

Exhibit B to Defendants memorandum of law which are the ICC rules contains on pages 4 and 5 references to the standard ICC Arbitration Clause. Starting this discussion under the Section that reads "Standard ICC Arbitration Clause, it notes on page 4 the following: "The ICC recommends that all parties wishing to make reference to ICC arbitration in their contracts use the following standard clause." Going on it sets out the ICC standard clause beginning at the bottom of page 4 and continuing on page 5 as follows:

> All disputes arising out of or in connection with the present contract shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules.

A comparison of the arbitration clause between Aceros and Duferco with the standard ICC arbitration clause clearly reflects some glaring differences. First of all, the Aceros/Duferco arbitration clause in question talks in terms "to settle any controversy arising out of the present contract." The standard ICC clause talks in terms of "<u>disputes</u>

arising out of <u>or in connection with</u> the present contract." The phrase "or in connection with" is glaringly missing from the arbitration clause in question.

## V.

Again, the first factor under the Convention Act still requires an agreement in writing to arbitrate the dispute and this factor requires that the dispute in question fall within the scope of the arbitration clause as shown in cases cited in Plaintiff's response and memorandum of authorities. Plaintiff vigorously contests that the first factor of the four factors that this Court should look at when considering the motion to compel arbitration is met by Defendants. On the contrary, Plaintiff respectfully submits and vigorously contests that there is an agreement in writing to arbitrate the particular claims raised by Aceros. As has been shown hereinabove, there is no clear agreement in writing to arbitrate the claims which form the basis of the Plaintiff's lawsuit. Again, reference is made to Exhibit "1", the affidavit by an authorized representative of the Plaintiff attached to Plaintiff's response to the motion to compel reflecting that the claims made herein are not covered by the arbitration clause. The case law in the Fifth Circuit as shown here is abundantly clear that even under this first factor this Honorable Court must make a determination that the claims in question fall within the scope of the arbitration clause. Plaintiff again respectfully submits that the claims in question do not fall within the scope of the narrow arbitration clause between Aceros and Duferco.

It is clear that the arbitration provision in question is a narrow arbitration provision, which does not even track the broader language found in the Standard ICC clause.

## VI.

As shown hereinabove, even under the four factors to be considered under the Convention, the first factor still needs to be determined under all the Fifth Circuit authority as to whether the dispute in question falls within the scope of the arbitration agreement. There are numerous cases discussing the four factors. Plaintiff points out one case here to show that the district court must determine whether the arbitration clause covers the dispute in question under the first factor considered under the Convention. The case of <u>Continental Insurance Company v. Jantran, Inc</u>., 906 F. Supp. 362 (E.D. Louisiana 1995) was decided under Chapter 2, the Convention Act. The district court discussed the application of the four factors, which had previously been set out in cases such as; <u>Sedco</u>, <u>supra</u>. In <u>Continental</u>, the district court referring to the <u>Sedco</u> case pointed out the following:

> In Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex) 767 F2d 1140 (5th Cir. 1985), the Fifth Circuit clarified the ground rules regarding arbitration clauses under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201-208 ("the Convention"). In Sedco, a limited inquiry into four factors to determine the propriety of arbitration under the Convention was recognized:
> 1. Is there an agreement to arbitrate the dispute or is the agreement broad or narrow;
> *366 2. Does the agreement provide for arbitration in the territory of a Convention signatory;
> 3. Does the agreement to arbitrate arise out of a commercial legal relationship;
> 4. Is a party to the agreement not an American citizen.

In <u>Continental</u>, <u>supra</u>, the limited inquiry that a district court must make was discussed and the focus there was on the first factor of "whether there is an agreement to arbitrate the dispute or is the agreement broad or narrow." As shown here the claims raised by the Plaintiff clearly fall outside the scope of the narrow arbitration clause. For example, in <u>Continental</u>, the arbitration clause there used the language, "arising out of or in connection with," which is the standard ICC clause language, which is much broader language than the Aceros/Duferco clause in question.

Since there is no agreement to arbitrate the particular dispute in question, the removal under §205 fails to give this Court subject matter jurisdiction and the case should be remanded to State Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V., respectfully requests the following:

1. The Court grant Plaintiff's motion to remand;
2. That Plaintiff be given any other relief to which it may be entitled to either in law or equity.

                Respectfully submitted,
                **ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V.,**
                Plaintiff

By: _____
David C. Garza
State Bar No. 0731400
Southern District Federal Admission No. 3778
GARZA & GARZA LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522-2025
Telephone: (956) 541-4914
Fax: (956) 542-7403
ATTORNEY-IN-CHARGE FOR PLAINTIFF
**ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V.**

## CERTIFICATE OF CONFERENCE

The undersigned attorney left phone messages for the Brownsville attorneys for the Defendants on both Monday, March 15th and March 16th. I never heard back. Plaintiff's attorney assumes that they would object to the granting of the motion to remand in light of the motion to compel that was filed by Defendants.

_____
David C. Garza

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM OF AUTHORITIES** was served on the following counsel of record on  16th  day of March 2004.

| | |
|---|---|
| Norton A. Colvin, Jr.<br>RODRIGUEZ, COLVIN CHANEY<br>  & SAENZ, LLP<br>P.O. Box 2155<br>Brownsville, TX 78522 | CERTIFIED MAIL/RRR<br>NO. 7003 1010 0003 6965 2599 |
| Robert P. Stein<br>GREENBERG TRAURIG, LLP<br>885 Third Avenue<br>New York, NY 10022-4834 | CERTIFIED MAIL/RRR<br>NO. 7002 1010 0003 6925 2605 |

_____
David C. Garza