IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED
MAR 3 0 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V. § § § Plaintiff § § vs. § § DUFERCO S. A. AND DUFERCO § STEEL, INC. § § Defendants § | **CIVIL ACTION NO. B-04-031** (Assigned to Hon. Hilda G. Tagle) |

**JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE
MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1. STATE WHETHER AND WHEN THE MEETING OF THE PARTIES REQUIRED BY RULE 26(F) WAS HELD, AND IDENTIFY THE COUNSEL WHO ATTENDED FOR EACH PARTY.**

Pursuant to Federal Rule Civil Procedure 26(f), a conference was held on March 30, 2004. The parties present and parties represented at the meeting were as follows:

| **PLAINTIFF** | **NAME OF REPRESENTATIVE PRESENT** |
|---|---|
| Aceros y Laminados Sigosa, S. A. de C. V. | David C. Garza, Attorney for Plaintiff |
| **DEFENDANTS** | **NAME OF REPRESENTATIVE PRESENT** |
| Duferco S. A. | Norton A. Colvin, Jr., Attorney for Defendant Robert P. Stein, Attorney for Defendant |
| Duferco Steel, Inc. | Norton A. Colvin, Jr., Attorney for Defendants Robert P. Stein, Attorney for Defendant |

Case 1:04-cv-00031   Document 11   Filed in TXSD on 03/30/2004   Page 2 of 8


2. **LIST OF CASES RELATED TO THIS ONE THAT ARE PENDING IN ANY STATE OR FEDERAL COURT, WITH THE CASE NUMBER AND COURT.**

This case was removed to this federal court from the 357th District Court in Cameron County, Cause Number 2003-09-4582-E. The parties would advise the Court that they are not aware of any other similar lawsuit.

3. **SPECIFY THE ALLEGATION OF FEDERAL JURISDICTION.**

Defendants allege jurisdiction pursuant to Title 9, USCA, Section 202, 203 and 205.

4. **NAME AND PARTIES WHO DISAGREE AND THE REASONS.**

Plaintiff disagrees with jurisdiction as set out in its motion to remand.

5. **LIST ANTICIPATED ADDITIONAL PARTIES THAT SHOULD BE INCLUDED, WHEN THEY CAN BE ADDED, AND BY WHOM THEY ARE WANTED.**

None known at this time.

6. **LIST ANTICIPATED INTERVENTIONS.**

None known at this time.

7. **DESCRIBE CLASS-ACTION ISSUES.**

None.

8. **STATE WHETHER EACH PARTY REPRESENTS THAT IT HAS MADE THE INITIAL DISCLOSURES REQUIRED BY RULE 26(A). IF NOT, DESCRIBE THE ARRANGEMENTS THAT HAVE BEEN MADE TO COMPLETE THE DISCLOSURES.**

Pursuant to Rule 26(a), the initial disclosures can be made fourteen (14) days after the meeting of parties pursuant to Rule 26. Since the meeting took place on March 30, 2004, the parties will make their initial disclosures on or before April 13, 2004.

9. **DESCRIBE THE PROPOSED AGREED DISCOVERY PLAN, INCLUDING:**

    A. **Estimate of the Time Needed for Discovery**

    Nine months if Motion to Compel Arbitration is not granted.

    B. **Discovery Contemplated**

    Merits discovery: The parties anticipate serving interrogatories and requests for production. Depositions will also be necessary, including depositions of non-party witnesses/persons with knowledge. In addition, subpoenas duces tecum and depositions on written questions may be utilized to obtain information and documents from non-parties.

    C. **RESPONSES TO ALL THE MATTERS RAISED IN RULE 26(F).**

    D. **WHEN AND TO WHOM THE PLAINTIFF ANTICIPATES IT MAY SEND INTERROGATORIES.**

    Plaintiff anticipates that it may send interrogatories to Defendants within thirty to sixty days of the initial pretrial and scheduling conference.

    E. **WHEN AND TO WHOM THE DEFENDANT ANTICIPATES IT MAY SEND INTERROGATORIES.**

    Defendants anticipate that they may send interrogatories to Plaintiff within thirty to sixty days of the initial pretrial and scheduling conference.

    F. **OF WHOM AND BY WHEN THE PLAINTIFF ANTICIPATES TAKING ORAL DEPOSITIONS.**

Plaintiff anticipates taking the depositions of Defendants, their corporate representative, and other employees or agents if necessary. Plaintiff also anticipates deposing any other individuals identified as having knowledge of relevant facts. Plaintiff may also take the depositions of any other fact or expert witnesses who may be identified during the course of discovery.

G. **OF WHOM AND BY WHEN THE DEFENDANTS ANTICIPATE TAKING ORAL DEPOSITIONS.**

Defendants anticipate taking the depositions of Plaintiff, its corporate representative, and other employees or agents if necessary. Defendants also anticipate deposing any other individuals identified as having knowledge of relevant facts. Defendants may also take the depositions of any other fact or expert witnesses who may be identified during the course of discovery.

H. **LIST EXPERT DEPOSITIONS THE PLAINTIFF ANTICIPATES TAKING AND THEIR ANTICIPATED COMPLETION DATE. SEE RULE (26)(A)(2)(B) (EXPERT REPORT).**

The depositions of any experts that Defendants have. However, Defendants have not designated any experts at this time. The parties are in agreement that those experts can be designated at a later time.

I. **LIST EXPERT DEPOSITIONS THE DEFENDANT ANTICIPATES TAKING AND THEIR ANTICIPATED COMPLETION DATE. SEE RULE 26(A)(2)(B) (EXPERT REPORT).**

Defendants anticipate taking the depositions of all experts designated by Plaintiff. However, Plaintiff has not designated any experts at this time. The parties are in agreement that those experts can be designated at a later time.

10. **IF THE PARTIES ARE NOT AGREED ON A PART OF THE DISCOVERY PLAN, DESCRIBE THE SEPARATE VIEWS AND PROPOSALS OF EACH PARTY.**

The parties have discussed the type of discovery that will be needed and agree that there may be other persons whose names come out during the discovery that may require additional depositions being listed and taken. The parties intend to cooperate in any further discovery that is needed.

11. **SPECIFY THE DISCOVERY BEYOND INITIAL DISCLOSURES THAT HAS BEEN UNDERTAKEN TO DATE.**

None.

12. **STATE THE DATE THE PLANNED DISCOVERY CAN REASONABLY BE COMPLETED.**

See 9(A) and (B) above.

13. **DESCRIBE THE POSSIBILITIES FOR A PROMPT SETTLEMENT OR RESOLUTION OF THE CASE THAT WERE DISCUSSED IN YOUR RULE 26(f) MEETING.**

Defendants assert that arbitration is appropriate in this case pursuant to the terms of the contract in question.

14. **DESCRIBE WHAT EACH PARTY HAS DONE OR AGREED TO DO TO BRING ABOUT A PROMPT RESOLUTION.**

Defendants assert that arbitration is appropriate in this case pursuant to the terms of the contract in question.

15. **FROM THE ATTORNEYS' DISCUSSION WITH THE CLIENT, STATE THE ALTERNATIVE DISPUTE RESOLUTION TECHNIQUES THAT ARE REASONABLY SUITABLE.**

Defendants assert that arbitration is appropriate in this case pursuant to the terms of the contract in question.

16. **MAGISTRATE JUDGES MAY NOW HEAR JURY AND NONJURY TRIAL. INDICATE THE PARTIES' JOINT POSITION ON A TRIAL BEFORE MAGISTRATE JUDGE.**

Plaintiff is willing to have this case heard by a U.S. Magistrate Judge. At this time, Defendants are not able to agree to have this case heard by a U. S. Magistrate Judge.

17. **STATE WHETHER A JURY DEMAND HAS BEEN MADE AND IF IT WAS MADE ON TIME.**

No jury demand has been made at this time.

18. **SPECIFY THE NUMBER OF HOURS IT WILL TAKE TO PRESENT THE EVIDENCE IN THIS CASE.**

In the event this case is not referred to arbitration, the parties anticipate that the evidence can be presented in 30 hours.

19. **LIST PENDING MOTIONS THAT COULD BE RULED ON AT THE INITIAL PRETRIAL AND SCHEDULING CONFERENCE.**

Pending motions include Defendants' motion to compel arbitration and Plaintiff's opposition thereto, and Plaintiff's motion to remand and Defendants' opposition thereto.

20. **LIST OTHER MOTIONS PENDING.**

There are no other motions pending at this time.

21 - **INDICATE OTHER MATTERS PECULIAR TO THIS CASE, INCLUDING DISCOVERY, THAT DESERVE THE SPECIAL ATTENTION OF THE COURT AT THE CONFERENCE.**

None at this time.

22. **LIST THE NAMES, BAR NUMBERS, ADDRESSES, AND TELEPHONE NUMBERS OF ALL COUNSEL.**

| | |
|---|---|
| **DUFERCO S. A. AND DUFERCO STEEL, INC., Defendants** | **ACEROS Y LAMINADOS SIGOSA S.A. DE C.V. Plaintiff** |
| Norton A. Colvin, Jr.<br>State Bar No. 04632100<br>Southern Admissions No. 1941<br>RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP<br>1201 East Van Buren<br>P.O. Box 2155<br>Brownsville, Texas 78522<br>Telephone: (956) 542-7441<br>Fax: (956) 541-2170 | David C. Garza<br>State Bar No. 07731400<br>Southern Admissions No. 3778<br>GARZA & GARZA, LLP<br>680 East St. Charles, Suite 300<br>P.O. Box 2025<br>Brownsville, TX 78520<br>Telephone: (956) 541-4914<br>Fax: (956) 542-7403 |

and

Robert P. Stein
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 801-2100
Fax: (212) 688-2449

                        Respectfully submitted,

                        GARZA & GARZA, LLP

                        By: _David C. Garza_ *with permission McBratu* SBOT 04631400
                             David C. Garza
                        State Bar No. 07731400
                        Southern Admissions No. 3778
                        680 East St. Charles, Suite 300
                        Post Office Box 2025
                        Brownsville, Texas 78522-2025
                        (956) 541-4914
                        Fax (956) 542-7403

                        ATTORNEYS FOR PLAINTIFF

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
Norton A. Colvin, Jr. *w/ permission*
Attorney-in-Charge   *McBrtoell*
State Bar No. 04632100   SBOT 04631400
Southern District Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

and

Robert P. Stein
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022-4834
(212) 801-2100
Fax (212) 688-2449

ATTORNEYS FOR DEFENDANTS