IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V., | : | Civil Action No. B-04-031 |
| | : | (Assigned to Hon. Hilda G. Tagle) |
| Plaintiff, | : | |
| | : | |
| DUFERCO S.A. and DUFERCO STEEL, INC., | : | |
| | : | |
| Defendants. | : | |

DEFENDANTS' RESPONSE AND MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO REMAND AND IN
<u>FURTHER SUPPORT OF MOTION TO COMPEL ARBITRATION</u>

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ ii

Preliminary Statement ..................................................................................................... 1

ARGUMENT ................................................................................................................... 3

    POINT I –    ACEROS' CLAIMS FALL WITHIN THE AGREEMENT TO ARBITRATE WHICH IS SUBJECT TO THE CONVENTION ............ 3

    POINT II –    ACEROS' MOTION TO REMAND MUST BE DENIED ................. 8

    POINT III –   DUFERCO'S MOTION TO COMPEL ARBITRATION MUST BE GRANTED ............................................................................. 10

CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page

### Federal Cases

*Beiser v. Weyler*, 284 F.3d 665 (5th Cir. (2002) ................................................................. 9, 10

*Continental Insurance Co. v. Jantran, Inc.*, 906 F. Supp. 362 (E.D. La. 1995) ..................... 8

*Dahita v. Talmidge International, Ltd.*, 2002 WL 31962151 (E.D. La. Oct. 11, 2002) ........ 8

*DII Industries LLC v. Underwriters at Lloyd's London*, 2003 WL 22080722
   (N.D. Tex. Aug. 7, 2003) ................................................................................................ 7

*Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069 (5th Cir. 2002) ........................... 11

*Francisco v. Stolt Achievement MT*, 293 F.3d 270 (5th Cir. 2002) ...................................... 3

*Hotchkiss v. National City Bank of New York*, 200 F. 287 (S.D.N.Y. 1911), *aff'd*, 231 U.S. 50, 34
   S.Ct. 20, 58 L.Ed. 115 (1913) ...................................................................................... 6-7

*In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752 (5th Cir. 1993) ............ 5

*Khouw v. Methodist Hospitals of Dallas*, 2004 WL 524945 (N.D. Tex.,
   Dallas Div., March 17, 2004) ......................................................................................... 6

*Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633 (5th Cir. 1985) ........... 4, 5, 11

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614,
   106 S.Ct. 3346, 87 L.Ed.2d 444 (1985) ....................................................................... 4-5

*National Railroad Passenger Corp. v. Chesapeake and Ohio Railway Co.*,
   551 F.2d 136 (7th Cir. 1977) .......................................................................................... 5

*OPE International LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 1069 (5th 2001) ....... 11

*Petula Associates, Ltd. v. Dolco Packaging Corp.*, 240 F.3d 499 (5th Cir. 2001) ............... 6

*Saturn Distribution Corp. v. Paramount Saturn, Ltd.*, 326 F.3d 684 (5th Cir. 2003) .......... 5

*Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140
   (5th Cir. 1985) ..................................................................................................... 3, 4, 5, 10

*Sherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15, 94 S.Ct. 2449,
   41 L.Ed.2d 270 (1974) Cir. 1990) .................................................................................. 4

*United Offshore Co. v. Southern Deepwater Pipeline Co.*, 899 F.2d 405 (5th Cir. 1990) .... 5

*United Steelworkers of America v. Warrior & Gulf Navigational Co.*, 363 U.S. 574,
   80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ..................................................................................4

*Wick v. Atlantic Marine, Inc.*, 605 F.2d 166 (5th Cir. 1979) ................................................4

### State Cases

*City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W. 2d 515 (Tex. 1968) ................6

*Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W. 2d 193 (Tex. Sup. 1962) ......6

### Federal Statutes

Convention On The Recognition and Enforcement of Foreign Arbitral Awards,
   9 U.S.C. §§ 201, *et seq.* ..................................................................................*passim*

9 U.S.C. § 205 ........................................................................................... 3, 8, 9, 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS – BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ACEROS Y LAMINADOS SIGOSA,** <br> **S.A. DE C.V.,** <br> <br> Plaintiff, <br> <br> DUFERCO S.A. and DUFERCO STEEL, INC., <br> <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. B-04-031 <br> (Assigned to Hon. Hilda G. Tagle) |

**DEFENDANTS' RESPONSE AND MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO REMAND AND IN
<u>FURTHER SUPPORT OF MOTION TO COMPEL ARBITRATION</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

<u>**Preliminary Statement**</u>

Defendants Duferco S.A. and Duferco Steel, Inc. ("Steel") (collectively, "Duferco") submits this response and memorandum in opposition to the motion of Plaintiff Aceros Y Laminados Sigosa ("Aceros") to remand this action to the state court, and in further support of their motion to compel arbitration of all claims asserted in this action before the International Chamber of Commerce in Geneva, Switzerland (the "ICC").

Plaintiff's motion to remand, and its objection to the motion to compel arbitration, rest upon the singular assertion that notwithstanding the fact that the arbitration clause set forth in the written contract of sale signed by each of the parties dated March 20, 2002 (the "Contract") requires the arbitration of "ANY CONTROVERSY ARISING OUT OF" that Contract, that arbitration clause supposedly does not embrace the claims asserted by Aceros in this action.

From that false premise, Aceros leaps to the equally false conclusion that the arbitration clause set forth in the Contract in not an agreement to arbitrate within the meaning of the Convention On The Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201, et seq. (the "Convention"). Plaintiff's assertion is not only contrary to law and to the plain meaning of the arbitration clause, but is in derogation of the strong public policy in favor of arbitration.[1]

As hereafter detailed, the agreement to arbitrate is a broad arbitration clause which encompasses "any controversy" arising out of the Contract. Aceros' claim for breach of the Contract, which is based upon its allegation that material that was sold and delivered under the Contract was defective, falls squarely within the plain meaning of the agreement to arbitrate, and there is nothing in the Contract or the arbitration clause that would exclude such claim from the broad scope of the agreement to arbitrate. Because the agreement to arbitrate falls squarely within the Convention, and because of the strong public policy in favor of arbitration which applies with "special force" in the field of international commerce, Aceros' motion to remand should be denied, and Duferco's' motion to compel arbitration should be granted.[2]

---

[1] A copy of the Contract of Sale is annexed as Exhibit A to the First Amended Original Petition which, in turn, is annexed to the Affidavit of Norton A. Colvin, Jr., sworn to February 20, 2004 ("Colvin Aff."), as Exhibit A.

[2] Aceros does not dispute that if the claims against Duferco S.A. are subject to arbitration, then the claims asserted against Duferco Steel, Inc., a non-party to the Contract, are also subject to mandatory arbitration. *See* Duferco Brief in Support of Motion to Compel Arbitration, Point II.

## ARGUMENT

### POINT I

### ACEROS' CLAIMS FALL WITHIN THE AGREEMENT TO ARBITRATE WHICH IS SUBJECT TO THE CONVENTION

Aceros does not dispute that the Contract contains an agreement to arbitrate. Nor does Aceros dispute that each of the other factors required to be met in order to remove a case under Section 205 of the Convention have been satisfied. *See Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002). Rather, Aceros' only contention is that the agreement to arbitrate set forth in the Contract supposedly does not embrace the particular dispute that is the subject of this action and, as a result, claims that remand of this action is required. (Aceros Brief at 2)

In making this argument, Aceros has ignored the plain language of both the Contract and Section 205 of the Convention, the strong public policy in favor of arbitration that applies under both the Federal Arbitration Act and the Convention, and the "very limited inquiry" that is to be made by the court in determining whether an agreement to arbitrate is subject to the Convention. *Id. See also, Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140,1144-45 (5th Cir. 1985). Section 205 provides that a state court action may be removed to federal court so long as the subject matter of that action "relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205. If the requirements under Section 205 are met, "the Convention requires district courts to order arbitration." *Id.* at 1145.

As detailed in Duferco's main brief, Point I, there is a strong federal policy in favor of arbitration which applies with "special force in the field of international commerce." *Mitsubishi*

3

*Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631, 106 S.Ct. 3346, 3356, 87 L.Ed.2d 444 (1985). As explained by the Supreme Court in *Sherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), "the goal of the Convention . . .was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." This case, which involves a dispute between two foreign companies engaged in international commerce, in which the parties agreed to resolve all disputes arising under their agreement by arbitration before the ICC in Geneva, Switzerland, is precisely the type of case contemplated by the Convention.

Consistent with the strong public policy in favor of arbitration, there is a strong presumption of arbitrability such that, as a general rule, "whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration." *Sedco, supra*, 767 F.2d at 1145. As held by the Court in *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985), a "presumption of arbitrability exists requiring that whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *See also, United Steelworkers of America v. Warrior & Gulf Navigational Co.*, 363 U.S. 574, 583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). As explained by the Court in *Mar-Len*:

> The weight of this presumption is heavy: arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue."

*Id.* (quoting from *Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979)).

4

In this Circuit, any arbitration clause that purports to cover "any dispute" between the parties arising out of a contract is considered "broad." *See In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993) ("arbitration clauses containing the 'any dispute' language, such as the one presently before us, are of the broad type"); *Mar-Len, supra*, 773 F.2d at 636, citing *National Railroad Passenger Corp. v. Chesapeake and Ohio Railway Co.*, 551 F.2d 136, 140 (7th Cir. 1977) (clause governed "any dispute...with respect to the interpretation or performance of" the contract); *Sedco, supra*, 767 F.2d at 1144 (clause governed "any dispute or difference between the parties"). As noted in *Sedco*, "[i]t is difficult to imagine broader general language than that contained in the ... arbitration clause, 'any dispute' ...". 767 F.2d at 1145. Where there is a broad arbitration clause covering "any dispute" arising from the underlying agreement between the parties, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Mar-Len, supra*, 773 F.2d at 636. *See also, Saturn Distribution Corp. v. Paramount Saturn, Ltd.*, 326 F.3d 684, 687 (5th Cir. 2003); *United Offshore Co. v. Southern Deepwater Pipeline Co.*, 899 F.2d 405, 409 (5th Cir. 1990).

Here, the arbitration clause contained in the Contract requires that "ANY CONTROVERSY ARISING OUT OF THE PRESENT CONTRACT...WILL BE RESOLVED THROUGH ARBITRATION TO BE CONDUCTED IN ACCORDANCE WITH CONCILIATION AND ARBITRATION RULES OF THE INTERNATIONAL CHAMBER OF COMMERCE." (Colvin Aff., Exh. A) The Contract provides for the sale by Duferco S.A. to Aceros of Prime Hot Rolled Steel Billets subject to specified terms, conditions and specifications. Aceros' claim that the material delivered was "defective" can only be a claim that

the material was not in conformity with the requirements of the Contract, which necessarily falls within the scope and plain meaning of the Contract.

Other than the self-serving affidavit submitted on behalf of Aceros, there is **nothing** in the Contract, or the arbitration clause referred to above, that would remotely suggest any intent to exclude the claims asserted by Aceros from the broad scope of the agreement to arbitrate.[3] Under settled principles of contract interpretation, the construction of a written instrument is a question of law for the Court. *Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W. 2d 193 (Tex. Sup. 1962). In construing a contract, the language used by the parties must be given its "plain grammatical meaning" unless to do so would "definitely defeat the intention of the parties." *Khouw v. Methodist Hospitals of Dallas,* 2004 WL 524945*2 (N.D. Tex., Dallas Div., March 17, 2004).

Aceros' attempt to rewrite the agreement to arbitrate in a manner more to its liking is of no probative value. A court "must enforce the unambiguous language in a contract as written, and the applicable standard is 'the objective intent' evidenced by the language used, rather than the subjective intent of the parties." *Petula Associates, Ltd. v. Dolco Packaging Corp.,* 240 F.3d 499, 504 (5th Cir. 2001). *See also, City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W. 2d 515, 518 (Tex. 1968) ("[i]n the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls."). As Judge Learned Hand wrote in *Hotchkiss v. National City Bank of New York,* 200 F. 287, 293 (S.D.N.Y. 1911), *aff'd,* 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115 (1913):

---

[3] Because the Contract, and the arbitration clause contained therein, is clear and unambiguous, the affidavit of Gustavo Elizondo submitted on behalf of Aceros is inadmissible parole evidence and should be disregarded by the Court.

> A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties. A contract is an obligation attached by mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent. If, however, it were proved by twenty bishops that either party, when he used the words, intended something else than the usual meaning which the law imposes upon them, he would still be held, unless there were some mutual mistake, or something else of the sort.

Applying these fundamental principles of contract interpretation, the conclusion is compelled that all of the claims asserted by Aceros in this action fall within and are subject to the broad agreement to arbitrate set forth in the Contract. The fact that the agreement to arbitrate is not identical to the standard ICC arbitration clause, uses the word "controversy" instead of "dispute," and merely refers to controversies "arising out of" the Contract, rather than "arising out of or in connection with" the Contract, are distinctions without any meaningful differences. By any standard, including the plain meaning of the words of the agreement to arbitrate, Aceros' claims for breach of the Contract, based upon the assertion that the material sold and delivered thereunder was "defective," can only be a claim "arising out of" the Contract such that the arbitration of that claim is mandated.

Aceros has failed to cite any authority to the contrary. In *DII Industries LLC v. Underwriters at Lloyd's London*, 2003 WL 22080722 (N.D. Tex. Aug. 7, 2003), a case cited by Aceros in support of its motion to remand, the action had been remanded for lack of subject matter jurisdiction and defendant sought an award of attorney's fees based upon the improper removal of the action. However, there was no discussion as to the grounds for removal, and the Court simply denied the motion for attorney's fees, holding that the non-removability of the

action was neither obvious nor without an objectively reasonable basis. Accordingly, *DII Industries* is simply irrelevant to the facts of this case.

*Dahita v. Talmidge International, Ltd.*, 2002 WL 31962151 (E.D. La. Oct. 11, 2002), is another case cited by Aceros in support of its motion to remand which is also irrelevant to the facts of this case. In *Dahita*, the Court held that a forum selection clause violated Louisiana's strong public policy against the inclusion of such clauses in employment contracts, and was invalid. Predicated thereon, the Court concluded that the arbitration clause did not satisfy the requirement of Section 205 of the Convention that the arbitration be held within a territory that was a signatory to the Convention.

Aceros also relies upon *Continental Insurance Co. v. Jantran, Inc.*, 906 F. Supp. 362 (E.D. La. 1995), a case involving an arbitration clause which provided that all disputes "arising out of or in connection with" the underlying insurance policy were required to be submitted to arbitration in London. Rejecting the contention that the agreement to arbitrate was "ambiguous," the Court found that the arbitration agreement was clear and unambiguous and granted the motion to compel arbitration. *Id. at 366*. Manifestly, the same result should here obtain.

**POINT II**

**ACEROS' MOTION TO
REMAND MUST BE DENIED**

Although Aceros erroneously contends that the claims asserted in this action are somehow outside the scope of the agreement to arbitrate, Aceros has failed to address the threshold issue raised on its motion to remand: whether the agreement to arbitrate "relates to an arbitration agreement or award falling under the Convention," as required by Section 205 of the

Convention. As to that issue, there is no dispute that (a) the Contract upon which Aceros bases its claim contains an agreement to arbitrate; (b) the agreement to arbitrate is between two foreign entities and affects international commerce; and (c) the designated place of arbitration (Geneva) is within a territory (Switzerland) that is a signatory to the Convention. Accordingly, the subject matter of this action "relates to an arbitration agreement or award falling under the Convention," such that the removal of the state court action was in all respects proper. 9 U.S.C. § 205.

As long as the subject matter of a dispute "relates to" an agreement to arbitrate that falls within the Convention, federal jurisdiction is proper whether or not the court ultimately determines to compel arbitration of the underlying claims. *Beiser v. Weyler,* 284 F.3d 665, 669 (5th Cir. 2002). As held by the Court in *Beiser,* the term "relates to" as set forth in Section 205 of the Convention is to be broadly construed in accordance with its plain meaning. The Court stated that plain meaning of "the phrase 'relates to' generally conveys a sense of breadth," and that, in its "normal sense," that term means "having a 'connection with' or 'reference to.'" *Id.*

Leaving no doubt as to the sweeping and expansive meaning of Section 205 of the Convention, the Court stated that "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." *Id.* (Emphasis in Original) The Court further stated that all that was required to "meet the low bar of 'relates to'" under Section 205 of the Convention was that the argument regarding the relationship between the matter in dispute and the agreement to arbitrate was "not completely absurd or impossible...." *Id.* Applying that plain meaning to the facts before it, the Court held that "[e]ven if Beiser is right on the merits that he cannot ultimately be

forced into arbitration, his suit at least has a 'connection with' the contracts governing the transaction out of which his claims arise." *Id.*

Here, Aceros' pleading not only refers to and discusses the terms of both the Contract and the agreement to arbitrate, but actually attached a copy of the Contract as Exhibit A to the First Amended Petition. (Colvin Aff., Exh. A) Accordingly, even Aceros believes that its claim for breach of the Contract, based upon the sale and delivery of material that it alleges was defective, "relates to" the Contract and the agreement to arbitrate contained therein. Simply put, any claim to the contrary would ignore the plain meaning of the agreement to arbitrate and Section 205 of the Convention, and would not withstand the scrutiny of the Court. Based upon the foregoing, Aceros' motion to remand should be denied.

**POINT III**

**DUFERCO'S MOTION TO COMPEL
ARBITRATION MUST BE GRANTED**

As previously discussed, *supra*, Point I, where the requirements of Section 205 of the Convention are met, the granting of a motion to compel arbitration is mandatory. *Sedco, supra,* 767 F.2d at 1145. Here, Aceros does not dispute that except for the existence of an agreement to arbitrate that embraces the claims asserted, all of the other elements required to be met under Section 205 have been satisfied. Because the claims for breach of the Contract asserted by Aceros fall squarely within the scope of the agreement to arbitrate, Duferco's motion to compel arbitration of all claims asserted by Aceros must be granted.

None of the cases cited by Aceros in its opposition to the motion to compel arbitration provide any support for the notion that the agreement to arbitrate contained in the Contract does not apply to the claims asserted by Aceros.[4] In particular, Aceros cannot point to a single authority which would remotely suggest that a broad arbitration clause which requires that "ANY CONTROVERSY ARISING OUT OF" the underlying agreement be submitted to arbitration, does not include the type of claim asserted by Aceros in this action. Duferco is unaware of any authority that would support such a dubious proposition.

Where, as here, the arbitration clause is clear and unambiguous, and obviously embraces the claims asserted by Aceros, the arbitration of such claims is mandated. Even if the question of arbitrability were "fairly debatable or reasonably in doubt" – and such is not the case – the court necessarily should decide the question of construction "in favor of arbitration." *Mar-Len, supra*, 773 F.2d at 635. Finally, the burden is on Aceros to demonstrate with "positive assurance" that the arbitration clause set forth in the Contract "is not susceptible of an interpretation that could cover the dispute at issue," something which Aceros has not done and cannot possibly do. *Id.*

Based on the foregoing, the conclusion is compelled that Duferco's motion to compel arbitration of all claims asserted by Aceros must be granted.

---

[4] For example, in *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069 (5th Cir. 2002), the issue to be determined was whether children who were non-parties to an arbitration agreement could be compelled to arbitrate a dispute involving defective mobile home, and whether the arbitration clause was unconscionable. In *OPE International LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 1069 (5th 2001), the issue was whether a Louisiana statute nullified an arbitration clause requiring arbitration in Texas. Neither these cases, nor any other cases relied upon by Aceros, involved a challenge to the scope of an arbitration clause.

## CONCLUSION

For each of the foregoing reasons, Duferco respectively requests that Aceros' motion to remand this action be denied, and that Duferco's motion to compel arbitration of all claims asserted by Aceros, and to dismiss this action, be granted.

Dated: April 4, 2004

                    Respectfully submitted,

                    RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

                    By: _____
                            Norton A. Colvin, Jr.
                            Attorney-in-Charge
                            State Bar No. 04632100
                            Southern Admissions No. 1941
                            1201 East Van Buren
                            Post Office Box 2155
                            Brownsville, Texas 78522
                            (956) 542-7441
                            Fax (956) 541-2170

                    and

                    Robert P. Stein
                    *Admitted Pro Hac Vice*
                    GREENBERG TRAURIG, LLP
                    885 Third Avenue
                    New York, New York 10022-4834
                    (212) 801-2100
                    Fax (212) 688-2449

                    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Response and Memorandum of Law In Opposition to Motion to Remand and In Further Support of Motion to Compel Arbitration was served upon all counsel of record, to-wit:

>David C. Garza
>Garza & Garza, LLP
>680 East St. Charles, Suite 300
>Post Office Box 2025
>Brownsville, Texas 78522-2025
>Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 2nd day of April, 2004.

_____
Norton A. Colvin, Jr.   w/ permission
MCBatour
SBOT 04631400