14

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 3 2004

Michael N. Milby
Clerk of Court

ACEROS Y LAMINADOS SIGOSA, S.A. DE C.V.,
Plaintiff

vs.

DUFERCO S. A. AND DUFERCO STEEL, INC.
Defendants

CIVIL ACTION NO. B-04-031
(Assigned to Hon. Hilda G. Tagle)

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION TO REMAND AND IN FURTHER SUPPORT OF THE MOTION TO COMPEL ARBITRATION**

TO: THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES the Plaintiff Aceros Y Laminados Sigosa, S. A. de C. V., at times hereinafter referred to as Plaintiff or Aceros and in reply to the Defendants' Response and Memorandum of Law in Opposition to the Plaintiff's Motion to Remand would respectfully submit the following reply to respond to new arguments or case authorities presented by the Defendants in their response.

## I.

## PRELIMINARY STATEMENT

Defendants Duferco now assert in their response that the arbitration language in the contract is a broad arbitration clause and attempt in their response to show this, but fail. Defendants never directly address the glaring differences between the standard language in the ICC arbitration clause and the arbitration clause in question, which the Defendants initially asserted followed the standard ICC language. The two are in fact much different as previously shown by Plaintiff. Defendants dismiss these obvious and significant distinctions by now stating on page 7 of their response that these "are

distinctions without any meaningful differences." Defendants do not present any different Fifth Circuit cases, which Plaintiff has cited such as Personal Security and Safety Systems Inc. vs. Motorola, 297 F. 2d 388 (Fifth Circuit, 2002), which discuss the differences in arbitration clauses which contain language such as; "related to" or "connected with" or "in connection with." Defendants attempt to get around the Fifth Circuit's clear holdings that allow this Honorable Court to determine whether a dispute in question falls within the scope of the arbitration clause; and therefore, whether an arbitration agreement then falls under the Convention. See, for example, Motorola, supra. Defendants also cite Saturn Distribution Corp. v. Paramount Saturn, Ltd. 326 F.2d 499 (Fifth Circuit 2003). Saturn reaffirms that a determination of whether the dispute in question is arbitrable is still required under all the Fifth Circuit holdings.

## II.

## THERE EXIST MEANINGFUL DISTINCTIONS IN CASES OVERLOOKED BY DEFENDANTS

Plaintiff is not suing for the value of the defective material, which was sold and delivered to it. Plaintiff's suit is for the consequential damages caused to it. This is a very clear distinction. Defendants now try to stretch the narrow arbitration clause in question into a broader arbitration clause by now in effect saying that the standard ICC clause, which uses the phrase "or in connection with" is somehow insignificant and a meaningless difference. Defendants cite several cases for the proposition that the clause in question is broad. There are some significant differences in the cases. For example, in the case of United Offshore Company v. Southern Deepwater Pipeline Co. 899 F.2d 405 (Fifth Circuit, 1990) the arbitration clause read "any controversy or claim between United Offshore and Southern Deepwater arising out of the interpretation of the provisions of this agreement shall be settled by arbitration." See, United Offshore, supra, at page 408. The arbitration clause in question between Aceros and Duferco does not use the word "interpretation" and does not require arbitration of the interpretation of the provisions of the agreement. This is a matter still for determination by this Honorable Court. In United Offshore, supra, the Fifth Circuit upheld the granting of a preliminary injunction to enjoin arbitration after the District Court's denial of a

motion to compel arbitration. The Fifth Circuit in _United Offshore_, _supra_, noted at page 408:

> We must also be mindful, however, that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T, 475 U.S. at 648, 106 S. Ct. at 1418 (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., U.S. 574, 582, 80 S. Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960).

The Fifth Circuit went on to note at page 409:

> The power of an arbitrator, unlike that of a judge, is limited by the provisions in which the parties agree to arbitrate. The parties "cannot be required to submit to arbitration any dispute which [they have] not agreed so to submit." AT&T, 475 U.S. at 648, 106 S. Ct. at 1418 (citations omitted). When the parties agree to a broad arbitration provision, they can agree that matters which are not resolved by the contract are to be settled by arbitration. In Texaco, Inc. v. American Trading Trans. Co., 644 F. 2d 1152 (5th Cir. 1981), for example, a collision occurred between a chartered vessel and a dock which belonged to the vessel owner. We noted that the parties could have agreed to submit the matter to arbitration by agreeing to arbitrate all disputes involving the vessel. The parties chose, however, to arbitrate only disputes arising out of the charter agreement. Since the contract did not govern the tort, the dispute was not arbitrable.

In the instant case, Plaintiff's claim for consequential damages is not part of the "controversy arising out of the present contract." The arbitration clause in question does not say "any controversy arising out of the steel" or the product sold herein or anything of that nature. It limits itself to "any controversy arising out of the present contract," such as: quantity and quality and the specific terms therein, which are addressed by Plaintiff in its prior pleadings.

The case of _Sedco Inc.v. Petroleos Mexicanos (PEMEX), 767 F.2d 1140 (Fifth Circuit 1985)_ is cited by the Defendants and also cited by the Plaintiff in its motion to remand and response to Defendants' motion to compel arbitration. The arbitration clause in _Sedco_ at page 1144 stated, "any dispute or difference between the parties arising out of this charter." It used the words dispute and difference. The arbitration

clause in question between Aceros and Duferco uses the word controversy. More importantly and significantly, the Fifth Circuit in _Sedco_, noted on page 1144 and 1145 the following in discussing whether there is an agreement to arbitrate the dispute the Court noted the following, including footnote 10:

> 1) is there an agreement in writing to arbitrate the dispute; in other words, *1145 is the arbitration agreement broad or narrow; [FN10]
> FN10. As the court in Prudential Lines, Inc. v. Exxon Corp., 704 F.2d 59, 64 (2d Cir. 1983) said:
> [s]imply stated, a court should compel arbitration, and permit the arbitrator to decide whether the dispute falls within the clause, if the clause is "broad." In contrast, if the clause is "narrow,' arbitration should not be compelled unless the court determines that the dispute falls within the clause. Specific words or phrases alone may not be determinative although words of limitations would indicate a narrower clause. The tone of the clause as a whole must be considered.

The Court noted that it is important that the tone of the clause must be considered. In _Sedco_, the Court noted that the parties anticipated a possible blow out of the well and the agreement contained several examples that this was contemplated. See the discussion of some of this in footnote 11, in _Sedco_, _supra_ at page 1145 such as: loss or damage arising from pollution or contamination, referring to a possible well blow out and so forth. In the contract in question in which the arbitration clause between Aceros and Duferco is found, there is nothing that would lead one to believe that the agreement to arbitrate "any controversy arising out of the present contract" is anything other than that. It does not cover any future torts or consequential damages, which could occur. It provides for a limited period to file claims involving quality or quantity, as noted by Plaintiff in its prior pleadings. There is none of the detail that was in _Sedco_. In fact, it is clear from the entire contract and the tone of the clause that it is limited only to the present contract and there is limiting language in the contract and in the clause or arbitration section itself between Aceros and Duferco.

Defendants cite the case of _Mar-Len of Louisiana v. Parsons-Gilbane, 773 F.2d 633 (Fifth Circuit 1985)_ therein referring to the cite from the case of National Railroad Passenger Corporation. However in _Mar-Len,_ there appears to have been a broad

arbitration clause covering all disputes involving "the interpretation, application or implementation of a contract." See Mar-Len at page 636. Nothing in the arbitration clause in question here says that the interpretation of the contract is to be left to the arbitrator. It has clearly been shown in Plaintiff's prior pleadings that this is a decision within the determination of this Honorable Court.

Defendants also cite the case of Complaint of Hornbeck Offshore vs. Coastal Carriers Corporation, 981 F. 2d 752 (Fifth Circuit 1993). Defendants gloss over the language in Hornbeck as they do in other cases to suggest that somehow the arbitration clause in Hornbeck appear to be exactly what is in the arbitration clause in question, which is not the situation. Again, the important phrase in the arbitration clause in question between Aceros and Duferco says "any controversy arising out of the present contract." The arbitration clause in Hornbeck apparently provided the following language as noted in the opinion at page 753.

> The Coastal/Hornbeck towage agreement contained an arbitration clause, providing that "[s]hould any dispute arise between [them], the matter in dispute shall be referred to [arbitration]".

The clause in Hornbeck did not limit it to the present contract. The Court in Hornbeck at page 755 noted the following:

> We have held that arbitration clauses containing the "any dispute" language, such as the one presently before us, are of the broad type. See Sedco, 767 F.2d at 1144 (clause governed "any dispute or difference between the parties") Mar-Len, 773 F.2d at 634 (clause governed "any dispute... with respect to the interpretation or performance of" the contract).

Duferco's clause uses the word controversy and not dispute. The clause in Hornbeck is not limited to the "present contract". As one reviews the cases and compares them, the arbitration clause between Aceros and Duferco certainly is a narrow clause when considered in its entirety.

Defendants on page 8 attack the Plaintiff's citing of the case Dahita v. Talmidge International Ltd., 2002 WL 31962151 (N.D. Tex. Aug. 7, 2003). This case is cited for the proposition that if any of the four factors required to compel arbitration under the

Convention are missing, then the case must be remanded, which is what occurred in Dahita. Here the Defendants have failed to meet the first of the four factors, because the arbitration clause does not cover this particular dispute.

Aceros relies upon *Continental Insurance Co., v. Jantran Inc.,* 906 F. Supp. 362 (E.D. La. 1995). The *Continental* case language said "all disputes arising out of or in connection with." According to the Duferco Defendants, the phrase "or in connection with" is meaningless and therefore by glossing over that language say that the case is irrelevant. On the contrary, this case is just another example of where the failure of Duferco to include the additional phrase "or in connection with" has turned the Aceros/Duferco clause into a narrow clause, taking the entire tone of the contract and the various limitations therein.

To summarize, it has been clearly shown in the prior two pleadings filed by the Plaintiff that the arbitration clause in question does not use language such as: "relating to," "connected with" or "in connection with." It is the most narrow language that can be used by saying "Any controversy arising out of the present contract." The "present contract" is limiting language. The word "present" limits the word contract. The obvious exclusion of phrases such as: "relating to," "connected with" or "in connection with" are not just meaningless distinctions. Even the ICC includes such a phrase of "or in connection with" in its standard clause. Obviously, the ICC does not consider the phrase "or in connection with" meaningless since it has inserted it into its standard clause, which Defendants now seek to cast aside. Defendants originally said the arbitration clause tracked the standard ICC clause and now that the Plaintiff has shown that the clause in question does not track the standard ICC clause, Defendants have conveniently referred to it as distinctions without any meaningful differences.

## IV.

## PROCEDURAL DISTINCTIONS IN BEISER CASE

The Duferco Defendants also cite the case of *Beiser v. Weyler*, 284 F.3d 665 (Fifth Circuit 2002) and discuss how it supposedly helps the Defendants. Procedurally the case in *Beiser*, is much different from what is taking place in the instant case. In *Beiser* the Fifth Circuit Court noted at page 667 the following:

> [1] Beiser moved to remand to state court. He did not contest that the arbitration agreements "fall[ ] under the Convention" within the meaning of §205. Instead, he insisted that he was not a party to those agreements.

The Fifth Circuit noted further at page 667:

> The district court denied Beiser's motion to remand without opinion. Beiser did not file a response to Huffington's motion to compel arbitration. The district court granted that motion, and Beiser now appeals. On appeal, as in the district court, Beiser insists that he challenges only the subject matter jurisdiction of the federal courts under §205, not the merits of the motion to compel arbitration. [FN5]

Unlike the Plaintiff in *Beiser*, here the Plaintiff not only has filed a motion to remand but has filed a response in opposition to the motion to compel arbitration. Under both pleadings, the Plaintiff respectfully submits that the claims asserted by it do not fall under the arbitration clause in question; and therefore, do not fall under the Convention. Procedurally, the issues are being presented in a much different light. The Court in *Beiser* recognized that the arbitration agreement still needs to fall under the Convention.

The first factor under the Fifth Circuit holdings dealing with the Convention is that the arbitration clause fall under the Convention. One cannot overlook the requirements of *Sedco* and the numerous Fifth Circuit cases afterwards that the first factor to consider is the determination that there is an agreement to arbitrate the particular dispute in question. Defendants have totally failed to show that the dispute and claims raised by the Plaintiff are covered by the arbitration clause in question, other than to now assert that the obviously narrow restrictive clause is somehow a broad clause and disregard all the cases referring to the importance of phrases such as, "in connection with" "relating to" or "connected with" as somehow meaningless distinctions. There is nothing that would lead one to believe that the agreement to arbitrate "any controversy arising out of the present contract" is anything other than that. It does not cover any future torts or consequential damages, which could occur. Again, the clause in question provides for a limited period of time to submit claims involving quality or quantity. There is none of the detail that existed in *Sedco*. This is a decision solely within the purview of this

Honorable Court. Defendants have made a futile effort to now take a narrow clause and expand it.

V.

**NO PAROL EVIDENCE**

Lastly, Defendants' suggestion that the affidavit of Gustavo Elizondo is inadmissible parol evidence and an effort by Plaintiff to rewrite the arbitration clause are misplaced and inaccurate. Defendants do not dispute that the arbitration clause in question was prepared by the Defendants. Plaintiff again respectfully submits that this Court's review of the arbitration clause in question, when compared with the standard ICC arbitration clause which has additional language with the phrase "or in connection with" and with numerous Fifth Circuit cases such as Motorola, supra, clearly shows that the Aceros/ Duferco clause is narrow and does not cover the claims made by the Plaintiff. The Court may admit evidence as to the facts and circumstances surrounding the contract's execution. This in part was the purpose of the exhibit submitted by Plaintiff attached to the Plaintiff's response in opposition to the Plaintiff's motion to compel arbitration. The arbitration clause is clear when one considers its tone that it is narrow, limited to the present contract, not covering other matters such as; Plaintiff's claims here. The clause between Aceros and Duferco relates only to the present contract and there is limiting language in the contract and in the arbitration clause itself between Aceros and Duferco. The arbitration clause between Aceros and Duferco is clear and unambiguous. It is narrow and does not cover the claims brought by the Plaintiff.

VI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Aceros y Laminados Sigosa, S. A. de C. V. respectfully requests the following relief:

1 - That the Plaintiff's motion to remand be granted.

2 - That in the alternative, the Defendants' motion to compel arbitration be denied.

3 - Any other relief to which the Plaintiff may be entitled to either in law or in equity.

Respectfully Submitted,
**ACEROS Y LAMINADOS SIGOSA, S. A. DE C. V., Plaintiff**

By: [signature]

David C. Garza
Texas State Bar ID No. 0731400
Southern District Federal Admission No. 3778
GARZA & GARZA,L.L.P.
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, Texas 78522-2025
Telephone: (956) 541-4914
Facsimile: (956) 542-7403
Attorney-In-Charge for Plaintiff
**ACEROS Y LAMINADOS SIGOSA, S. A. DE C. V.**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO REMAND IN FURTHER SUPPORT OF THE MOTION TO COMPEL ARBITRATION** was served on the following counsel of record, as follows on April 13, 2004.

Norton A. Colvin, Jr.
Rodriguez, Colvin, Chaney & Saenz, LLP
P.O. Box 2155
Brownsville, Texas 78522

Via Certified Mail/RRR
No. 7003 1010 0003 6965 0151

Robert P. Stein
Greenberg Traurig, LLP
885 Third Avenue
New York, New York 10022-4834

Via Certified Mail/RRR
No. 7003 1010 0003 6965 0144

David C Garza
DAVID C. GARZA