**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **ACEROS Y LAMINADOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. B-04-31** |
| | § | |
| **DUFERCO S.A. de C.V., ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

BE IT REMEMBERED that on September 30, 2004, the Court **GRANTED** Defendants' Motion to Compel Arbitration [Dkt. No. 3], and **DENIED** Plaintiff's Motion to Remand [Dkt. No. 8]. The Court **DISMISSES** this case.

### I. Procedural and Factual Background

This action was originally filed on Sept. 8, 2003, in the 357th Judicial District Court in Cameron County, Texas. Defendants removed this case pursuant to the Federal Arbitration Act ("FAA") and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention Act"). *See* 9 U.S.C. §§ 202, 203 & 205. Defendants seek an order compelling arbitration of all claims asserted in this action before the International Chamber of Commerce ("ICC") in Geneva, Switzerland and dismissal of the action.

This case involves a contract for the sale of "prime hot rolled steel billets" in which Plaintiff was the buyer and Defendant Deferco S.A. de C.V. was the seller. The billets were delivered to the Port of Brownsville, and Plaintiff took possession of the billets. Plaintiff alleges Defendants breached the warranty because the steel billets were defective and unusable for the purposes for which they were intended. Plaintiff argues the steel billets were allegedly not fit for the ordinary purpose for which the

1

billets are used.  As a result of using the defective billets, Plaintiff in turn produced defective finished products, which were "transformed in its mills," and which were rejected and returned by Plaintiff's customers.  The contract of sale governs the quantity and quality of the steel billets, the price, destination for delivery, payment arrangements, and other specifics governing the sale of the steel billets.  See Pl's First Amended Original Petition, Ex. A.

## II. Analysis

Plaintiff attaches the contract to its original petition, and it bases its statement of the state court's jurisdiction on the fact that the contract at issue was partly performable in Texas.  Additionally, Plaintiff references delivery of the billets under the contract, and Plaintiff cites the arbitration clause contained in the contract, which is now the subject of dispute.  The arbitration clause states,

> The parties will endeavor to the fullest extent to settle **any controversies arising out of the present contract** in an amicable way.  In case it is not possible to find an amicable settlement, then the controversy will be resolved through arbitration to be conducted in accordance with conciliation and arbitration rules of the International Chamber of Commerce.  Place of Arbitration: Geneve [sic].  The award of the arbitrators shall be final and binding on the parties (emphasis added) (hereinafter "Agreement to Arbitrate").

Id. § 15.

Interestingly, in its petition, Plaintiff argues the arbitration clause does not apply. But, Plaintiff *does not* argue the breach of warranty claim falls outside of the contract or the arbitration clause.  Plaintiff mentions nothing of the language of the arbitration clause.  Rather, Plaintiff argues the clause should not apply because it is

> ambiguous because it says "the controversy will be resolved through arbitration to be conducted in accordance with the conciliation and arbitration rules to the International Chamber of Commerce."  Without limitation, this clause is ambiguous because it says the arbitration will use the rules of the International Chamber of Commerce, but does not say the International Chamber of Commerce will conduct the arbitration.  Because the contract was prepared by Defendants and is on Defendants' form, any ambiguity should be resolved in Plaintiff's favor.

Pl's Original Petition, ¶ 8.

The above arbitration clause differs from the standard ICC Arbitration Clause. The ICC recommends that parties wishing to make reference to ICC arbitration in their contracts use the standard clause, which states:

> ***All disputes arising out of or in connection with the present contract*** shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with said Rules.

Def's Motion to Compel, Ex. D at p. 4.

The Convention Act states, "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206. The Court's determination concerning whether a controversy or dispute falls under the Convention requires a very limited jurisdictional inquiry of whether: (1) a written agreement to arbitrate governs the subject of the dispute; (2) the agreement to arbitrate provides for arbitration in the territory of a signatory of the Convention; (3) the agreement to arbitrate arises out of a legal relationship that is commercial; and (4) a party to the agreement is not an American citizen *or* the commercial relationship has some reasonable relation with one or more foreign states such that arbitration under the Convention is appropriate. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002). "If the requirements are met, the Convention requires district courts to order arbitration." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144-45 (5th Cir. 1985) (laying out the limited inquiry a court must engage in to determine the propriety of arbitration under the Convention). The question of whether the arbitration agreement falls under the Convention Act will normally prove easy, and this limited inquiry will not ordinarily require a "merits-like investigation by the district court." *Beiser*, 284 F.3d at 672 n. 7.

Only the first of the four tests is disputed–that is, whether a written agreement to arbitrate governs the subject of the dispute. In oral argument at the initial pretrial conference, Defendants largely relied on the case *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002) to support their argument that the arbitration clause at issue should be construed broadly so as to encompass Plaintiff's breach of warranty claim. *Beiser* does

3

not help defendants because it discusses only whether this Court has jurisdiction to determine whether Plaintiff's claim falls within the parameters of the arbitration clause. "[W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit. Thus the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Id.* at 669. Indeed, the Appeals Court in *Beiser* stated several times throughout the opinion that *only* the question of jurisdiction was before the Court and *not* the merits of the district court's decision to compel arbitration. *See id.* at 668 & n. 5 ("At oral argument before this panel, Beiser's attorney confirmed that he contests only the court's § 205 jurisdiction. We therefore consider only whether the district court had removal jurisdiction, and not whether it properly compelled arbitration on the merits,"); *see also id.* at 675 ("We hold only that the subject matter of Beiser's lawsuit 'relate[d] to' an arbitration agreement falling under the Convention, and that the district court therefore had jurisdiction to render its decision.").

A close reading of even Plaintiff's Motion to Remand and its responses to Defendants' Motion to Compel Arbitration reveals that Plaintiff too does not dispute this Court's jurisdiction to determine whether Plaintiff's claim falls within the arbitration agreement–nor, could it. Sections 203 and 205 of the Convention Act are plain:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before trial thereof, remove such action or proceeding. . . . The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

Furthermore, section 203 of the Convention Act states,

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

*Beiser* did not discuss the specific language of the arbitration agreement at

4

issue. Rather, the court stated, "[w]e interpret statutes according to their plain meaning, and the plain meaning of the phrase 'relates to' sweeps broadly enough to encompass the relationship between the arbitration clauses in the agreements and Beiser's suit." 284 F.3d at 669. Furthermore, the Court stated "[t]he Supreme Court has described the 'normal sense' of the phrase 'relates to' as having a 'connection with' or 'reference to.'" *Id.* This entire discussion took place in the context of whether the district court had jurisdiction to compel arbitration. In this respect, the "relates to" provision in section 205 is very broad, and quite simply is not at issue in this case. As in *Beiser*, the parties do not contest that the arbitration agreement is governed by the Convention within the meaning of section 205. Instead, Plaintiff in this case argues the arbitration agreement is narrow and as such does not cover his breach of warranty claim.

### A. Language of the Arbitration Agreement

"Arbitration is a matter of contract between the parties, and a court cannot compel a party to arbitrate a dispute unless the court determines the parties agreed to arbitrate the dispute in question." *Penzoil Exploration and Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998). Determining whether the dispute in question falls under the arbitration agreement requires a two-part analysis: (1) does a valid agreement to arbitrate exist between the parties; and (2) does the dispute at issue fall within the scope of the arbitration agreement. *See id.* at 1065; *see also Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993). Furthermore, whether a particular dispute is covered by the arbitration agreement is a proper determination for the court to make, rather than the arbitrator. *See Penzoil*, 139 F.3d at 1066 (citations omitted). This Court's task is simply to determine whether the arbitration agreement at issue governs Plaintiff's dispute. The Court does not delve into or determine the merits of the dispute. *See id.*

Although there is a general policy favoring arbitration, a clause that is considered narrow will not induce the Court to order arbitration. Plaintiff raises two arguments concerning the language of the arbitration clause: (1) the clause is more narrow than the standard ICC clause because the arbitration agreement speaks of controversies where the ICC clause speaks of disputes; and (2) the clause does not contain any

5

language such as "in relation to" or "in connection with" or other similar language where the ICC clause does contain this language.

The Fifth Circuit and the Supreme Court have categorized language such as "[a]ny dispute, controversy or claim arising out of or in relation to or in connection with this Agreement . . ." as broad and "capable of expansive reach." *Penzoil*, 139 F.3d 1061. *See also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397-98 (1967) (describing as broad a clause containing language stating "[a]ny controversy or claim arising out of or relating to this Agreement"); *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164-65 (5th Cir. 1998) (interpreting broadly the clause "[a]ny dispute . . . arising out of or in connection with or relating to this Agreement"). Conversely, however, "courts distinguish 'narrow' arbitration clauses that only require arbitration of disputes 'arising out of' the contract from broad arbitration clauses governing disputes that 'relate to' or 'are connected with' the contract." *Penzoil*, 139 F.3d at 1067 (citing *e.g., Tracer Research Corp. v. National Envtl. Svcs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994)). In *Tracer*, the Ninth Circuit discussed the importance of the "relating to" language or similar language indicating an arbitration agreement is broad in scope. In reviewing an earlier case, the *Tracer* Court stated "we found an arbitration clause that covered disputes 'arising under' an agreement, but omitted reference to claims 'relating to' an agreement, covered only those disputes 'relating to the interpretation and performance of the contract itself.'" *Tracer*, 42 F.3d at 1295 (citing *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983). Furthermore, "[t]he 'arising out of' language is of the same limited scope as the 'arising under' language in *Mediterranean Enterprises*." *Tracer*, 42 F.3d at 1295 (citing *Texaco, Inc. v. American Trading Transp. Co.*, 644 F.2d 1152 (5th Cir. 1981)) (other citations omitted). "The omission of the 'relating to' language is 'significant.'" *Tracer*, 42 F.3d at 1295 (citing *Mediterranean Enterprises*, 708 F.2d at 1464). Indeed, the cases cited by Defendants in their Motion to Compel Arbitration included "in relation to" or "in connection with" language. *See* Defs' Motion to Compel Arbitration, at p. 6 (*citing Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 443 (3d Cir. 2003) ("arising in connection with"); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir.

6

1999) ("arising in connection with"); *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 318 (4th Cir. 1988) ("arising in connection with").

Defendants argue the "any controversies" language in the arbitration agreement connotes a broad agreement. Although the Court agrees with Defendants that the warranty claim is arbitrable under the agreement, the Court does not view this arbitration agreement to encompass any controversy that is possibly in connection with the contract because the agreement lacks wording such as "in connection with" or "relating to." Nevertheless, an arbitration clause that contains the language "any controversies" is considered somewhat broad. *See Saturn Distibution Corp. v. Paramount Saturn, Ltd.*, 326 F.3d 684, 687 (5th Cir. 2003) ("'when parties choose [broad arbitration provisions such as 'any controversy or claim arising of or relating to this agreement]', only the most forceful evidence of a purpose to exclude the claim from arbitration would render the dispute non-arbitrable'"); *Sedco*, 767 F.2d at 1144 (language such as "any dispute" is broad); *see also In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993). "[W]henever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *Mar-Len of La., Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985). Moreover, "[t]he weight of this presumption is heavy." *Id.* at 636. "[A]rbitration should not be denied 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue.'" *Id.*

Regardless of any distinctions between "arising out of" and "in relation to" language in an arbitration agreement, the warranty claim in this case is a "controvers[y] arising out of the present contract."   The contract is referenced and attached to the petition because the warranty of merchantability arises from the fact that the parties entered into a commercial agreement for the sale of steel billets. Only controversies or disputes not arising from the contract would not be covered by the arbitration agreement. Where the contract contains an arbitration agreement, there exists a presumption of arbitrability. In light of this heavy presumption and the federal policy of favoring arbitration, the Court finds the arbitration clause is sufficiently broad to cover

7

the warranty of merchantability claim here, which involves the same parties and subject of the contract.  The claim thus is *a controversy that arises out of the present contract.*

### III.  Conclusion

The Court **GRANTS** Defendants' Motion to Compel Arbitration [Dkt. No. 3], and **DENIES** Plaintiff's Motion to Remand [Dkt. No. 8].  The Court **DISMISSES** this case.

DONE this 30th day of September, 2004 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

8